UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| ADAM S. LEVY on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>     v.<br><br>THOMAS GUTIERREZ, RICHARD J. GAYNOR, RAJA BAL, J. MICHAL CONAWAY, KATHLEEN A. COTE, ERNEST L. GODSHALK, MATTHEW E. MASSENGILL, MARY PETROVICH, ROBERT E. SWITZ, NOEL G. WATSON, THOMAS WROE, JR., MORGAN STANLEY & CO. LLC, GOLDMAN, SACHS & CO., AND CANACCORD GENUITY INC.,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>NO. 1:14-CV-00443-JL |

## REPLY MEMORANDUM IN SUPPORT OF
## DEFENDANTS HOIL KIM AND DANIEL SQUILLER'S MOTION TO DISMISS

Brian J.S. Cullen, Bar No. 11265
**CULLENCOLLIMORE, PLLC**
10 East Pearl Street
Nashua, NH 03060
Tel: (603) 881-5500
bcullen@cullencollimore.com

Jordan D. Hershman (admitted *pro hac vice*)
Jason D. Frank (admitted *pro hac vice*)
William R. Harb (admitted *pro hac vice*)
Emily E. Renshaw (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110-1726
Tel: (617) 951-8455
Fax : (617) 951-8736
jordan.hershman@morganlewis.com
jason.frank@morganlewis.com
william.harb@morganlewis.com
emily.renshaw@morganlewis.com

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ........................................................................................................................ 1

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .............................................................................................................................. 1

I.      PLAINTIFFS' SECTION 10(B) CLAIMS
AGAINST MR. KIM SHOULD BE DISMISSED............................................................ 1

      A.     Plaintiffs Have Failed To Allege
That Mr. Kim Was The "Maker" Of Any Alleged Misstatement.......................... 2

      B.     Plaintiffs Have Failed To Allege That Mr. Kim
Made Any Statement With The Requisite Scienter ................................................ 5

II.     PLAINTIFFS' "CONTROL PERSON" CLAIMS
AGAINST MESSRS. KIM AND SQUILLER SHOULD BE DISMISSED .................... 6

CONCLUSION ........................................................................................................................... 9

## TABLE OF AUTHORITIES

CASES                                                                                        PAGE(S)

Aldridge v. A.T. Cross Corp.,
    284 F.3d 72 (1st Cir. 2002)...................................................................................8

Belmont v. MB Inv. Partners, Inc.,
    708 F.3d 470 (3d Cir. 2013)................................................................................8

Boguslavsky v. Kaplan,
    159 F.3d 715 (2d Cir. 1998)................................................................................8

In re Cabletron Sys., Inc.,
    311 F.3d 11 (1st Cir. 2002)................................................................................4

CLAL Fin. Batucha Invs. Mgmt., Ltd. v. Perrigo Co.,
    No. 09-cv-2255, 2010 WL 4177103 (S.D.N.Y. Oct. 7, 2010)..................................4

In re DVI, Inc. Sec. Litig.,
    No. 03-cv-05336, 2010 WL 3522086 (E.D. Pa. Sept. 3, 2010)................................4

In re Enron Corp. Secs. Deriv. & ERISA Litig.,
    258 F. Supp. 2d 576 (S.D. Tex. 2003) ......................................................................4

Greebel v. FTP Software, Inc.,
    194 F.3d 185 (1st Cir. 1999)............................................................................5, 6

Janus Capital Grp., Inc. v. First Derivative Traders,
    131 S. Ct. 2296 (2011)..................................................................................... *passim*

Lenartz v. Am. Superconductor Corp.,
    879 F. Supp. 2d 167 (D. Mass. 2012) ......................................................................4

In re Novell, Inc. S'holder Litig.,
    No. 10-cv-12076, 2012 WL 458500 (D. Mass. Feb. 10, 2012)...........................7, 8

In re Oxford Health Plans, Inc.,
    187 F.R.D. 133 (S.D.N.Y. 1999) ......................................................................4

Patel v. Axesstel, Inc.,
    No. 14-cv-1037, 2015 WL 631525 (S.D. Cal. Feb. 13, 2015)..................................4

SEC v. Brown,
    878 F. Supp. 2d 109 (D.D.C. 2012) ......................................................................3

SEC v. China Ne. Petroleum Holdings, Ltd.,
    27 F. Supp. 3d 379 (S.D.N.Y. 2014)......................................................................4

SEC v. e-Smart Techs., Inc.,
    31 F. Supp. 3d 69 (D.D.C. 2014) ............................................................................3

Shaw v. Dig. Equip. Corp.,
    82 F.3d 1194 (1st Cir. 1996) ...................................................................................5

In re Tyco Int'l, Ltd.,
    2007 DNH 073, 2007 WL 1687775 (D.N.H. June 11, 2007) ...............................7, 8

## INTRODUCTION

Defendants Hoil Kim and Daniel Squiller submit this Reply Memorandum of Law in Support of their Motion to Dismiss the Consolidated Complaint (the "Complaint" or "CC") in its entirety, with prejudice.[1]

## PRELIMINARY STATEMENT

Plaintiffs' Opposition Brief[2] underscores the weakness of its claims against Messrs. Kim and Squiller.  As to Mr. Kim, Plaintiffs fail sufficiently to demonstrate that he was the "maker" of any challenged statement.  See infra 2-4.  That is, Plaintiffs ignore the "ultimate authority" analysis required by the Supreme Court's ruling in Janus Capital Group, Inc. v. First Derivative Traders, 131 S. Ct. 2296, 2302 (2011).  Further, Plaintiffs fail to cite a single decision that actually supports their novel theory that imposes liability for merely signing a transmittal Form 8-K that attaches a press release containing statements attributed to others.  Plaintiffs also fail to identify specific factual allegations giving rise to a strong inference that Mr. Kim acted with scienter.  See infra 5-6.  For these independent reasons, Plaintiffs' Section 10(b) claims against Mr. Kim should be dismissed.

Plaintiffs' "control person" liability claims against Messrs. Kim and Squiller should also be dismissed.  In their Opposition Brief, Plaintiffs cite the wrong legal standard and apply irrelevant facts to that standard.  Having failed to satisfy the actual elements of "control person" liability, these secondary liability claims should be dismissed as well.

## ARGUMENT

### I.   PLAINTIFFS' SECTION 10(B) CLAIMS AGAINST MR. KIM SHOULD BE DISMISSED.

As Mr. Kim demonstrates in his Moving Brief, Plaintiffs' Section 10(b) claims must be

---

[1] Capitalized terms used but not defined herein shall have the meaning given to them in the Memorandum of Law in Support of Defendants Kim and Squiller ("Kim & Squiller MB").

[2] Plaintiffs' Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss ("OB").

1

dismissed because Plaintiffs: (1) have failed to allege that he was the "maker" of any alleged misstatement; and (2) have failed to allege that he made any statement with scienter.  See Memo. of Law in Support of Defendants Hoil Kim and Daniel Squiller's Motion to Dismiss ("Kim & Squiller MB") 2-12.  The Opposition Brief fails adequately to respond to either of these arguments.

### A. Plaintiffs Have Failed To Allege That Mr. Kim Was The "Maker" Of Any Alleged Misstatement.

Plaintiffs effectively concede that their claims against Mr. Kim are based solely on the fact that he signed several Forms 8-K.  See OB 69.[3]  In his Moving Brief, Mr. Kim argued that, under Janus Capital Group, Inc., he cannot be held liable as the maker of statements in a press release, attributed to others, which were attached to a transmittal Form 8-K.  MB 3-7.  In their Opposition Brief, Plaintiffs fail to identify a single case, let alone a case applying the Janus analysis, in which a court has held a corporate actor liable for statements attached to a transmittal Form 8-K, merely on the ground that he signed the transmittal Form 8-K.

As Plaintiffs do not contest, the Supreme Court in Janus held that an individual is the maker of a statement only when he possesses "ultimate authority over the statement, including its content and whether and how to communicate it."  131 S. Ct. at 2303.  It further observed that the mere preparation or publication of a statement on behalf of another does not render a person the statement's maker, and "attribution within a statement . . . is strong evidence that a statement was made by – and only by – the party to whom it is attributed."  Id.

Plaintiffs have no response to Janus, other than to stress that the Forms 8-K that Mr. Kim signed "incorporate[] herein by reference" the attached press releases.  But Plaintiffs fail to address the point that corporate counsel are required to file Forms 8-K, which are permitted to incorporate by reference their attachments.  See Kim & Squiller MB 5-6; see also SEC, Current

---

[3] Plaintiffs have no response to the fact that, contrary to the Plaintiffs' incorrect allegations, Mr. Kim did not, in fact, sign the press releases attached to Forms 8-K, as the documents on which Plaintiffs rely demonstrate.  See Kim & Squiller MB 4-5.

Report (Form 8-K), General Instructions B & F (2016).  Nor do Plaintiffs have any answer to the fact that Plaintiffs themselves allege that another defendant, and not Mr. Kim, made the statements that they challenge, or the fact that the actual press releases on which Plaintiffs rely attributed the challenged statements to others, and not Mr. Kim.  Kim & Squiller MB 7, Apps. E, O, R, and W.  Thus, Plaintiffs' own allegations doom their claim against Mr. Kim.

Instead, Plaintiffs merely assert that the Janus test is satisfied by the simple act of signing a Form 8-K.  The sum total of Plaintiffs argument on this point is as follows:  "By signing the Forms 8-K, attesting to their accuracy, and filing them with the SEC, there is no question that Kim had 'ultimate authority' over and 'made' the statements."  OB 71.  No case cited by Plaintiffs supports that bare claim.

The Opposition Brief cites only two cases decided after Janus in which the court even reached the issue of whether the defendant was the "maker" of a statement, and both are readily distinguishable.  In SEC v. e-Smart Technologies, Inc., the SEC brought suit against a CEO and a Chief Technology Officer who allegedly misrepresented to investors in Forms 10-KSB that the Company's "smart cards" had capabilities that they did not.  31 F. Supp. 3d 69, 74 (D.D.C. 2014).  Proceeding pro se, the CEO and CTO filed motions to dismiss, arguing, "in essence," that the SEC "[got] the facts of the case wrong."  Id.  Denying defendants' motions to dismiss, the Court explained, among other things, that the defendants "made" the alleged misrepresentations where they "signed 10-KSBs containing false statements." By contrast, here Mr. Kim signed only transmittal Forms 8-K, which attached press releases containing statements attributed to others.  Id. at 80.  In short, e-Smart is inapposite.

Plaintiffs' reliance upon SEC v. Brown, 878 F. Supp. 2d 109 (D.D.C. 2012) is similarly misplaced.  In Brown, the SEC brought securities fraud claims against, among others, the CFO of a company (not corporate counsel), who signed annual reports (i.e., Forms 10-K, not Forms 8-K) that failed to disclose that an employee who had previously pled guilty to securities fraud was one of its de facto officers, in violation of his plea agreement.  See id. at 111-13.  In denying defendants' motion for summary judgment, the court observed that whether an officer signs a

statement is only one piece of evidence to be considered in determining whether a person has "ultimate control" over a statement:  "Such control may be evidenced by 'attribution within a statement' or 'surrounding circumstances,' including the signing of SEC filings."  Id. at 116 (quoting Janus, 131 S. Ct. at 2302).  The challenged press releases here expressly attribute the challenged statements to other individuals, not Mr. Kim, and Plaintiffs allege that others made those statements.  See Kim & Squiller MB 7.

Plaintiffs' other case law is likewise not on point.  The Opposition Brief cites five cases that were decided prior to the Supreme Court's seminal decision in Janus, and none of them consider whether signing transmittal Form 8-K (let alone a transmittal Form 8-K that attaches statements attributed to others) constitutes the making of a statement.[4]  In the remaining cases, the courts never decided whether the defendants were the "makers" of the statements, apparently because that argument was not before those courts.[5]

It should come as no surprise that Plaintiffs could not find a single case on point, given the absurd result that would follow should Plaintiffs' claims against Mr. Kim survive the instant motion — i.e., that in every future securities case premised on a press release, not only would the maker of the statement face liability, but so too would corporate counsel or other corporate agent who merely performed the task of transmitting it to the SEC in the manner directed by the SEC rule.  See id. at 6.  Were this Court to so hold, it would be the first court to do so, and the ruling would run counter to controlling Supreme Court law in Janus.  In sum, nothing in the Opposition

---

[4] See In re Cabletron Sys., Inc., 311 F.3d 11, 41 (1st Cir. 2002) (decided prior to Janus); In re DVI, Inc. Sec. Litig., No. 03-cv-05336, 2010 WL 3522086, at *16-17 (E.D. Pa. Sept. 3, 2010) (same); CLAL Fin. Batucha Invs. Mgmt., Ltd. v. Perrigo Co., No. 09-cv-2255, 2010 WL 4177103 (S.D.N.Y. Oct. 7, 2010) (same); In re Enron Corp. Secs. Deriv. & ERISA Litig., 258 F. Supp. 2d 576 (S.D. Tex. 2003)(same); In re Oxford Health Plans, Inc., 187 F.R.D. 133 (S.D.N.Y. 1999) (same).

[5] See, e.g., Patel v. Axesstel, Inc., No. 14-cv-1037, 2015 WL 631525 (S.D. Cal. Feb. 13, 2015) (not reaching issue of whether defendants "made" alleged misstatements); SEC v. China Ne. Petroleum Holdings, Ltd., 27 F. Supp. 3d 379 (S.D.N.Y. 2014) (same); Lenartz v. Am. Superconductor Corp., 879 F. Supp. 2d 167 (D. Mass. 2012) (same).

Brief establishes that Mr. Kim can be held liable as the "maker" of any challenged statement, and

for this reason, this Court should dismiss the Section 10(b) claims against him.

> **B.      Plaintiffs Have Failed To Allege That Mr. Kim**
> <u>**Made Any Statement With The Requisite Scienter.**</u>

As Mr. Kim explained in his Moving Brief, Plaintiffs are required to allege particularized

facts giving rise to a strong inference of scienter as to <u>**each individual defendant**</u>.  Kim &

Squiller MB 8-9.  In the Opposition Brief, Plaintiffs do not point to a single specific fact — not

one — giving rise to a strong inference that Mr. Kim knew that any challenged statement was

false when made.  Indeed, Plaintiffs fail to respond directly to the following arguments, which

dispose of Plaintiffs' claim that Mr. Kim acted with scienter.

- The allegation that Mr. Kim negotiated and signed the Apple Agreement fails to support <u>any</u> inference of scienter given that the Apple Agreement's terms were accurately disclosed and never once contradicted in the Company's public statements.  <u>See id.</u> at 9.

- The Complaint's reliance upon an unnamed "Product Manager" to demonstrate Mr. Kim's state of mind is fundamentally flawed because:  (a) in all but one instance, the Product Manager was no longer employed by the Company when the challenged Forms 8-K were filed; and (b) a single allegation that a Product Manager communicated his beliefs to Mr. Kim says nothing about <u>Mr. Kim's</u> beliefs about any particular statement. <u>See id.</u> at 10-11.

- The amount and timing of Mr. Kim's stock sales – all of which were made pursuant to a Rule 10b5-1 trading plan – were not unusual in timing or amount, let alone well beyond his normal pattern of trading.  <u>See id.</u> at 11-12.

In their Opposition Brief, Plaintiffs try to rehabilitate their allegation that Mr. Kim's

trading gives rise to an inference of scienter by repeating their assertion that Mr. Kim's trading

was "highly suspicious."  OB 45.  Of course, the mere fact that corporate defendants sold stock

during the class period is not probative of scienter.  <u>Shaw v. Dig. Equip. Corp.</u>, 82 F.3d 1194,

1224 (1st Cir. 1996).  For this reason, it is Plaintiffs' burden to plead specific facts demonstrating

that Mr. Kim's Class Period trading was unusual in timing and amount, or "well beyond" his

historic trading practices.  <u>Greebel v. FTP Software, Inc.</u>, 194 F.3d 185, 198 (1st Cir. 1999).

Plaintiffs' conclusion that Mr. Kim's trading was "highly suspicious" does nothing specifically

to explain why Mr. Kim's trading was "well beyond" his historic trading patterns.

Further, Plaintiffs' conclusion is belied by the undisputed facts.  Viewing Mr. Kim's trading history in context, Mr. Kim's Class Period sales were unremarkable.  Kim & Squiller MB 11-12 (noting that Mr. Kim sold 28.5% of his GTAT stock in 2010, 56.4% of his GTAT stock in 2011, and 26.8% of his GTAT stock in the 11 months preceding Plaintiffs' control period).  Moreover, Plaintiffs' failure to explain the Complaint's allegation that Defendants' trading "continued at a faster pace" (CC ¶ 158) is especially telling with respect to Mr. Kim, whose stock sales declined over the course of the Class Period and leading up to GTAT's bankruptcy filing.  Greebel, 194 F.3d at 207 (trading did not support strong inference of scienter because "the sales do not reflect either unusual sales or sales made before a big 'event' unknown to the public").  While Plaintiffs note that Mr. Kim made a small trade shortly before Apple announced news, Plaintiffs do not, because they cannot, allege that Mr. Kim was aware that Apple – a company renowned for its secrecy – was going to make any announcement, let alone what it would say or when.  For these reasons, as well as the additional reasons identified in the Officer Defendants' Reply Brief, pp. 34-35, Plaintiffs' trading allegations do not support any inference of scienter as to Mr. Kim.

In sum, this Court should dismiss Plaintiffs' Section 10(b) claim against Mr. Kim, as Plaintiffs have failed to allege that he "made" a statement under Janus.  The Court should dismiss that claim for the independent reason that Plaintiffs have failed to allege specific facts giving rise to a strong inference that Mr. Kim made any statement with scienter.

## II.   PLAINTIFFS' "CONTROL PERSON" CLAIMS AGAINST MESSRS. KIM AND SQUILLER SHOULD BE DISMISSED.

In their Opposition Brief, Plaintiffs contend that they have sufficiently stated "control person" claims under Section 20(a) of the Securities Exchange Act of 1934 and Section 15 of the Securities Act of 1933, arguing that: (1) bare allegations of status and title are sufficient; (2) they have adequately alleged facts relating to Kim and Squiller's control; and (3) they do not need to

allege "culpable participation" but have sufficiently alleged it in any event.   OB 92-94.[6]
Plaintiffs' arguments ignore First Circuit law and rely upon irrelevant allegations that do not bear
on the issue of control.

With respect to the applicable law on control person liability, Plaintiffs cite cases from
outside the First Circuit to argue that "allegations establishing an individual's corporate role and
title" are sufficient to plead control liability.   OB 92 (citing Zucco Partners, LLC v. Digimarc
Corp., 445 F. Supp. 2d 1201, 1210-11 (D. Or. 2006) (requiring only a primary securities law
violation and "actual power"); In re Ravisent Techs., Inc. Sec. Litig., No. 00-cv-1014, 2004 WL
1563024, at *15 (E.D. Pa. July 13, 2004) (same)).   Plaintiffs cite the wrong authorities, which are
in direct conflict with First Circuit authorities.

In this Circuit, generalized, boilerplate allegations of control based on a defendant's
status, role or mere power to control are insufficient to sustain a control person claim.   In re
Novell, Inc. S'holder Litig., No. 10-cv-12076, 2012 WL 458500, at *6 (D. Mass. Feb. 10, 2012)
(dismissing control person claims and holding that plaintiffs' argument that they need only plead
"direct supervisory control" and the "power to control" "misstate[s] the standard for establishing
'control' as a matter of law in the First Circuit"); In re Tyco Int'l, Ltd., 2007 DNH 073 at 22-23;
2007 WL 1687775, at *8 (D.N.H. June 11, 2007) (holding that plaintiff failed to explain how
defendant "exercised any control at Tyco or explain why his position . . . establishes him as a
control person").   The control person liability standard in this Circuit "requires that the alleged
controlling person *actually exercise control* over the violator."   Novell, 2012 WL 458500, at *6
(emphasis in original) (citing Aldridge v. A.T. Cross Corp., 284 F.3d 72, 85 (1st Cir. 2002) ("To

---

[6] Plaintiffs do not dispute that, in the event they have failed adequately to allege an
underlying violation of the securities law, their secondary liability claim against the Outside
Directors as control persons must be dismissed as well. Kim & Squiller MB 12-15.  Messrs.
Kim and Squiller incorporate by reference as if made herein the reply arguments advanced by the
Officer Defendants and the Outside Director Defendants (the "GTAT Defendants"), which
dictate the dismissal of the claims of primary liability, upon which these secondary liability
claims depend.

meet the control element, the alleged controlling person must not only have the general power to control the company, but must also actually exercise control over the company.")).  Plaintiffs' failure to meet that standard here requires dismissal of their control person liability claims.

Turning to the facts, in their Opposition Brief, Plaintiffs point to allegations that have no bearing on whether either Mr. Kim or Mr. Squiller "actually exercised control" over any alleged primary violator.  OB 93.  For example, Plaintiffs argue that Mr. Squiller "moved to Mesa to oversee for GTAT all aspects of the facility," "held regular supervisory meetings," and "reported directly to Defendant Gutierrez."  Id.  Far from supporting any allegation of control, the alleged fact that Mr. Squiller "reported directly to Defendant Gutierrez" demonstrates that he was a subordinate and **did not** exercise "actual," or even supervisory, control over Mr. Gutierrez or any other alleged primary violator.  In addition, that Mr. Squiller oversaw the Mesa facility, or held supervisory meetings, is utterly irrelevant to the question of whether he exercised "actual control" over the maker of any statement challenged in the Complaint.

Plaintiffs' arguments respecting Mr. Kim are likewise misguided.  Whether Mr. Kim negotiated and signed the Apple Agreement or signed transmittal Forms 8-K that attached press releases containing statements attributed to others does nothing to indicate that he had "actual control" over GTAT's CEO, CFO or any other individual who is alleged to have made one of the statements that Plaintiffs challenge.  Those allegations simply cannot satisfy the control person liability standard as set forth in Aldridge, and applied in Novell and Tyco.

Plaintiffs' "culpable participation" arguments fare no better.  Kim & Squiller MB 14-15; OB 94.  While the First Circuit has yet to address the issue, both the Second and Third Circuits require that a plaintiff allege facts demonstrating that the defendant "culpably participated" in the alleged fraud to survive a motion to dismiss a Section 20(a) claim.  See, e.g., Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 483-87 (3d Cir. 2013); Boguslavsky v. Kaplan, 159 F.3d 715, 720 (2d Cir. 1998).  If this Court determines that the culpable participation doctrine applies — and it should – Plaintiffs would be required to plead facts establishing that Messrs. Kim and

Squiller had both knowledge of the fraud and took "deliberate action" to further the fraud. Belmont, 708 F.3d at 483-87 (3d Cir. 2013).  Mere allegations of inaction are insufficient.  Id.

Here, Plaintiffs' Opposition Brief fails to identify specific facts giving rise to a strong inference of scienter (see supra 5-6), let alone that Mr. Kim or Mr. Squiller took deliberate action to further the alleged fraud.  Indeed, Plaintiffs do not even sufficiently allege that either defendant was the maker of any allegedly false or misleading statement during the Class Period. See supra 2-4.  Bereft of such allegations, Plaintiffs' control person claims fail for this addition reason.

For all of these reasons, Plaintiffs have failed sufficiently to allege control person liability as to Messrs. Kim and Squiller, and Plaintiffs' Section 20(a) and 15 claims should be dismissed.

## CONCLUSION

For all of the foregoing reasons, as well as those set forth in the GTAT Defendants' briefing in support of their motions to dismiss, this Court should dismiss the claims against Mr. Kim and Mr. Squiller, with prejudice.

Respectfully submitted,

HOIL KIM AND DANIEL SQUILLER,

By their attorneys,


/s/ Jordan D. Hershman
Jordan D. Hershman (admitted *pro hac vice*)
Jason D. Frank (admitted *pro hac vice*)
William R. Harb (admitted *pro hac vice*)
Emily E. Renshaw (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA  02110-1726
Tel (617) 951-8455
Fax (617) 951-8736
jordan.hershman@morganlewis.com
jason.frank@morganlewis.com
william.harb@morganlewis.com
emily.renshaw@morganlewis.com

- and -

/s/ Brian J.S. Cullen
Brian J.S. Cullen, Bar No. 11265
**CULLENCOLLIMORE, PLLC**
10 East Pearl Street
Nashua, NH  03060
Tel (603) 881-5500
bcullen@cullencollimore.com

Dated:  March 2, 2016

- 10 -

## CERTIFICATE OF SERVICE

I, Jordan D. Hershman, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 2, 2016.

Dated:  March 2, 2016

/s/ Jordan D. Hershman
Jordan D. Hershman