# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ADAM S. LEVY on behalf of himself and all others similarly situated, | No. 1:14-cv-00443-JL |
| Plaintiff, | |
| v. | ECF CASE |
| THOMAS GUTIERREZ, RICHARD J. GAYNOR, RAJA BAL, J. MICHAL CONAWAY, KATHLEEN A. COTE, ERNEST L. GODSHALK, MATTHEW E. MASSENGILL, MARY PETROVICH, ROBERT E. SWITZ, NOEL G. WATSON, THOMAS WROE, JR., MORGAN STANLEY & CO. LLC, GOLDMAN, SACHS & CO., CANACCORD GENUITY INC., AND APPLE, INC., | |
| Defendants. | |

# STIPULATION AND AGREEMENT OF SETTLEMENT
## WITH SETTLING UNDERWRITER DEFENDANTS

This Stipulation and Agreement of Settlement With Settling Underwriter Defendants, dated as of August 18, 2017 (the "Stipulation") is entered into between (a) lead plaintiff Douglas Kurz ("Lead Plaintiff") and plaintiffs Strategic Master Fund (Cayman) Limited and Highmark Limited (collectively, the "Securities Act Plaintiffs," and together with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) defendants Morgan Stanley & Co. LLC, Goldman, Sachs & Co. LLC (f/k/a Goldman, Sachs & Co.), and Canaccord Genuity Inc. (collectively, the "Settling Underwriter Defendants," and together with Plaintiffs, the "Settling Parties"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1]  Subject to the approval of the Court and the terms and

---

[1]  All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice all claims asserted in the Action against the Settling Underwriter Defendants.

WHEREAS:

A.      Beginning on or about October 9, 2014, multiple putative securities class action complaints were filed in the United States District Court for the District of New Hampshire (the "Court").  By Order dated February 4, 2015, the Court consolidated the related actions into the Action.

B.      Pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1 and 78u-4, as amended (the "PSLRA"), notice to the public was issued setting forth the deadline by which putative class members could move the Court to be appointed to act as lead plaintiff.  On May 20, 2015, the Court entered an Order appointing Douglas Kurz as Lead Plaintiff in the Action, and approving Lead Plaintiff's selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel and Orr & Reno as Local Counsel.

C.      On July 20, 2015, Lead Plaintiff filed and served the Consolidated Class Action Complaint (the "Complaint"), which included the Securities Act Plaintiffs as additional named plaintiffs.  The Complaint asserts (a) claims under § 11 of the Securities Act of 1933 (the "Securities Act") against the Underwriter Defendants, the Director Defendants, and certain of the Officer Defendants; (b) claims under § 12(a)(2) of the Securities Act against the Underwriter Defendants; (c) claims under § 15 of the Securities Act against the Director Defendants, certain of the Officer Defendants, and Apple; (d) claims under § 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, against certain of the Officer

2

Defendants; and (e) claims under § 20(a) of the Exchange Act against the Officer Defendants and Apple.

      D.      On October 7, 2015, the Underwriter Defendants (and the other Defendants) filed and served their motions to dismiss the Complaint.  On December 18, 2015, Lead Plaintiff filed and served his papers in opposition to the motions to dismiss; on March 2, 2016, the Underwriter Defendants (and the other Defendants) filed and served their reply papers; and, on March 22, 2016, Lead Plaintiff filed his sur-reply.

      E.      On March 17, 2017, following extensive, arm's-length negotiations, Plaintiffs and the Settling Underwriter Defendants entered into a Memorandum of Understanding (the "MOU") memorializing the Settling Parties' agreement in principle to settle the Action as against the Settling Underwriter Defendants for $9,700,000 in cash.  Pursuant to the MOU, the agreement to settle was conditioned on Plaintiffs confirming the fairness, reasonableness, and adequacy of the Settlement based on due-diligence discovery to be provided by Defendants, which would include the production of certain documents and information regarding the allegations and claims asserted against the Settling Underwriter Defendants in the Complaint.  Following execution of the MOU, Plaintiffs and the Settling Underwriter Defendants informed the Court that they had reached a settlement and requested that the Court refrain from ruling on the Settling Underwriter Defendants' motion to dismiss while the parties engaged in due-diligence discovery.

      F.      On May 4, 2017, the Court entered its Memorandum Opinion denying in part and granting in part the Non-Settling Defendants' motions to dismiss, and denying the Underwriter Defendants' motion to dismiss without prejudice to their ability to re-submit the motion if necessary.

G. This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Settling Parties.

H. Based upon their investigation, prosecution, and settlement of the case, and further confirmation through due-diligence discovery, Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs and the Settlement Class, and in their best interests. Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Plaintiffs has agreed to settle and release the claims raised in the Action against the Settling Underwriter Defendants pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

I. This Stipulation constitutes a compromise of matters that are in dispute between the Settling Parties. The Settling Underwriter Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Settling Underwriter Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Settling Underwriter Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Settling Underwriter Defendants have, or could have, asserted. The Settling Underwriter Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or

4

concession that any of the Settling Underwriter Defendants' defenses to liability had any merit. Each of the Settling Parties recognizes and acknowledges, however, that the Action has been initiated, filed, and prosecuted by Plaintiffs in good faith and defended by the Settling Underwriter Defendants in good faith, and that the Action as to the Settling Underwriter Defendants is being voluntarily settled with the advice of counsel.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of the Settlement Class) and the Settling Underwriter Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Settling Parties from the Settlement, all Released Plaintiffs' Claims as against the Settling Underwriter Defendants' Releasees and all Released Settling Underwriter Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## **DEFINITIONS**

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Action" means the consolidated securities class action in the matter styled *Levy v. Gutierrez, et al.*, Case No. 1:14-cv-00443-JL, and includes all actions consolidated therein.

(b)      "Apple" means defendant Apple, Inc.

(c)      "Authorized Claimant" means a Settlement Class Member who or which submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

5

(d)  "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

(e)  "Claim Form" or "Proof of Claim Form" means the form, substantially in the form to be approved by the Court and disseminated at a future date to Settlement Class Members, that a Claimant will be required to complete and submit to the Claims Administrator in order to be eligible to share in a distribution of the Net Settlement Fund (and, if applicable, the net proceeds of any other recoveries obtained in the Action).

(f)  "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the Net Settlement Fund (and, if applicable, the net proceeds of any other recoveries obtained in the Action).

(g)  "Claims Administrator" means the firm retained by Lead Plaintiff and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer settlements or other recoveries achieved in the Action.

(h)  "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund (and, if applicable, the net proceeds of any other recoveries obtained in the Action) be distributed, in whole or in part, to Authorized Claimants.

(i)  "Complaint" means the Consolidated Class Action Complaint filed in the Action on July 20, 2015.

(j)  "Court" means the United States District Court for the District of New Hampshire.

(k)  "Defendants" means the Underwriter Defendants, the Individual Defendants, and Apple.

(l)  "Director Defendants" means defendants J. Michal Conaway, Kathleen A. Cote, Ernest L. Godshalk, Matthew E. Massengill, Mary Petrovich, Robert E. Switz, Noel G. Watson,  and Thomas Wroe, Jr.

(m)  "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 36 of this Stipulation have been met and have occurred or have been waived.

(n)  "Escrow Account" means an account maintained at Valley National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(o)  "Escrow Agent" means Valley National Bank.

(p)  "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(q)  "Excluded Plaintiffs' Claims" means (i) any claims asserted, or which may be asserted, in the Action against any of the Non-Settling Defendants or any person or entity with whom or which Lead Plaintiff has a tolling agreement; (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court after notice to the Settling Underwriter Defendants; and (iii) any claims relating to the enforcement of the Settlement.

(r)  "Excluded Settling Underwriter Defendants' Claims" means (i) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court after notice to the Settling Underwriter Defendants; and (ii) any claims relating to the enforcement of the Settlement.

7

(s)　　"Final," with respect to the Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude the Judgment from becoming Final.

(t)　　"GTAT" means GT Advanced Technologies Inc.

(u)　　"Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this definition, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(v)　　"Individual Defendants" means the Officer Defendants and the Director Defendants.

(w)　　"Investment Vehicle" means any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, and hedge funds, in which any of the Underwriter Defendants have, has, or may have a direct or indirect interest, or as to which any of their respective affiliates may act as an investment advisor

8

but of which any of the Underwriter Defendants or any of their respective affiliates is not a majority owner or does not hold a majority beneficial interest.  This definition of Investment Vehicle does not bring into the Settlement Class any of the Underwriter Defendants themselves.

(x)     "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(y)     "Lead Counsel" means the law firm of Bernstein Litowitz Berger & Grossmann LLP.

(z)     "Lead Plaintiff" means Douglas Kurz.

(aa)    "Litigation Expenses" means reasonable costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(bb)    "Local Counsel" means Orr & Reno.

(cc)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs (to be paid in accordance with ¶ 17 below); (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(dd)    "Non-Settling Defendants" means the Individual Defendants and Apple, as well as any Settling Underwriter Defendant which is converted into a Non-Settling Defendant pursuant to the terms of ¶¶ 10 or 44 below.

(ee)    "Notice" means the Notice of (I) Certification of Settlement Class; (II) Proposed Settlement With Settling Underwriter Defendants; and (III) Settlement Hearing, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to Settlement Class Members.

(ff)    "Notice and Administration Costs" means the reasonable costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel, to be paid in accordance with ¶ 17 below, in connection with: (i) providing notices to the Settlement Class (including, without limitation, mailing of the Notice to Settlement Class Members and publication of the Summary Notice); and (ii) administering the Settlement, including but not limited to the Claims process, as well as the reasonable costs, fees, and expenses incurred in connection with the Escrow Account.

(gg)    "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(hh)    "Officer Defendants" means defendants Thomas Gutierrez, Richard Gaynor, Raja Singh Bal, Hoil Kim, and Daniel W. Squiller.

(ii)    "Plaintiffs" means Lead Plaintiff and the Securities Act Plaintiffs.

(jj)    "Plaintiffs' Counsel" means Lead Counsel, Securities Act Plaintiffs' Counsel, Local Counsel, and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action.

(kk)    "Plaintiffs' Releasees" means (i) Plaintiffs, their respective attorneys, and all other Settlement Class Members; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, directors, agents, employees, attorneys, and advisors of the each of the foregoing in (i) and (ii), in their capacities as such.

(ll)    "Plan of Allocation" means the plan that Lead Plaintiff will submit to the Court at a later date and upon notice to the Settlement Class to be utilized for determining the allocation of the Net Settlement Fund.

(mm)  "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(nn)  "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1 and 78u-4, as amended.

(oo)  "Released Claims" means all Released Plaintiffs' Claims and Released Settling Underwriter Defendants' Claims.

(pp)  "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that were or could have been asserted in the Action arising out of or relating to (i) the purchase, acquisition, sale, or holding of GTAT Senior Notes or GTAT publicly traded common stock by Plaintiffs and/or Settlement Class Members during the Class Period, and (ii) the facts, matters, allegations, transactions, events, disclosures, statements, acts, or omissions involved, set forth, or referred to in the Complaint.  Released Plaintiffs' Claims do not cover or include any Excluded Plaintiffs' Claims.

(qq)  "Released Settling Underwriter Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Settling Underwriter Defendants.  Released Settling Underwriter Defendants' Claims do not include any Excluded Settling Underwriter Defendants' Claims.

(rr)  "Releasee(s)" means each and any of the Settling Underwriter Defendants' Releasees and each and any of the Plaintiffs' Releasees.

11

(ss)   "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(tt)   "Securities Act Plaintiffs" means named plaintiffs Strategic Master Fund (Cayman) Limited and Highmark Limited.

(uu)   "Securities Act Plaintiffs' Counsel" means the law firm of Berger & Montague, P.C.

(vv)   "Settlement" means the resolution of the Action as against the Settling Underwriter Defendants on the terms and conditions set forth in this Stipulation.

(ww)   "Settlement Amount" means $9,700,000 in cash.

(xx)   "Settlement Class" or "Underwriter Settlement Class" means all persons and entities who or which from November 5, 2013 through 9:40 a.m. Eastern Standard Time on October 6, 2014, inclusive (the "Class Period") purchased or otherwise acquired (i) GTAT 3.00% Convertible Senior Notes Due 2020 (the "GTAT Senior Notes") pursuant or traceable to GTAT's December 2013 registration statement and prospectus supplement for the GTAT Senior Notes' offering (the "Senior Notes Offering") and/or (ii) shares of GTAT common stock pursuant or traceable to GTAT's December 2013 registration statement and prospectus supplement for the secondary offering of GTAT common stock (the "Common Stock Secondary Offering"). Excluded from the Settlement Class are Defendants; GTAT; the affiliates and subsidiaries of the Underwriter Defendants, GTAT, and Apple; the Officers, directors, and partners of the Underwriter Defendants, GTAT, and Apple during the Class Period; members of the Immediate Family of any excluded person; the heirs, successors, and assigns of any excluded person or entity; and any entity in which any excluded person or entity has or had during the Class Period a controlling interest; *provided, however*, that any Investment Vehicle (as defined herein) shall not be deemed an excluded person or entity by definition.  Also excluded from the Settlement Class

are any persons and entities who or which exclude themselves from the Settlement Class by submitting a request for exclusion that is accepted by the Court after notice to the Settling Underwriter Defendants.

(yy)   "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(zz)   "Settlement Class Period" or "Class Period" means the period from November 5, 2013 through 9:40 a.m. Eastern Standard Time on October 6, 2014, inclusive.

(aaa)   "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(bbb)   "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(ccc)   "Settling Parties" means the Settling Underwriter Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

(ddd)   "Settling Underwriter Defendants'" means defendants Morgan Stanley & Co. LLC, Goldman, Sachs & Co. LLC (f/k/a Goldman, Sachs & Co.), and Canaccord Genuity Inc., except to the extent any of the foregoing is converted into a Non-Settling Defendant pursuant to the terms of ¶¶ 10 or 44 below.

(eee)   "Settling Underwriter Defendants' Counsel" means the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP.

(fff)   "Settling Underwriter Defendants' Releasees" means (i) the Settling Underwriter Defendants; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the Settling Underwriter Defendants; and (iii) the current and former officers, directors, agents, employees, attorneys, and advisors of each of the

foregoing in (i) and (ii), in their capacities as such.  Notwithstanding the foregoing, the Settling Underwriter Defendants' Releasees do not include any of the Non-Settling Defendants.

(ggg)  "Summary Notice" means the Summary Notice of (I) Certification of Settlement Class; (II) Proposed Settlement With Settling Underwriter Defendants; and (III) Settlement Hearing, substantially in the form attached hereto as Exhibit 2 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(hhh)  "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(iii)  "Underwriter Defendants'" means defendants Morgan Stanley & Co. LLC, Goldman, Sachs & Co. LLC (f/k/a Goldman, Sachs & Co.), and Canaccord Genuity Inc.

(jjj)  "Unknown Claims" means any Released Plaintiffs' Claims which Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Settling Underwriter Defendants' Claims which any Settling Underwriter Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and the Settling Underwriter Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment

shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and the Settling Underwriter Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2.      Solely for purposes of the Settlement and for no other purpose, the Settling Underwriter Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      Promptly upon execution of this Stipulation, Lead Plaintiff will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by the Settling Underwriter Defendants.  Concurrently with the motion for preliminary approval, Lead Plaintiff shall apply to the Court for, and the Settling Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.       The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against the Settling Underwriter Defendants only; and (ii) the Releases provided for herein.

5.       Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Settling Underwriter Defendants and the other Settling Underwriter Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Settling Underwriter Defendants' Releasees.  This Release shall not apply to any Excluded Plaintiffs' Claim.

6.       Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, the Settling Underwriter Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Settling Underwriter Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Settling Underwriter Defendants' Claims against any of the Plaintiffs' Releasees.  This Release shall not apply to any Excluded Settling Underwriter Defendants' Claim.

7.     Notwithstanding ¶¶ 5-6 above, nothing in the Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

### THE SETTLEMENT CONSIDERATION

8.     In consideration of the settlement of the Released Plaintiffs' Claims against the Settling Underwriter Defendants and the other Settling Underwriter Defendants' Releasees, the Settling Underwriter Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than fifteen (15) business days after the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Settling Underwriter Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name, and account number, and a signed W-9 reflecting a valid taxpayer identification number for the Qualified Settlement Fund in which the Settlement Amount is to be deposited.

9.     The Settlement Amount is to be paid by the Settling Underwriter Defendants, severally and not jointly, pursuant to such confidential allocation as the Settling Underwriter Defendants alone determine.  No Settling Underwriter Defendant shall be liable for more than its agreed share of the Settlement Amount.  In the event that one or more of the Settling Underwriter Defendants fails to pay its agreed share of the Settlement Amount, the remaining Settling Underwriter Defendants shall have the right, but not the obligation, to fund the shortfall.

10.    Should the Settlement Amount not be fully and timely paid, (a) Lead Plaintiff shall have an absolute right to terminate the Settlement, in which case the provisions of ¶ 38 below shall apply shall apply; or (b) Lead Plaintiff may in his sole discretion elect to go forward with the Settlement, with each non-paying Settling Underwriter Defendant immediately, without further

action or notice, becoming a Non-Settling Defendant.  Any such non-paying Settling Underwriter Defendant will no longer be included within the defined term "Settling Underwriter Defendants" as used in this Stipulation and the exhibits hereto; and Plaintiffs and such Non-Settling Defendant(s) will revert to their respective positions in the Action as of immediately prior to the execution of the MOU on March 17, 2017.  To facilitate Lead Plaintiff's election to proceed with the Settlement, the Settling Underwriter Defendants shall, within two (2) business days after the last day for funding the Settlement Amount, identify for Lead Counsel any Settling Underwriter Defendant(s) which did not pay its/their respective share(s) and their allocated amount(s).

11.     Plaintiffs recognize that the Settling Underwriter Defendants will not participate in any ongoing discovery in the Action or appear at any depositions of parties or non-parties taken in the Action, *provided, however*, that Lead Plaintiff reserves the right to subpoena the Settling Underwriter Defendants in connection with the prosecution of the claims against the Non-Settling Defendants.  Plaintiffs agree that they will not assert that the Settling Underwriter Defendants have waived any rights they have with respect to such ongoing discovery in the event that the Settlement is terminated pursuant to the terms of this Stipulation.

## USE OF SETTLEMENT FUND

12.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs, to be paid in accordance with ¶ 17 below; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 21-33 below.

13.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow

Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

14.    The Settling Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Settling Underwriter Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, the Settling Underwriter Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of

Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

15.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Settling Underwriter Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

16.     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Settling Underwriter Defendant, Settling Underwriter Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims (as will be defined in a subsequent notice that includes the Plan of Allocation) of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

17.     Prior to the Effective Date, Lead Counsel may pay up to $350,000 from the Settlement Fund, without further approval from the Settling Underwriter Defendants or further

order of the Court, for Notice and Administration Costs actually incurred and paid or payable. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to the Settling Underwriter Defendants, any of the other Settling Underwriter Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.  In the event that Lead Plaintiff reaches a settlement with any of the Non-Settling Defendants and notice of that settlement is disseminated simultaneously with notice of this Settlement, all Notice and Administration Costs paid or incurred, including any related fees, shall be fairly allocated among the Settlement Fund and the settlement proceeds recovered from such Non-Settling Defendants.

### ATTORNEYS' FEES AND LITIGATION EXPENSES

18.    Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' reasonable costs and expenses directly related to their representation of the Settlement Class, to be paid from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between the Settling Underwriter Defendants and Plaintiffs other than what is set forth in this Stipulation.  The Settling Underwriter Defendants shall have no responsibility for or liability

21

whatsoever with respect to the further notice sent to members of the Settlement Class in connection with Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses.

19.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Settling Underwriter Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Neither Plaintiffs nor Plaintiffs' Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

20.     Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.  The Settling Underwriter Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or

award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

**NOTICE AND SETTLEMENT ADMINISTRATION**

21.    As part of the Preliminary Approval Order, Lead Plaintiff shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  None of the Settling Underwriter Defendants, nor any other Settling Underwriter Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Members, or Lead Counsel in connection with the foregoing.  Settling Underwriter Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

22.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice to those members of the Settlement Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

23.    After a plan of allocation is approved by the Court, the Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's share of the Net Settlement Fund as calculated pursuant to

the Plan of Allocation to be proposed by Lead Plaintiff or such other plan of allocation as the Court approves.

24.     The Plan of Allocation to be proposed by Lead Plaintiff is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  The Settling Underwriter Defendants and the other Settling Underwriter Defendants' Releasees shall not object in any way to the Plan of Allocation that will be proposed by Lead Plaintiff or to any other plan of allocation in this Action.

25.     Any Settlement Class Member who or which does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Settling Underwriter Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

26.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in the Preliminary Approval Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of this Stipulation, the Settlement, and all proceedings, determinations, orders, and judgments in the Action relating to the Settlement,

including, but not limited to, the Judgment, and the Releases provided for therein whether favorable or unfavorable to the Settlement Class; and (d) shall be barred and enjoined from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Settling Underwriter Defendants' Releasees.

27.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Settling Underwriter Defendant, or any other Settling Underwriter Defendants' Releasees, shall be permitted to review, contest, or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member.  Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

28.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Settlement Class Member shall be required to submit a Claim Form supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claim Forms must be submitted by the date to be set by the Court.  Any Settlement Class Member who or which fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the

Settlement, including the terms of the Judgment and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Settling Underwriter Defendants' Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and

26

statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

29.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, *provided, however*, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

30.     Lead Counsel will apply to the Court, on notice to Settling Underwriter Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted by or on behalf of persons and entities seeking to share in the distribution of the Net Settlement Fund; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants who or which are eligible to receive a distribution from that fund from the Escrow Account.

31.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action and the Releases

provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Settling Underwriter Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

32.     No person or entity shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Settling Underwriter Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Plaintiffs and the Settling Underwriter Defendants, and their respective counsel, and Lead Plaintiff's damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

33.     All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Settlement Class Members, other Claimants, and the Settling Parties expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

34.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Settling Underwriter Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

35.     The Judgment shall contain a bar order ("Bar Order") substantially in the form set forth in Exhibit B that shall bar all future claims and claims over by any individual or entity against any of the Settling Underwriter Defendants' Releasees, and by the Settling Underwriter Defendants' Releasees against any individual or entity, for (a) contribution or indemnity (or any other claim or claim over, however denominated on whatsoever theory) arising out of or related to the claims or allegations asserted by Plaintiffs in the Action, or (b) any other claim of any type, whether arising under state, federal, common, or foreign law, for which the injury claimed is that person's or entity's actual or threatened liability to Plaintiffs and/or members of the Settlement Class; *provided, however*, the order shall not preclude the Settling Underwriter Defendants from seeking to enforce any right of indemnification or contribution with respect to the payment of the Settlement Amount or defense costs.  The Bar Order shall also provide that any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any individual or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Settling Underwriter Defendants for common damages; or (b) the amount paid by or on behalf of the Settling Underwriter Defendants to the Settlement Class or Settlement Class Member for common damages.  Nothing in the Bar Order or this Stipulation shall release any proofs of claim that any of the Settling Underwriter Defendants has filed in the GTAT bankruptcy.

29

## CONDITIONS OF SETTLEMENT AND EFFECT OF
## DISAPPROVAL, CANCELLATION OR TERMINATION

36.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above, or less than the Settlement Amount was deposited and Lead Plaintiff elected to go forward with the Settlement;

(c)     the Settling Underwriter Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 40 below);

(d)     Lead Plaintiff has not exercised his option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final.

37.     The occurrence of the Effective Date is not conditioned on the Court having approved a plan of allocation for the Settlement proceeds or a claims process having begun.  It is expressly understood and agreed that the determination of when the Plan of Allocation for the proceeds of the Settlement should be presented to the Court for approval is to be made solely by Lead Plaintiff.  Upon the occurrence of all of the events referenced in ¶ 36 above, any and all remaining interest or right of Settling Underwriter Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

38.     If (i) the Settling Underwriter Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiff exercises his right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     the Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b)     Plaintiffs and the Settling Underwriter Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the MOU on March 17, 2017;

(c)     the documents produced pursuant to due diligence discovery may not be used in the connection with the Action, unless such documents are subsequently produced in connection with discovery in the Action;

(d)     the terms and provisions of this Stipulation, with the exception of this ¶ 38 and ¶¶ 17, 19, 41 and 61 of this Stipulation, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

(e)     within five (5) business days after joint written notification of termination is sent by Settling Underwriter Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 19 above), less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing, shall be refunded by the Escrow Agent to the Settling Underwriter Defendants (or such other persons or entities as the Settling Underwriter

Defendants may direct). In the event that the funds received by Lead Counsel consistent with ¶ 19 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to the Settling Underwriter Defendants immediately upon their deposit into the Escrow Account consistent with ¶ 19 above.

39. It is further stipulated and agreed that Lead Plaintiff, on the one hand, and the Settling Underwriter Defendants (provided the Settling Underwriter Defendant unanimously agree amongst themselves), on the other hand, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Settling Parties within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the First Circuit or the United States Supreme Court, and the provisions of ¶ 38 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of the Judgment and shall not be grounds for termination of the Settlement.

40. In addition to the grounds set forth in ¶ 39 above, the Settling Underwriter Defendants, provided they unanimously agree amongst themselves, shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in the Settling Underwriter Defendants' confidential supplemental agreement with Lead Plaintiff (the

"Supplemental Agreement"), in accordance with the terms of that agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Lead Plaintiff and the Settling Underwriter Defendants concerning its interpretation or application, in which event the Settling Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

## NO ADMISSION OF WRONGDOING

41.     Neither the MOU, this Stipulation (whether or not consummated), including the exhibits hereto, the Plan of Allocation to be proposed by Lead Plaintiff (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the MOU and this Stipulation, nor any proceedings taken pursuant to or in connection with the MOU, this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Settling Underwriter Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Settling Underwriter Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Settling Underwriter Defendants' Releasees or in any way referred to for any other reason as against any of the Settling Underwriter Defendants' Releasees, in any civil, criminal, or

administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Settling Underwriter Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## <u>MISCELLANEOUS PROVISIONS</u>

42.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

43.   Each Settling Underwriter Defendant warrants as to itself that, as to the payments made or to be made by or on behalf of it, at the time of entering into this Stipulation and at the time of such payment, it or to its knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of it render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Settling Underwriter Defendants and not by their counsel.

44.   In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of any Settling Underwriter Defendant to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, (a) the Settling Parties shall jointly move the Court to vacate and set aside the Releases given and the Judgment entered pursuant to this Stipulation in which event the Releases and Judgment shall be null and void, and the Settling Parties shall revert to their respective positions in the Action as of immediately prior to the execution of the MOU on March 17, 2017 upon repayment to the Settling Underwriter Defendants of the full amount paid into the Settlement Fund pursuant to ¶ 8 above (less any Notice and Administration Costs incurred and paid or payable and less any Taxes paid or due with respect to the Settlement Fund) as provided in ¶ 38 above, or (b) the Settling Parties shall jointly move the Court to vacate and set aside the Releases given and the Judgment entered pursuant to this Stipulation as to that Settling Underwriter Defendant which is the subject of such order, in which event the Releases and Judgment as to that Settling Underwriter Defendant shall be null and void, such Settling Underwriter Defendant shall become a Non-Settling

Defendant for purposes of this Settlement, and Plaintiffs and such Settling Underwriter Defendant shall revert to their respective positions in the Action as of immediately prior to the execution of the MOU on March 17, 2017, but the Settlement and Judgment shall remain effective as between Plaintiffs and the other Settling Underwriter Defendants.  To facilitate Lead Plaintiff's election to determine whether to proceed with the Settlement, the Settling Underwriter Defendants shall, within two (2) business days of being requested to do so by Lead Counsel, disclose to Lead Counsel the amount contributed to the Settlement Amount by that Settling Underwriter Defendant which is the subject of such order.

45.    The Settling Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement Class Members against the Settling Underwriter Defendants' Releasees with respect to the Released Plaintiffs' Claims.  Accordingly, Plaintiffs and their counsel and the Settling Underwriter Defendants and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by the Settling Underwriter Defendants in bad faith or without a reasonable basis.  No Settling Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  The Settling Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Settling Parties, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

46.    While retaining their right to deny that the claims asserted in the Action were meritorious, the Settling Underwriter Defendants and their counsel, in any statement made to any

media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Plaintiffs and their counsel and the Settling Underwriter Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by any Settling Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

47.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Plaintiffs and the Settling Underwriter Defendants (or their successors-in-interest).

48.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

49.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, the Plan of Allocation (or such other plan of allocation as may be approved by the Court), and the distribution of the Net Settlement Fund to Settlement Class Members.

50.     The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

51.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and the Settling Underwriter Defendants concerning the

Settlement and this Stipulation and its exhibits.  All Settling Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Settling Party concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

52.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

53.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Settling Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Settling Party may merge, consolidate, or reorganize.

54.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate it shall be governed by the internal laws of the State of New Hampshire without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

55.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

56.     This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

57.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority

to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

58.    Lead Counsel and Settling Underwriter Defendants' Counsel agree to cooperate reasonably with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

59.    If any Settling Party is required to give notice to another Settling Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

| | |
|---|---|
| If to Plaintiffs or Lead Counsel: | Bernstein Litowitz Berger & Grossmann LLP<br>Attn:  John C. Browne, Esq.<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Telephone:  (212) 554-1400<br>Facsimile:  (212) 554-1444<br>Email:  johnb@blbglaw.com |
| If to the Settling Underwriter Defendants: | Paul Weiss Rifkind Wharton & Garrison LLP<br>Attn:  Richard A. Rosen, Esq.<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>Telephone:  (212) 373-3305<br>Facsimile:  (212) 492-0305<br>Email:  rrosen@paulweiss.com |

60.    Except as otherwise provided herein, each Settling Party shall bear its own costs.

61.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Settling Parties and their counsel

shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

62.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

63.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Settling Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Settling Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of August 18, 2017.

<div style="margin-left:40%">

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**

By: _____
     John C. Browne
1251 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 554-1400
Facsimile:  (212) 554-1444

*Lead Counsel for Plaintiffs*

Sherrie Savett
Gary E. Cantor
Glen Abramson
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Telephone:  (215) 875-3082
Facsimile:  (215) 875-4604

*Counsel for Securities Act Plaintiffs*

</div>

PAUL WEISS RIFKIND WHARTON
    & GARRISON LLP

By: _____
    Richard A. Rosen
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3305
Facsimile:  (212) 492-0305

*Counsel for Settling Underwriter Defendants*

# EXHIBIT A

Exhibit A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ADAM S. LEVY on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>          v.<br><br>THOMAS GUTIERREZ, RICHARD J. GAYNOR, RAJA BAL, J. MICHAL CONAWAY, KATHLEEN A. COTE, ERNEST L. GODSHALK, MATTHEW E. MASSENGILL, MARY PETROVICH, ROBERT E. SWITZ, NOEL G. WATSON, THOMAS WROE, JR., MORGAN STANLEY & CO. LLC, GOLDMAN, SACHS & CO., CANACCORD GENUITY INC., AND APPLE, INC.,<br><br>          Defendants. | No. 1:14-cv-00443-JL<br><br><br>ECF CASE |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT WITH SETTLING UNDERWRITER DEFENDANTS AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending in this Court entitled *Levy* v. *Gutierrez, et al.*, Case No. 1:14-cv-00443-JL (the "Action");

WHEREAS, (a) lead plaintiff Douglas Kurz ("Lead Plaintiff") and plaintiffs Strategic Master Fund (Cayman) Limited and Highmark Limited (collectively, the "Securities Act Plaintiffs," and together with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) defendants Morgan Stanley & Co. LLC, Goldman, Sachs & Co. LLC (f/k/a Goldman, Sachs & Co.), and Canaccord Genuity Inc. (collectively, the

"Settling Underwriter Defendants," and together with Plaintiffs, the "Settling Parties") have determined to settle all claims asserted against the Settling Underwriter Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement With Settling Underwriter Defendants dated August 18, 2017 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a class consisting of all persons and entities who or which from November 5, 2013 through 9:40 a.m. Eastern Standard Time on October 6, 2014, inclusive (the "Class Period") purchased or otherwise acquired (i) GTAT 3.00% Convertible Senior Notes Due 2020 (the "GTAT Senior Notes") pursuant or traceable to GTAT's December 2013 registration statement and prospectus supplement for the GTAT Senior Notes' offering (the "Senior Notes Offering") and/or (ii) shares of GTAT common stock pursuant or traceable to GTAT's

December 2013 registration statement and prospectus supplement for the secondary offering of GTAT common stock (the "Common Stock Secondary Offering") (the "Settlement Class" or "Underwriter Settlement Class").  Excluded from the Settlement Class are Defendants; GTAT; the affiliates and subsidiaries of the Underwriter Defendants, GTAT, and Apple; the Officers, directors, and partners of the Underwriter Defendants, GTAT, and Apple during the Class Period; members of the Immediate Family of any excluded person; the heirs, successors, and assigns of any excluded person or entity; and any entity in which any excluded person or entity has or had during the Class Period a controlling interest; *provided, however*, that any Investment Vehicle (as defined in the Stipulation) shall not be deemed an excluded person or entity by definition.  Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2.    **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.    The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs Douglas Kurz, Strategic Master Fund (Cayman) Limited, and Highmark Limited are adequate class

representatives and certifies them as Class Representatives for the Settlement Class.  The Court

also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of

the Federal Rules of Civil Procedure.

4.     **Preliminary Approval of the Settlement** – The Court hereby preliminarily

approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate

to the Settlement Class, subject to further consideration at the Settlement Hearing to be

conducted as described below.

5.     **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement

Hearing") on _____, 2017 at __:__ _.m. in Courtroom 2 of the United States District

Court for the District of New Hampshire, 55 Pleasant Street, Concord, NH 03301, for the

following purposes: (a) to determine whether the proposed Settlement on the terms and

conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement

Class, and should be approved by the Court; (b) to determine whether a Judgment substantially

in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with

prejudice as against the Settling Underwriter Defendants; and (c) to consider any other matters

that may properly be brought before the Court in connection with the Settlement.  Notice of the

Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in

paragraph 8 of this Order.

6.     After the Settlement Hearing, and upon such further notice to the Settlement Class

as ordered by the Court, the Court shall consider any plan of allocation proposed by Lead

Plaintiff and any application for attorneys' fees and expenses by Lead Counsel.

7.      The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Settlement Class.

8.      **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Garden City Group, LLC ("GCG" or the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement and any other settlements or other recoveries that may be achieved in this Action as well as the processing of Claims at such time as a plan of allocation for the proceeds of the Settlement and any additional recoveries is approved by the Court, as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)     not later than thirty (30) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice, substantially in the form attached hereto as Exhibit 1, to be mailed by first-class mail to brokers and other nominees who may have purchased or otherwise acquired GTAT Senior Notes pursuant or traceable to the Senior Notes Offering and/or purchased or otherwise acquired GTAT common stock pursuant or traceable to the Common Stock Secondary Offering for the benefit of persons or entities other than themselves;

(b)     contemporaneously with the mailing of the Notice, the Claims Administrator shall cause a copy of the Notice to be posted on a website to be developed for the Settlement, from which copies of the Notice can be downloaded;

(c)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as

Exhibit 2, to be published once in *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(d)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Settling Underwriter Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

9.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice and the Summary Notice, attached hereto as Exhibits 1 and 2, respectively; and (b) finds that the mailing and distribution of the Notice and the publication of the Summary Notice in the manner and form set forth in paragraph 8 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of their right to object to the Settlement, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

10.     **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired GTAT Senior Notes pursuant or traceable to the Senior Notes Offering and/or purchased or otherwise acquired GTAT common stock pursuant or traceable to the Common

Stock Secondary Offering for the benefit of another person or entity shall (a) within fourteen (14) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and within fourteen (14) calendar days of receipt of those Notices forward them to all such beneficial owners; or (b) within fourteen (14) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice to such individuals or entities.  Nominees who elect to send the Notice to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

      11.    **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund will be required to complete and submit a Proof of Claim Form in accordance with the instructions to be set forth therein and by the date to be set by the Court.  At this time, a plan of allocation for the distribution of the net proceeds of the Settlement has not been proposed by Lead Plaintiff.  When such a plan is proposed, Settlement Class Members will be given notice of

the proposed plan and afforded the opportunity to object before the Court rules on approval of the plan.

12.     **Exclusion From the Settlement Class** – Any Settlement Class Member who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: GTAT Securities Litigation, EXCLUSIONS, c/o GCG, P.O. Box 10463, Dublin, OH 43017-4063; and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Underwriter Settlement Class in *Levy* v. *Gutierrez, et al.*, Case No. 1:14-cv-00443-JL (GTAT Securities Litigation)"; (iii) state the number of shares of GTAT common stock purchased in or traceable to the Common Stock Secondary Offering and/or the face value of GTAT Senior Notes purchased in or traceable to the Senior Notes Offering that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares/face value, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

13.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any

orders or judgments in the Action relating to the Settlement, and shall not receive any payment out of the Net Settlement Fund.

14.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation, the Settlement, and all proceedings, determinations, orders, and judgments in the Action relating to the Settlement, including, but not limited to, the Judgment, and the Releases provided for therein whether favorable or unfavorable to the Settlement Class; and (d) shall be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Settling Underwriter Defendants' Releasees, as more fully described in the Stipulation and Notice.

15.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Settling Underwriter Defendants' Counsel, at the addresses set forth in ¶ 16 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

16.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement and show cause, if he, she, or it has any cause, why the proposed Settlement should not be approved; *provided,*

*however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Settling Underwriter Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

|                **Lead Counsel**                | **Settling Underwriter Defendants' Counsel** |
| :--------------------------------------------: | :------------------------------------------: |
| Bernstein Litowitz Berger & Grossmann LLP      | Paul Weiss Rifkind Wharton & Garrison LLP    |
| John C. Browne, Esq.                           | Richard A. Rosen, Esq.                       |
| 1251 Avenue of the Americas, 44th Floor        | 1285 Avenue of the Americas                  |
| New York, NY 10020                             | New York, NY 10019-6064                      |

17.    Any objections, filings, and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of GTAT common stock purchased in or traceable to the Common Stock Secondary Offering and/or the face value of GTAT Senior Notes purchased in or traceable to the Senior Notes Offering that the objecting Settlement Class Member purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares/face value, and prices of each such purchase/acquisition and sale.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

18.     Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement or from otherwise being heard concerning the Settlement in this or any other proceeding.

19.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action between the Settling Parties other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Settling Underwriter Defendants' Releasees.

20.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

21.     **Settlement Fund** – The contents of the Settlement Fund held by Valley National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all

obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

23.   **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and the Settling Underwriter Defendants, and the Settling Parties shall revert to their respective positions in the Action as of immediately prior to the execution of the MOU on March 17, 2017, as provided in the Stipulation.

24.   **Use of this Order** – Neither this Order, the MOU, the Stipulation (whether or not consummated), including the exhibits thereto, the Plan of Allocation to be proposed by Lead Plaintiff (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the MOU and the Stipulation, nor any proceedings taken pursuant to or in connection with the MOU, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Settling Underwriter Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Settling Underwriter Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Settling Underwriter Defendants' Releasees or in any way referred to for any other reason as against any of the Settling Underwriter Defendants'

Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Settling Underwriter Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted under thereunder or otherwise to enforce the terms of the Settlement.

25.    **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

26.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2017.


_____
The Honorable Joseph N. Laplante
United States District Judge


#1078162

# EXHIBIT A-1

**Exhibit A-1**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ADAM S. LEVY on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>     v.<br><br>THOMAS GUTIERREZ, RICHARD J. GAYNOR, RAJA BAL, J. MICHAL CONAWAY, KATHLEEN A. COTE, ERNEST L. GODSHALK, MATTHEW E. MASSENGILL, MARY PETROVICH, ROBERT E. SWITZ, NOEL G. WATSON, THOMAS WROE, JR., MORGAN STANLEY & CO. LLC, GOLDMAN, SACHS & CO., CANACCORD GENUITY INC., AND APPLE, INC.,<br><br>    Defendants. | No. 1:14-cv-00443-JL<br><br><br>ECF CASE |

### NOTICE OF (I) CERTIFICATION OF SETTLEMENT CLASS;
### (II) PROPOSED SETTLEMENT WITH SETTLING UNDERWRITER DEFENDANTS; AND (III) SETTLEMENT HEARING

#### *A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF SETTLEMENT:**  Please be advised that the Court-appointed Lead Plaintiff Douglas Kurz ("Lead Plaintiff") and additional named plaintiffs Strategic Master Fund (Cayman) Limited and Highmark Limited (together with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 23 below), have reached a proposed settlement with defendants Morgan Stanley & Co. LLC, Goldman, Sachs & Co. LLC (f/k/a Goldman, Sachs & Co.), and Canaccord Genuity Inc. (collectively, the "Settling Underwriter Defendants," and together with Plaintiffs, the "Settling Parties") for $9,700,000 in cash (the "Settlement").  The Settlement, if approved, will resolve all claims asserted against the Settling Underwriter Defendants in the above-captioned securities class action (the "Action") pending in the United States District Court for the District of New Hampshire (the "Court").  The proposed Settlement does not resolve any claims against any of the other Defendants in the Action.[1]

---

[1] Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement With Underwriter Defendants dated August 18, 2017 (the "Stipulation"), which is available at www.GTATSecuritiesLitigation.com.

**NOTICE OF CERTIFICATION OF SETTLEMENT CLASS:**  Please also be advised that your rights may be affected by the Action if, during the period from November 5, 2013 through 9:40 a.m. Eastern Standard Time on October 6, 2014, inclusive (the "Class Period"), you purchased or otherwise acquired (i) GT Advanced Technologies Inc. ("GTAT") 3.00% Convertible Senior Notes Due 2020 (the "GTAT Senior Notes") pursuant or traceable to GTAT's December 2013 registration statement and prospectus supplement for the GTAT Senior Notes' offering (the "Senior Notes Offering") and/or (ii) shares of GTAT common stock pursuant or traceable to GTAT's December 2013 registration statement and prospectus supplement for the secondary offering of GTAT common stock (the "Common Stock Secondary Offering").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the proposed Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the proposed Settlement, please DO NOT contact the Court, GTAT, the Settling Underwriter Defendants, any other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 56 below).**

**PLEASE NOTE:  CLAIM FORMS ARE NOT BEING DISTRIBUTED NOW.**  A Plan of Allocation that will govern how the proceeds of the Settlement will be divided among eligible class members is not being proposed at this time.  Therefore, you are not receiving a Proof of Claim Form ("Claim Form") with this Notice.  A Plan of Allocation will be proposed at a later date, at which time notice of the proposed plan and the opportunity to object will be given before the Court decides whether to approve the proposed plan.  A Claim Form will become available at that time.

   1.  **Description of the Action and the Settlement Class:**  This Notice relates to a proposed partial settlement in a pending securities class action brought by investors alleging that Defendants violated the federal securities laws by, among other things, making false and misleading statements regarding GTAT or were statutorily liable for false and misleading statements in GTAT's offering materials for GTAT's Senior Notes Offering and Common Stock Secondary Offering.  A more detailed description of the Action and the claims asserted against the Settling Underwriter Defendants (and the other Defendants) is set forth in ¶¶ 11-22 below.  The proposed Settlement, if approved by the Court, will settle the claims of the Settlement Class, as defined in ¶ 23 below, as against the Settling Underwriter Defendants only.[2]

   2.  **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Plaintiffs, on behalf of themselves and the other members of the Settlement Class, have agreed to settle with the Settling Underwriter Defendants in exchange for a payment of $9,700,000 in cash (the "Settlement Amount") to be deposited into an escrow account for the benefit of the Settlement Class.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned

---

[2] The Settlement does not resolve any claims asserted against the "Non-Settling Defendants," which consist of defendants Thomas Gutierrez, Richard Gaynor, Raja Singh Bal, Hoil Kim, and Daniel W. Squiller (the "Officer Defendants"); defendants J. Michal Conaway, Kathleen A. Cote, Ernest L. Godshalk, Matthew E. Massengill, Mary Petrovich, Robert E. Switz, Noel G. Watson, and Thomas Wroe, Jr. (the "Director Defendants"); and defendant Apple, Inc. ("Apple").  The Settling Underwriter Defendants and the Non-Settling Defendants are collectively referred to as the "Defendants".

thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed to Settlement Class Members at a future date, following Court approval of a plan of allocation and the dissemination of a Claim Form to Settlement Class Members.

3.  **Estimate of Average Amount of Recovery Per Share or Note**:  The amount to be distributed to Settlement Class Members on a per share or per note basis will depend on future Court proceedings and factual and legal analysis.  It is, therefore, not possible to estimate the amount of any such distribution at the present time.  Moreover, providing an estimate of the recovery per share or note could be prejudicial to Plaintiffs' ongoing litigation against the Non-Settling Defendants.

4.  **Statement of Potential Outcome of Case and Potential Damages:**  The Settling Parties do not agree on the average amount of damages per share or note that would be recoverable if Plaintiffs were to prevail on the claims asserted against the Settling Underwriter Defendants in the Action.  Among other things, the Settling Underwriter Defendants do not agree with Lead Plaintiffs' assertions that: (i) they violated the federal securities laws; (ii) they made false or misleading statements; or (iii) damages were suffered by members of the Settlement Class as a result of their alleged conduct.

5.  **Attorneys' Fees and Expenses**:  At this time, Plaintiffs' Counsel, who have been prosecuting the Action on a fully contingent basis and have not been paid any fees or expenses, are not seeking an award of attorneys' fees or reimbursement of any expenses that they have incurred.  At a future date, on further notice to members of the Settlement Class and with an opportunity to object, Lead Counsel Bernstein Litowitz Berger & Grossmann LLP will apply to the Court for an award of attorneys' fees and for reimbursement of Litigation Expenses on behalf of all Plaintiffs' Counsel to be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

6.  **Identification of Attorneys' Representatives:**  The Settlement Class is represented by John C. Browne, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, 1-800-380-8496, blbg@blbglaw.com.

7.  **Reasons for the Settlement:**  Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the proposed Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and likely appeals that would follow a trial, a process that could be expected to last several years.  The Settling Underwriter Defendants deny all allegations of wrongdoing or liability whatsoever and are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **REMAIN A MEMBER OF THE SETTLEMENT CLASS**<br><br>**(NO ACTION REQUIRED)** | This is the only way to be eligible to receive a payment from the proceeds of the Settlement.  If you are a member of the Settlement Class and wish to remain in the class, you do not need to take any action in |

| | response to this Notice. |
|---|---|
| | If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 30 below) that you have against the Settling Underwriter Defendants and the other Settling Underwriter Defendants' Releasees (defined in ¶ 31 below). |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2017.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Settling Underwriter Defendants or the other Settling Underwriter Defendants' Releasees concerning the Released Plaintiffs' Claims.  **Please note:** if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by this Action by a statute of repose. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2017.** | If you do not like the Settlement, you may write to the Court and explain why you do not like it.  You cannot object to the proposed Settlement unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2017 AT __:__ A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2017.** | Filing a written objection and notice of intention to appear by _____, 2017 allows you to speak in Court, at the discretion of the Court, about the fairness of the Settlement.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice? .................................................................. Page __

What Is This Case About? ..................................................................... Page __

How Do I Know If I Am Affected By The Settlement?

   Who Is Included In The Settlement Class? .......................... Page __

What Are Plaintiffs' Reasons For The Settlement? ............................. Page __

What Might Happen If There Were No Settlement? .............................. Page __

How Are Settlement Class Members Affected By The Action

   And The Settlement? ...................................................... Page __

What Will I Need To Do To Participate In the Settlement?

| | |
|---|---|
| How Will I Know When A Claim Form Becomes Available? | Page __ |
| How Much Will My Payment From The Settlement Be? | Page __ |
| What Payment Are The Attorneys For The Settlement Class Seeking? | |
| How Will The Lawyers Be Paid? | Page __ |
| What If I Do Not Want To Be A Member Of The Settlement Class? | |
| How Do I Exclude Myself? | Page __ |
| When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing?  How Do I Object? May I Speak At The Hearing If I Don't Like The Settlement? | Page __ |
| What If I Bought Shares or Notes On Someone Else's Behalf? | Page __ |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page __ |

---

### WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have, during the Class Period, purchased or otherwise acquired (i)  GTAT Senior Notes pursuant or traceable to GTAT's December 2013 registration statement and prospectus supplement for the Senior Notes Offering and/or (ii) shares of GTAT common stock pursuant or traceable to GTAT's December 2013 registration statement and prospectus supplement for the Common Stock Secondary Offering.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to so do.  It is also being sent to inform you of the terms of the Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement (the "Settlement Hearing").  *See* ¶¶ 47-48 below for details about the Settlement Hearing, including the date and location of the hearing.

10.   The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.

---

### WHAT IS THIS CASE ABOUT?

11.   This is a securities class action brought against certain of the executive officers and directors of technology company GT Advanced Technologies Inc. ("GTAT" or the "Company"); the underwriters of the Company's public offering of 3.00% Convertible Senior Notes Due 2020 and its secondary public offering of common stock, both conducted on or about December 4, 2013 (the "Offerings"); and technology giant Apple.  The action alleges, among other things, that during the Class Period and/or in the offering materials for the Offerings, Defendants mislead investors about the true nature, progress, and success of GTAT's joint venture agreement with Apple for the production of sapphire material.  The action further alleges that GTAT investors

suffered economic harm when the truth about the Apple agreement was revealed upon the Company's filing for Chapter 11 bankruptcy protection on October 6, 2014.[3]

12.   This litigation was commenced on or about October 9, 2014, with the filing of multiple putative securities class action complaints in the United States District Court for the District of New Hampshire (the "Court").  By Order dated February 4, 2015, the Court consolidated the related actions into the above-captioned action (the "Action").

13.   Pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1 and 78u-4, as amended (the "PSLRA"), notice to the public was issued setting forth the deadline by which putative class members could move the Court to be appointed to act as lead plaintiff.  On May 20, 2015, the Court entered an Order appointing Douglas Kurz as Lead Plaintiff in the Action, and approving Lead Plaintiff's selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel and Orr & Reno as Local Counsel.

14.   On July 20, 2015, Lead Plaintiff filed and served the Consolidated Class Action Complaint (the "Complaint"), which included Strategic Master Fund (Cayman) Limited and Highmark Limited as additional named plaintiffs.  The Complaint asserted claims under § 11 of the Securities Act of 1933 (the "Securities Act") against the Underwriter Defendants, the Director Defendants, and certain of the Officer Defendants; claims under § 12(a)(2) of the Securities Act against the Underwriter Defendants; and claims under § 15 of the Securities Act against the Director Defendants, certain of the Officer Defendants, and Apple, alleging that these Defendants were statutory liable for false and misleading statements in the offering materials for the Offerings.  The Complaint also asserted claims under § 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, against certain of the Officer Defendants; and claims under § 20(a) of the Exchange Act against the Officer Defendants and Apple.

15.   On October 7, 2015, the Underwriter Defendants (and the other Defendants) filed and served their motions to dismiss the Complaint.  On December 18, 2015, Lead Plaintiff filed and served his papers in opposition to the motions to dismiss; on March 2, 2016, the Underwriter Defendants (and the other Defendants) filed and served their reply papers; and, on March 22, 2016, Lead Plaintiff filed his sur-reply.

16.   On March 17, 2017, following extensive, arm's-length negotiations, Plaintiffs and the Settling Underwriter Defendants entered into a Memorandum of Understanding (the "MOU") memorializing the Settling Parties' agreement in principle to settle the Action as against the Settling Underwriter Defendants for $9,700,000 in cash.  Pursuant to the MOU, the agreement to settle was conditioned on Plaintiffs confirming the fairness, reasonableness, and adequacy of the Settlement based on due-diligence discovery to be provided by the Settling Underwriter Defendants, including the production of certain documents and information regarding the allegations and claims asserted against the Settling Underwriter Defendants in the Complaint. The Settling Parties agreed that any ruling by the Court in this Action, other than a ruling relating specifically to the Settlement, would not affect the validity or finality of the Settlement.

17. Following the execution of the MOU, Lead Counsel reviewed, as part of the due-diligence discovery provided by the Settling Underwriter Defendants, approximately 13,500

---

[3] As a result of the Company's filing for bankruptcy protection, GTAT was not named as a defendant in this action.

documents totaling approximately 70,000 pages from the files of the Settling Underwriter Defendants concerning the Senior Notes Offering and the Common Stock Offering, and, based on this review, confirmed that the Settlement is fair, reasonable, and adequate.

18. On May 4, 2017, the Court entered its Memorandum Opinion denying in part and granting in part the Non-Settling Defendants' motions to dismiss.[4]

19. On August 18, 2017, the Settling Parties entered into the Stipulation, which sets forth the terms and conditions of the Settlement.    The Stipulation can be viewed at www.GTATSecuritiesLitigation.com.

20. Based upon their investigation, prosecution, and settlement of the case, and further confirmation through due-diligence discovery, Plaintiffs and Lead Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable, and adequate to Plaintiffs and the Settlement Class, and in their best interests.

21. The Settling Underwriter Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.    Each of the Settling Underwriter Defendants denies any wrongdoing.

22. On _____, 2017, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? |
| WHO IS INCLUDED IN THE SETTLEMENT CLASS? |

23. If you are a member of the Settlement Class, you are subject to the terms of the Settlement, unless you timely request to be excluded.    The "Settlement Class" or "Underwriter Settlement Class" consists of:

> all persons and entities who or which from November 5, 2013 through 9:40 a.m. Eastern Standard Time on October 6, 2014, inclusive (the "Class Period") purchased or otherwise acquired (i) GTAT 3.00% Convertible Senior Notes Due 2020 (the "GTAT Senior Notes") pursuant or traceable to GTAT's December 2013 registration statement and prospectus supplement for the GTAT Senior Notes' offering (the "Senior Notes Offering") and/or (ii) shares of GTAT common stock pursuant or traceable to GTAT's December 2013 registration statement and prospectus supplement for the secondary offering of GTAT common stock (the "Common Stock Secondary Offering").

Excluded from the Settlement Class are Defendants; GTAT; the affiliates and subsidiaries of the Underwriter Defendants, GTAT, and Apple; the Officers,[5] directors, and partners of the

---

[4] Upon reaching their agreement-in-principle to settle the Action, Plaintiffs and the Settling Underwriter Defendants informed the Court that they had reached a settlement and requested that the Court refrain from ruling on the Settling Underwriter Defendants' motion to dismiss while the parties engaged in due-diligence discovery.    Accordingly, in its May 4, 2017 Memorandum Opinion, the Court denied the Underwriter Defendants' motion to dismiss without prejudice to their ability to re-submit the motion if necessary.

Underwriter Defendants, GTAT, and Apple during the Class Period; members of the Immediate Family[6] of any excluded person; the heirs, successors, and assigns of any excluded person or entity; and any entity in which any excluded person or entity has or had during the Class Period a controlling interest; *provided, however*, that any Investment Vehicle[7] shall not be deemed an excluded person or entity by definition.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion from the Settlement Class in accordance with the requirements set forth in this Notice.  *See* "What if I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," page [__] below.

**RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  FURTHER, AS NOTED ABOVE, CLAIM FORMS ARE NOT BEING DISSEMINATED AT THIS TIME.  SEE ¶ 40 BELOW FOR HOW YOU WILL BE ABLE TO DETERMINE WHEN CLAIM FORMS BECOME AVAILABLE.**

| WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
| --- |

24.  Plaintiffs and Lead Counsel believe that the claims asserted against the Settling Underwriter Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Settling Underwriter Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Such risks include the potential challenges associated with proving that there were material misstatements and omissions in the public securities offering documents at issue, that the Settling Underwriter Defendants' failed to conduct adequate due diligence, and class-wide damages.  Plaintiffs would have to prevail at several stages – motions for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow.  Thus, there were very significant risks attendant to the continued prosecution of the claims against the Settling Underwriter Defendants.

25.  In light of these risks, the amount of the Settlement, and the certainty of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.  Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely

---

[5] "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

[6] "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this definition, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

[7] "Investment Vehicle" means any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, and hedge funds, in which any of the Underwriter Defendants have, has, or may have a direct or indirect interest, or as to which any of their respective affiliates may act as an investment advisor but of which any of the Underwriter Defendants or any of their respective affiliates is not a majority owner or does not hold a majority beneficial interest. This definition of Investment Vehicle does not bring into the Settlement Class any of the Underwriter Defendants themselves.

$9,700,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action against the Settling Underwriter Defendants might produce a smaller, or no recovery, after summary judgment, trial, and appeals.

26.  The Settling Underwriter Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. The Settling Underwriter Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by the Settling Underwriter Defendants.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
|---|

27.  If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against the Settling Underwriter Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from these Defendants.  Also, if the Settling Underwriter Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less from the Settling Underwriter Defendants than the amount provided in the Settlement, or nothing at all.

| HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT? |
|---|

28.  If you are a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

29.  If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class,[8] you will be bound by any orders issued by the Court relating to the Settlement.  If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against the Settling Underwriter Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 30 below) against the Settling Underwriter Defendants and the other Settling Underwriter Defendants' Releasees (as defined in ¶ 31 below), and will forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Settling Underwriter Defendants' Releasees.

---

[8] If you are a Settlement Class Member and do not wish to remain a class member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," below.

30. "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that were or could have been asserted in the Action arising out of or relating to (i) the purchase, acquisition, sale, or holding of GTAT Senior Notes or GTAT publicly traded common stock by Plaintiffs and/or Settlement Class Members during the Class Period, and (ii) the facts, matters, allegations, transactions, events, disclosures, statements, acts or omissions involved, set forth, or referred to in the Complaint. Released Plaintiffs' Claims do not cover or include (i) any claims asserted, or which may be asserted, in the Action against any of the Non-Settling Defendants or any person or entity with whom or which Lead Plaintiff has a tolling agreement; (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court after notice to the Settling Underwriter Defendants; and (iii) any claims relating to the enforcement of the Settlement.

31. "Settling Underwriter Defendants' Releasees" means (i) the Settling Underwriter Defendants; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the Settling Underwriter Defendants; and (iii) the current and former officers, directors, agents, employees, attorneys, and advisors of each of the foregoing in (i) and (ii), in their capacities as such. Notwithstanding the foregoing, the Settling Underwriter Defendants' Releasees do not include any of the Non-Settling Defendants.

32. "Unknown Claims" means any Released Plaintiffs' Claims (as defined in ¶ 30 above) which Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Settling Underwriter Defendants' Claims (as defined in ¶ 34 below) which any Settling Underwriter Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and the Settling Underwriter Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and the Settling Underwriter Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

33. The Judgment will also provide that, upon the Effective Date of the Settlement, the Settling Underwriter Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Settling Underwriter Defendants' Claim (as defined in ¶ 34 below) against Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 35 below), and will

forever be barred and enjoined from prosecuting any or all of the Released Settling Underwriter Defendants' Claims against any of the Plaintiffs' Releasees.

34. "Released Settling Underwriter Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Settling Underwriter Defendants. Released Settling Underwriter Defendants' Claims do not include (i) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court after notice to the Settling Underwriter Defendants; and (ii) any claims relating to the enforcement of the Settlement.

35. "Plaintiffs' Releasees" means (i) Plaintiffs, their respective attorneys, and all other Settlement Class Members; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, directors, agents, employees, attorneys, and advisors of the each of the foregoing in (i) and (ii), in their capacities as such.

---

**WHAT WILL I NEED TO DO TO PARTICIPATE IN THE SETTLEMENT? HOW WILL I KNOW WHEN A CLAIM FORM BECOMES AVAILABLE?**

---

36. If you are a member of the Settlement Class, you will have to submit a Claim Form and supporting documentation in order to establish your eligibility to share in the proceeds of the Settlement. Those who exclude themselves from the Settlement Class, and those who fail to submit timely and valid Claim Forms with adequate supporting documentation, will not be eligible to share in the Settlement.

37. As noted above, Claim Forms are not being disseminated at this time, and **you should not submit any documentation in support of your claim at this time**. However, please retain all documentation regarding your ownership of and transactions in GTAT Senior Notes and GTAT common stock as you will need it to support your claim when Claim Forms are disseminated.

38. If you received this Notice in the mail, in order to make sure that you receive any further notices in this Action, you are requested to email notice of any change in your address to the Claims Administrator at info@GTATSecuritiesLitigation.com. You may also mail notice of any change in your address to:

GTAT Securities Litigation
c/o GCG
P.O. Box 10463
Dublin, OH 43017-4063

39. If this Notice was forwarded to you by the postal service, or if it was otherwise sent to you at an address that is not current, you should contact the Claims Administrator by email at info@GTATSecuritiesLitigation.com, by regular mail at the address above, or by calling 1-866-562-8790, and provide the Claims Administrator with your correct address.

40. Copies of this Notice are forwarded to potential Settlement Class Members by brokers or other nominees (*see* ¶ 55 below). In such case, the Claims Administrator will not have any

mailing address for those persons and entities.  Pursuant to the Court's Order, the brokers and nominees who elect to forward the Notice to their customers are directed to save the names and addresses for use in connection with further notice in the Action.  We suggest, however, that all persons and entities who or which have received a copy of this Notice periodically check the website maintained by the Claims Administrator, www.GTATSecuritiesLitigation.com.  The website will be updated to inform Settlement Class Members of developments in the Action, including advising them of the date the Claim Form becomes available.  If you do not receive a copy of the Claim Form in the mail, you will be able to download it from the website.

| HOW MUCH WILL MY PAYMENT FROM THE SETTLEMENT BE? |
| --- |

41.  The proceeds of the Settlement will be distributed in accordance with the plan of allocation that is approved by the Court.  The amounts to be distributed to individual Settlement Class Members will depend on a variety of factors, including: the number of other Settlement Class Members who submit valid Claim Forms; the number of shares of GTAT common stock you purchased in or traceable to the Common Stock Secondary Offering and/or the number of GTAT Senior Notes that you purchased in or traceable to the Senior Notes Offering; the prices and dates of those purchases; and the prices and dates of any sales of such stock or notes.  Some Settlement Class Members may recover more or less than others depending on, among other factors, when their securities were purchased or sold.   As noted above, at a future date, Plaintiffs will provide notice of the proposed Plan of Allocation and Settlement Class Members will have an opportunity to object to it before the Court determines whether the proposed plan should be approved.

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID? |
| --- |

42.  At this time, Plaintiffs' Counsel are not seeking an award of attorneys' fees or reimbursement of any expenses that they have incurred.  At a future date, on further notice to members of the Settlement Class and with an opportunity to object, Lead Counsel will apply to the Court for an award of attorneys' fees and for reimbursement of Litigation Expenses on behalf of all Plaintiffs' Counsel to be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

| WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF? |
| --- |

43.  Each Settlement Class Member will be bound by the determinations, orders, and judgments in this Action relating to the Settlement, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Underwriter Settlement Class, addressed to GTAT Securities Litigation, EXCLUSIONS, c/o GCG, P.O. Box 10463, Dublin, OH 43017-4063.   The exclusion request must be *received* no later than _____, 2017.   You will not be able to exclude yourself from the Underwriter Settlement Class after that date.  Each Request for Exclusion must: (a) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity

"requests exclusion from the Underwriter Settlement Class in *Levy* v. *Gutierrez, et al.*, Case No. 1:14-cv-00443-JL (GTAT Securities Litigation)"; (c) state the number of shares of GTAT common stock purchased in or traceable to the Common Stock Secondary Offering and/or the face value of GTAT Senior Notes purchased in or traceable to the Senior Notes Offering that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares/face value, and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

44.  If you do not want to be part of the Underwriter Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Settling Underwriter Defendants' Releasees.  Excluding yourself from the Underwriter Settlement Class is the only option that allows you to be part of any other lawsuit against any of the Settling Underwriter Defendants or the other Settling Underwriter Defendants' Releasees concerning the Released Plaintiffs' Claims.  Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting claims covered by the Action by a statute of repose.

45.  If you are excluded from the Underwriter Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

46.  The Settling Underwriter Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Underwriter Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and the Settling Underwriter Defendants.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? HOW DO I OBJECT? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

47.  **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a class member does not attend the hearing.  Settlement Class Members can participate in the Settlement without attending the Settlement Hearing.  Please Note: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. You should monitor the Court's docket and the website maintained by the Claims Administrator, www.GTATSecuritiesLitigation.com, before making plans to attend the Settlement Hearing.  You may also confirm the date and time of the Settlement Hearing by contacting Lead Counsel.**

48.  The Settlement Hearing will be held on _____, 2017 at _:__ _.m., before the Honorable Joseph N. Laplante at the United States District Court for the District of New Hampshire, Courtroom 2, 55 Pleasant Street, Concord, NH 03301-3941.  The Court reserves the right to approve the Settlement and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

49.  Any Settlement Class Member who or which does not request exclusion may object to the Settlement.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of New Hampshire at the address set forth below on or before _____, **2017**.  You must also mail the papers to Lead Counsel and Settling Underwriter Defendants' Counsel at the addresses set forth below so that the papers are *received* on or before _____, **2017**.

| **Clerk's Office** | **Lead Counsel** | **Settling Underwriter Defendants' Counsel** |
|---|---|---|
| U.S. District Court | **Bernstein Litowitz Berger** | **Paul Weiss Rifkind Wharton** |
| District of New Hampshire | **& Grossmann LLP** | **& Garrison LLP** |
| Clerk of the Court | John C. Browne, Esq. | Richard A. Rosen, Esq. |
| 55 Pleasant Street, Room 110 | 1251 Avenue of the Americas | 1285 Avenue of the Americas |
| Concord, NH 03301-3941 | 44th Floor | New York, NY 10019-6064 |
|  | New York, NY 10020 |  |

50.  Any objection: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of GTAT common stock purchased in or traceable to the Common Stock Secondary Offering and/or the face value of GTAT Senior Notes purchased in or traceable to the Senior Notes Offering that the objecting Settlement Class Member purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares/face value, and prices of each such purchase/acquisition and sale.  You may not object to the Settlement if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

51.  You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

52.  If you wish to be heard orally at the hearing, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Settling Underwriter Defendants' Counsel at the addresses set forth in ¶ 49 above so that the notice is *received* on or before _____, **2017**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

53.  You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Settling Underwriter Defendants' Counsel at the addresses set forth in ¶ 49 above so that the notice is *received* on or before _____, **2017**.

54. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF? |
| --- |

55. If during the period from November 5, 2013 through 9:40 a.m. Eastern Standard Time on October 6, 2014, inclusive, you (i) purchased or otherwise acquired GTAT 3.00% Convertible Senior Notes Due 2020 pursuant or traceable to the December 2013 Senior Notes Offering and/or (ii) purchased or otherwise acquired GTAT common stock pursuant or traceable to the December 2013 Common Stock Secondary Offering, for the beneficial interest of persons or organizations other than yourself, you must either (a) within fourteen (14) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and within fourteen (14) calendar days of receipt of those Notices forward them to all such beneficial owners; or (b) within fourteen (14) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to GTAT Securities Litigation, c/o GCG, P.O. Box 10463, Dublin, OH 43017-4063. If you choose the first option, you must send a statement to the Claims Administrator confirming that the mailing was made and **you must retain your mailing records for use in connection with any further notices that may be provided in the Action**. If you choose the second option, the Claims Administrator will send a copy of the Notice to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice may also be obtained from the website maintained by the Claims Administrator, www.GTATSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-866-562-8790, or by emailing the Claims Administrator at info@GTATSecuritiesLitigation.com.

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
| --- |

56. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the District of New Hampshire, 55 Pleasant Street, Concord, NH 03301. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.GTATSecuritiesLitigation.com.

**Requests for the Notice or to be added to the mailing list for future notices in the Action should be made to:**

**Inquiries, other than requests for the Notice, should be made to Lead Counsel:**

GTAT Securities Litigation
c/o GCG
P.O. Box 10463

John C. Browne, Esq.
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP

Dublin, OH 43017-4063                    1251 Avenue of the Americas, 44th Floor
1-866-562-8790                              New York, NY 10020
info@GTATSecuritiesLitigation.com              1-800-380-8496
www.GTATSecuritiesLitigation.com              blbg@blbglaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2017                    By Order of the Court
                                             United States District Court
                                             District of New Hampshire

#1079412

# EXHIBIT A-2

**Exhibit A-2**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ADAM S. LEVY on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS GUTIERREZ, RICHARD J. GAYNOR, RAJA BAL, J. MICHAL CONAWAY, KATHLEEN A. COTE, ERNEST L. GODSHALK, MATTHEW E. MASSENGILL, MARY PETROVICH, ROBERT E. SWITZ, NOEL G. WATSON, THOMAS WROE, JR., MORGAN STANLEY & CO. LLC, GOLDMAN, SACHS & CO., CANACCORD GENUITY INC., AND APPLE, INC.,<br><br>Defendants. | No. 1:14-cv-00443-JL<br><br><br>ECF CASE |

## SUMMARY NOTICE OF (I) CERTIFICATION OF SETTLEMENT CLASS; (II) PROPOSED SETTLEMENT WITH SETTLING UNDERWRITER DEFENDANTS; AND (III) SETTLEMENT HEARING

**TO:  All persons and entities who from November 5, 2013 through 9:40 a.m. Eastern Standard Time on October 6, 2014, inclusive (the "Class Period") purchased or otherwise acquired (i) GTAT 3.00% Convertible Senior Notes Due 2020 pursuant or traceable to GTAT's December 2013 registration statement and prospectus supplement for the GTAT Senior Notes' offering and/or (ii) shares of GTAT common stock pursuant or traceable to GTAT's December 2013 registration statement and prospectus supplement for the secondary offering of GTAT common stock (the "Settlement Class").**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Hampshire, that the above-captioned litigation (the "Action") has been certified as a class action for the purposes of settlement only on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed

Notice of (I) Certification of Settlement Class; (II) Proposed Settlement with Settling Underwriter Defendants; and (III) Settlement Hearing (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed partial settlement of the Action for $9,700,000 in cash (the "Settlement"), that, if approved, will resolve all claims asserted in the Action against defendants Morgan Stanley & Co. LLC, Goldman, Sachs & Co. LLC (f/k/a Goldman, Sachs & Co.), and Canaccord Genuity Inc. (collectively, the "Settling Underwriter Defendants"). The proposed Settlement does not resolve any claims against any of the other Defendants in the Action, which are continuing to be litigated.

A hearing will be held on _____, 2017 at _:__ _.m., before the Honorable Joseph N. Laplante at the United States District Court for the District of New Hampshire, Courtroom 2, 55 Pleasant Street, Concord, NH 03301-3941, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; and (ii) whether the Action should be dismissed with prejudice as against the Settling Underwriter Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement With Settling Underwriter Defendants dated August 18, 2017 (and in the Notice) should be granted.

**If you are a member of the Settlement Class, your rights will be affected by the proposed Settlement and any orders or judgments related to the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice, you may obtain a copy by contacting the Claims Administrator at GTAT Securities Litigation, c/o GCG, P.O. Box 10463, Dublin, OH 43017-4063, by toll-free phone at 1-866-562-879, or by email at info@GTATSecuritiesLitigation.com. Copies of the Notice can also be downloaded from the website maintained by the Claims Administrator, www.GTATSecuritiesLitigation.com.

A Proof of Claim Form ("Claim Form") is **not** being disseminated at this time. To participate in the Settlement, you will be required to submit a Claim Form that will be disseminated at a future date. Copies of the full Notice are being forwarded to potential settlement class members through brokers and other nominees. If you have not yet received the full Notice by mail, or if you do not receive a copy in the mail in the next few weeks, please contact the Claims Administrator at the address above to request that you be added to the mailing list for the GTAT Securities Litigation. **PLEASE NOTE***: The Claim Form, when it becomes available, and other notices in the Action will be posted on the website referred to in the preceding paragraph. Please check it periodically.

If you are a member of the Settlement Class and wish to exclude yourself from the class, you must submit a written request for exclusion such that it is *received* no later than _____, **2017**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action, and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement must be filed with the Court and delivered to Lead Counsel and Settling Underwriter Defendants' Counsel such that they are *received* no later than _____, **2017**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, GTAT, the Settling Underwriter Defendants, any other Defendants in the Action, or their counsel regarding this notice.  All questions about this notice or the proposed Settlement should be directed to the Claims Administrator or Lead Counsel.**

**Requests for the Notice or to be added to the mailing list
for future notices in the Action should be made to:**

GTAT Securities Litigation
c/o GCG
P.O. Box 10463
Dublin, OH 43017-4063
1-866-562-8790
info@GTATSecuritiesLitigation.com
www.GTATSecuritiesLitigation.com

**Inquiries, other than requests for the Notice, should be made to Lead Counsel:**

John C. Browne, Esq.
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
1-800-380-8496
blbg@blbglaw.com

By Order of the Court

#1081518

3

# EXHIBIT B

Exhibit B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| ADAM S. LEVY on behalf of himself and all others similarly situated, | No. 1:14-cv-00443-JL |
| Plaintiff, | |
| v. | ECF CASE |
| THOMAS GUTIERREZ, RICHARD J. GAYNOR, RAJA BAL, J. MICHAL CONAWAY, KATHLEEN A. COTE, ERNEST L. GODSHALK, MATTHEW E. MASSENGILL, MARY PETROVICH, ROBERT E. SWITZ, NOEL G. WATSON, THOMAS WROE, JR., MORGAN STANLEY & CO. LLC, GOLDMAN, SACHS & CO., CANACCORD GENUITY INC., AND APPLE, INC., | |
| Defendants. | |

**JUDGMENT APPROVING CLASS ACTION SETTLEMENT**
**WITH SETTLING UNDERWRITER DEFENDANTS**

WHEREAS, a consolidated class action is pending in this Court entitled *Levy* v. *Gutierrez, et al.*, Case No. 1:14-cv-00443-JL (the "Action");

WHEREAS, (a) lead plaintiff Douglas Kurz ("Lead Plaintiff") and plaintiffs Strategic Master Fund (Cayman) Limited and Highmark Limited (collectively, the "Securities Act Plaintiffs," and together with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) defendants Morgan Stanley & Co. LLC, Goldman, Sachs & Co. LLC (f/k/a Goldman, Sachs & Co.), and Canaccord Genuity Inc. (collectively, the "Settling Underwriter Defendants," and together with Plaintiffs, the "Settling Parties") have entered into a Stipulation and Agreement of Settlement With Settling Underwriter Defendants

dated August 18, 2017 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against the Settling Underwriter Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2017 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2017 (the "Settlement Hearing") to consider, among other things: (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Settling Underwriter Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on _____ __, 2017; and (b) the Notice and the Summary Notice, both of which were filed with the Court on _____ __, 2017.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of all persons and entities who or which from November 5, 2013 through 9:40 a.m. Eastern Standard Time on October 6, 2014, inclusive (the "Class Period") purchased or otherwise acquired (i) GTAT 3.00% Convertible Senior Notes Due 2020 (the "GTAT Senior Notes") pursuant or traceable to GTAT's December 2013 registration statement and prospectus supplement for the GTAT Senior Notes' offering (the "Senior Notes Offering") and/or (ii) shares of GTAT common stock pursuant or traceable to GTAT's December 2013 registration statement and prospectus supplement for the secondary offering of GTAT common stock (the "Common Stock Secondary Offering") (the "Settlement Class" or "Underwriter Settlement Class").  Excluded from the Settlement Class are Defendants; GTAT; the affiliates and subsidiaries of the Underwriter Defendants, GTAT, and Apple; the Officers, directors, and partners of the Underwriter Defendants, GTAT, and Apple during the Class Period; members of the Immediate Family of any excluded person; the heirs, successors, and assigns of any excluded person or entity; and any entity in which any excluded person or entity has or had

3

during the Class Period a controlling interest; *provided, however*, that any Investment Vehicle (as defined in the Stipulation) shall not be deemed an excluded person or entity by definition.  [Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded pursuant to request.]

4.      **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs Douglas Kurz, Strategic Master Fund (Cayman) Limited, and Highmark Limited as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class.  Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.      **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) their right to object to any aspect of the Settlement; (iv) their right to exclude themselves from the Settlement Class; and (v) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process

Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1, as amended, and all other applicable law and rules.

6.     **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein, including the release of the Released Plaintiffs' Claims as against the Settling Underwriter Defendants' Releasees; and the dismissal with prejudice of the claims asserted against the Settling Underwriter Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.  The Settling Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.     All of the claims asserted against the Settling Underwriter Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.     **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on the Settling Underwriter Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Proof of Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request, and are, therefore, not bound by the terms of the Stipulation or this Judgment.]

9.      **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.   The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)      Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Settling Underwriter Defendants and the other Settling Underwriter Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Settling Underwriter Defendants' Releasees.   This Release shall not apply to any Excluded Plaintiffs' Claim.

(b)      Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, the Settling Underwriter Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Settling Underwriter Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Settling Underwriter Defendants' Claims against any of the Plaintiffs' Releasees.   This Release shall not apply to any Excluded Settling Underwriter Defendants' Claim.

10.     Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.     **Bar Order** – The Court hereby bars all future claims and claims over by any individual or entity against any of the Settling Underwriter Defendants' Releasees, and by the Settling Underwriter Defendants' Releasees against any individual or entity, for (a) contribution or indemnity (or any other claim or claim over, however denominated on whatsoever theory) arising out of or related to the claims or allegations asserted by Plaintiffs in the Action, or (b) any other claim of any type, whether arising under state, federal, common, or foreign law, for which the injury claimed is that person's or entity's actual or threatened liability to Plaintiffs and/or members of the Settlement Class (the "Bar Order"); *provided, however*, the Bar Order shall not preclude the Settling Underwriter Defendants from seeking to enforce any right of indemnification or contribution with respect to the payment of the Settlement Amount or defense costs.  Nothing in the Bar Order or the Stipulation shall release any proofs of claim that any of the Settling Underwriter Defendants has filed in the GTAT bankruptcy.

12.     **Judgment Reduction** – Any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any individual or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Settling Underwriter Defendants for common damages; or (b) the amount paid by or on behalf of the Settling Underwriter Defendants to the Settlement Class or Settlement Class Member for common damages.

13.     **Rule 11 Findings** – The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the

Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14.    **No Admissions** – Neither this Judgment, the MOU, the Stipulation (whether or not consummated), including the exhibits thereto, the Plan of Allocation to be proposed by Lead Plaintiff (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the MOU and the Stipulation, nor any proceedings taken pursuant to or in connection with the MOU, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Settling Underwriter Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Settling Underwriter Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Settling Underwriter Defendants' Releasees or in any way referred to for any other reason as against any of the Settling Underwriter Defendants' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)    shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Settling Underwriter Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with

respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

> (c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Settling Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder or thereunder or otherwise to enforce the terms of the Settlement.

15.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Settling Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve a plan of allocation for the proceeds of the Settlement Fund; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Settlement.

16.     At this time, motions for approval of a plan of allocation or for an award of attorneys' fees and reimbursement of Litigation Expenses to Plaintiffs' Counsel have not been made.  Following additional notice to Settlement Class Members and an opportunity to be heard, separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders

shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

17.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and the Settling Underwriter Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and the Settling Underwriter Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and the Settling Underwriter Defendants, and the Settling Parties shall revert to their respective positions in the Action as of immediately prior to the execution of the MOU on March 17, 2017, as provided in the Stipulation.

19.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action as against the Settling Underwriter Defendants pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment as against the Settling Underwriter Defendants.

SO ORDERED this _____ day of _____, 2017.


_____
The Honorable Joseph N. Laplante
United States District Judge


#1079510

**Exhibit 1**

**[List of Persons and Entities Excluded from the
Settlement Class Pursuant to Request]**