## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ADAM S. LEVY on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS GUTIERREZ, RICHARD J. GAYNOR, RAJA BAL, J. MICHAL CONAWAY, KATHLEEN A. COTE, ERNEST L. GODSHALK, MATTHEW E. MASSENGILL, MARY PETROVICH, ROBERT E. SWITZ, NOEL G. WATSON, THOMAS WROE, JR., MORGAN STANLEY & CO. LLC, GOLDMAN, SACHS & CO., CANACCORD GENUITY INC., AND APPLE, INC.,<br><br>Defendants. | No. 1:14-cv-00443-JL<br><br><br>ECF CASE |

## ORDER PRELIMINARILY APPROVING
## SETTLEMENTS AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending in this Court entitled *Levy* v. *Gutierrez, et al.*, Case No. 1:14-cv-00443-JL (the "Action");

WHEREAS, (a) Lead Plaintiff Douglas Kurz ("Lead Plaintiff") and named plaintiffs Strategic Master Fund (Cayman) Limited ("Strategic Master Fund"), and Highmark Limited, in respect of its Segregated Account Highmark Fixed Income 2 ("Highmark Limited," and together with Strategic Master Fund, the "Securities Act Plaintiffs"), on behalf of themselves and the Individual Defendant Settlement Class (defined below), and (b) defendants Thomas Gutierrez, Richard Gaynor, Kanwardev Raja Singh Bal, Hoil Kim, Daniel W. Squiller, J. Michal Conaway, Kathleen A. Cote, Ernest L. Godshalk, Matthew E. Massengill, Mary Petrovich, Robert E. Switz,

Noel G. Watson, and Thomas Wroe, Jr. (collectively, the "Individual Defendants") have determined to settle all claims asserted against the Individual Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement With Individual Defendants dated January 26, 2018 (the "Individual Defendant Stipulation"), subject to approval of this Court (the "Individual Defendant Settlement").

WHEREAS, (a) Lead Plaintiff and the Securities Act Plaintiffs, on behalf of themselves and the Underwriter Defendant Settlement Class (defined below); and (b) defendants Morgan Stanley & Co. LLC, Goldman, Sachs & Co. LLC (f/k/a Goldman, Sachs & Co.), and Canaccord Genuity Inc. (collectively, the "Underwriter Defendants") have determined to settle all claims asserted against the Underwriter Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement With Settling Underwriter Defendants dated August 18, 2017, and the Supplement thereto dated January 26, 2018 (the "Underwriter Defendant Stipulation"), subject to approval of this Court (the "Underwriter Defendant Settlement");

WHEREAS, for the purposes of this Order, (a) the Individual Defendant Stipulation and the Underwriter Defendant Stipulation shall be collectively referred to as the "Stipulations"; (b) the Individual Defendant Settlement and the Underwriter Defendant Settlement shall be collectively referred to as the "Settlements"; (c) the Individual Defendants and the Underwriter Defendants shall be collectively referred to as the "Settling Defendants"; (d) the Individual Defendant Settlement Class and the Underwriter Defendant Settlement Class shall be collectively referred to as the "Settlement Classes"; (e) members of the Individual Defendant Settlement Class shall be referred to as Individual Defendant Settlement Class Members; members of the Underwriter Defendant Settlement Class shall be referred to as Underwriter

2

Defendant Settlements Class Members, and Individual Defendant Settlement Class Members and Underwriter Defendant Settlement Class Members shall be collectively referred to as "Settlement Class Members"; (f) the Settling Defendants, Lead Plaintiff, and the Securities Act Plaintiffs, shall be collectively referred to as the "Settling Parties"; and (g) unless otherwise defined herein, all other capitalized words contained herein shall have the same meanings as set forth in the respective Stipulations;

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlements in accordance with the respective Stipulations, certifying the Settlement Classes for purposes of the respective Settlements only, and allowing notice to Settlement Class Members as more fully described herein; and

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlements, and the papers filed and arguments made in connection therewith; and (b) the Stipulations and the respective exhibits attached thereto.

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Certification of the Individual Defendant Settlement Class**

(a)      **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Individual Defendant Settlement, a class consisting of all persons and entities who or which from November 5, 2013 through 9:40 a.m. Eastern Standard Time on October 6, 2014, inclusive (the "Class Period") purchased or otherwise acquired publicly traded GT Advanced Technologies Inc. ("GTAT") common stock ("GTAT Common Stock") and/or GTAT 3.00% Convertible Senior Notes Due 2020 ("GTAT Senior Notes"), purchased or

otherwise acquired publicly traded call options on GTAT common stock ("GTAT Call Options"), or sold (wrote) publicly traded put options on GTAT common stock ("GTAT Put Options"), and were damaged thereby (the "Individual Defendant Settlement Class"). Excluded from the Individual Defendant Settlement Class are the Individual Defendants, the Underwriter Defendants, and defendant Apple, Inc. ("Apple," and together with the Individual Defendants and Underwriter Defendants, the "Defendants"); GTAT; the affiliates and subsidiaries of the Underwriter Defendants, GTAT, and Apple; the Officers, directors, and partners of the Underwriter Defendants, GTAT, and Apple during the Class Period; members of the Immediate Family of any excluded person; the heirs, successors, and assigns of any excluded person or entity; and any entity in which any excluded person or entity has or had during the Class Period a controlling interest; *provided, however*, that any Investment Vehicle (as defined in the Individual Defendant Stipulation) shall not be deemed an excluded person or entity by definition. Also excluded from the Individual Defendant Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

(b)     **Class Findings** – Solely for purposes of the proposed Individual Defendant Settlement, the Court finds that each element required for certification of the Individual Defendant Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Individual Defendant Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Individual Defendant Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff and the Securities Act Plaintiffs in the Action are typical of the claims of the Individual Defendant Settlement Class; (d) Lead Plaintiff, the Securities Act Plaintiffs, and Lead Counsel have and will fairly and adequately represent and

protect the interests of the Individual Defendant Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

(c)      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Individual Defendant Settlement only, Plaintiffs Douglas Kurz, Strategic Master Fund, and Highmark Limited are adequate class representatives and certifies them as Class Representatives for the Individual Defendant Settlement Class.  The Court also appoints Lead Counsel as Class Counsel for the Individual Defendant Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

2.      **Certification of the Underwriter Defendant Settlement Class**

(a)      **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Underwriter Defendant Settlement, a class consisting of all persons and entities who or which from November 5, 2013 through 9:40 a.m. Eastern Standard Time on October 6, 2014, inclusive (the "Class Period") purchased or otherwise acquired (i)  GTAT Senior Notes pursuant or traceable to GTAT's December 2013 registration statement and prospectus supplement for the GTAT Senior Notes' offering (the "Senior Notes Offering") and/or (ii) shares of GTAT Common Stock pursuant or traceable to GTAT's December 2013 registration statement and prospectus supplement for the secondary offering of GTAT common stock (the "Common Stock Secondary Offering") (the "Underwriter Defendant Settlement Class").  Excluded from the Underwriter Defendant Settlement Class are Defendants; GTAT; the affiliates and subsidiaries of the Underwriter Defendants, GTAT, and Apple; the Officers, directors, and partners of the Underwriter Defendants, GTAT, and Apple during the Class Period; members of the Immediate Family of any excluded person; the heirs, successors, and

assigns of any excluded person or entity; and any entity in which any excluded person or entity has or had during the Class Period a controlling interest; *provided, however*, that any Investment Vehicle (as defined in the Underwriter Defendant Stipulation) shall not be deemed an excluded person or entity by definition.  Also excluded from the Underwriter Defendant Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court after notice to the Settling Underwriter Defendants.

(b)     **Class Findings** – Solely for purposes of the proposed Underwriter Defendant Settlement, the Court finds that each element required for certification of the Underwriter Defendant Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Underwriter Defendant Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Underwriter Defendant Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff and the Securities Act Plaintiffs in the Action are typical of the claims of the Underwriter Defendant Settlement Class; (d) Lead Plaintiff, the Securities Act Plaintiffs, and Lead Counsel have and will fairly and adequately represent and protect the interests of the Underwriter Defendant Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

(c)     The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Underwriter Defendant Settlement only, Plaintiffs Douglas Kurz, Strategic Master Fund, and Highmark Limited are adequate class representatives and certifies them as Class Representatives for the Underwriter Defendant Settlement Class.  The Court also appoints Lead Counsel as Class Counsel for the Underwriter Defendant Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

3.      **Preliminary Approval of the Individual Defendant Settlement** – The Court hereby preliminarily approves the Individual Defendant Settlement, as embodied in the Individual Defendant Stipulation, as being fair, reasonable, and adequate to the Individual Defendant Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

4.      **Preliminary Approval of the Underwriter Defendant Settlement** – The Court hereby preliminarily approves the Underwriter Defendant Settlement, as embodied in the Underwriter Defendant Stipulation, as being fair, reasonable, and adequate to the Underwriter Defendant Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2018 at __:__ _.m. in Courtroom 2 of the United States District Court for the District of New Hampshire, 55 Pleasant Street, Concord, NH 03301, for the following purposes: (a) to determine whether the proposed Settlements on the terms and conditions provided for in the respective Stipulations are fair, reasonable and adequate to the respective Settlement Classes, and should be approved by the Court; (b) to determine whether the Judgments substantially in the form attached as Exhibit B to each of the Stipulations should be entered dismissing the Action with prejudice against the respective Settling Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlements is fair and reasonable and should be approved by the Court; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in

7

connection with the Settlements.  Notice of the Settlements and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.     The Court may adjourn the Settlement Hearing without further notice to Settlement Class Members, and may approve the proposed Settlements with such modifications as the affected Settling Parties may agree to, if appropriate, without further notice to Settlement Class Members. The Court further reserves the right to (a) enter the Judgment approving the Individual Defendant Settlement and dismissing the Complaint on the merits and with prejudice as against the Individual Defendants, and (b) enter the Judgment approving the Underwriter Defendant Settlement and dismissing the Complaint on the merits and with prejudice as against the Settling Underwriter Defendants, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

7.     **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Lead Counsel is hereby authorized to retain Garden City Group, LLC ("GCG" or the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlements and any other settlement or other recovery that may be achieved in this Action as well as the processing of Claims as more fully set forth below.  Notice of the Settlements and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)     not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice of (I) Pendency of Class Action and Certification of Settlement Classes; (II) Proposed Settlements with Individual Defendants and Underwriter Defendants; (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (IV) Settlement Fairness Hearing, substantially in the form attached hereto as Exhibit 1 (the "Notice"), and the Proof of

Claim and Release Form, substantially in the form attached hereto as Exhibit 2 (the "Claim Form," and together with the Notice, the "Notice Packet"), to be mailed by first-class mail to brokers and other nominees who, during the Class Period, may have purchased or otherwise acquired GTAT Common Stock and/or GTAT Senior Notes, purchased or otherwise acquired GTAT Call Options, or sold (wrote) publicly traded GTAT Put Options for the benefit of persons or entities other than themselves;

(b)      contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause a copy of the Notice and Claim Form to be posted on a website to be developed for the Settlements, from which copies of the Notice and Claim Form can be downloaded;

(c)      not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice of (I) Pendency of Class Action and Certification of Settlement Classes; (II) Proposed Settlements with Individual Defendants and Underwriter Defendants; (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (IV) Settlement Fairness Hearing, substantially in the form attached hereto as Exhibit 3 (the "Summary Notice"), to be published once in *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(d)      not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on counsel for the Individual Defendants and Underwriter Defendants and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.      **Approval of Form and Content of Notice** – The Court:  (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively; and (b) finds that the mailing and distribution of the Notice and Claim

Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order:  (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and the certification of the Settlement Classes, of the effect of the proposed Settlements (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlements, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Classes, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlements; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9.     **Nominee Procedures** – Brokers and other nominees who, during the Class Period, may have purchased or otherwise acquired GTAT Common Stock and/or GTAT Senior Notes, purchased or otherwise acquired GTAT Call Options, or sold (wrote) publicly traded GTAT Put Options shall (a) within fourteen (14) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and within fourteen (14) calendar days of receipt of those Notices forward them to all such beneficial owners; or (b) within fourteen (14) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in

which event the Claims Administrator shall promptly mail the Notice to such individuals or entities.  Nominees who elect to send the Notice to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Funds, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **Participation in the Settlements** – Individual Defendant Settlement Class Members who or which wish to participate in the Individual Defendant Settlement and to be eligible to receive a distribution from the Individual Defendant Net Settlement Fund and Underwriter Defendant Settlement Class Members who or which wish to participate in the Underwriter Defendant Settlement and to be eligible to receive a distribution from the Underwriter Defendant Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Funds to Authorized Claimants.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the applicable Settlements.

11.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any Individual Defendant Settlement Class Member who or which does not timely and validly submit a Claim or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Individual Defendant Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Individual Defendant Stipulation and Individual Defendant Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment entered with respect to the Individual Defendant Settlement and the Releases provided for therein, whether favorable or unfavorable to the Individual Defendant Settlement Class; and (d) shall be forever barred from commencing, maintaining, or prosecuting any of the Individual Defendant Released Plaintiffs' Claims against each and all of the Individual Defendant Releasees, as more fully described in the

Individual Defendant Stipulation and the Notice.  Any Underwriter Defendant Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Underwriter Defendant Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Underwriter Defendant Stipulation and Underwriter Defendant Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment entered with respect to the Underwriter Defendant Settlement and the Releases provided for therein, whether favorable or unfavorable to the Underwriter Defendant Settlement Class; and (d) shall be forever barred from commencing, maintaining, or prosecuting any of the Underwriter Defendant Released Plaintiffs' Claims against each and all of the Settling Underwriter Defendants' Releasees, as more fully described in the Underwriter Defendant Stipulation and the Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13.     **Exclusion From the Settlement Classes** – Any putative Individual Defendant Settlement Class Member who wishes to exclude himself, herself, or itself from the Individual Defendant Settlement Class and/or any putative Underwriter Defendant Settlement Class Member who wishes to exclude himself, herself, or itself from the Underwriter Defendant Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the respective Settlement Classes must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: GTAT Securities Litigation, EXCLUSIONS, c/o GCG, P.O. Box 10463, Dublin, OH 43017-4063; and (b) each request for

exclusion must (i) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (ii) with respect to putative members of the Individual Defendant Settlement Class who wish to request exclusion from that class, state that such person or entity "requests exclusion from the Individual Defendant Settlement Class in *Levy* v. *Gutierrez, et al.*, Case No. 1:14-cv-00443-JL (GTAT Securities Litigation)" and, with respect to putative members of the Underwriter Defendant Settlement Class who wish to request exclusion from that class, state that such person or entity "requests exclusion from the Underwriter Defendant Settlement Class in *Levy* v. *Gutierrez, et al.*, Case No. 1:14-cv-00443-JL (GTAT Securities Litigation)"; (iii) state the amount of each GTAT Security (in terms of number of shares of GTAT Common Stock, GTAT Call Options, GTAT Put Options, and/or face value of GTAT Senior Notes) that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period (*i.e.*, from November 5, 2013 through 9:40 a.m. Eastern Standard Time on October 6, 2014, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; (iv) with respect to any Class Period purchases of GTAT Common Stock and/or GTAT Senior Notes, identify any shares of GTAT Common Stock purchased in or traceable to the Common Stock Secondary Offering and/or any GTAT Senior Notes purchased in or traceable to the Senior Notes Offering; and (v) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.  Every putative Settlement Class Member shall have the right to request exclusion from both of the Settlement Classes, as well as the right to exclude themselves from one Settlement Class while remaining a member of the other Settlement Class.

14.     Any person or entity who or which timely and validly requests exclusion from the Individual Defendant Settlement Class in compliance with the terms stated in this Order and is excluded from the Individual Defendant Settlement Class shall not be a member of the Individual Defendant Settlement Class, shall not be bound by the terms of the Individual Defendant Settlement or any orders or judgments in the Action relating to the Individual Defendant Settlement, and shall not receive any payment out of the Individual Defendant Settlement Net Settlement Fund.  Any person or entity who or which timely and validly requests exclusion from the Underwriter Defendant Settlement Class in compliance with the terms stated in this Order and is excluded from the Underwriter Defendant Settlement Class shall not be a member of the Underwriter Defendant Settlement Class, shall not be bound by the terms of the Underwriter Defendant Settlement or any orders or judgments in the Action relating to the Underwriter Defendant Settlement, and shall not receive any payment out of the Underwriter Defendant Net Settlement Fund.

15.     Any Individual Defendant Settlement Class Member who or which does not timely and validly request exclusion from the Individual Defendant Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Individual Defendant Settlement Class; (b) shall be forever barred from requesting exclusion from the Individual Defendant Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Individual Defendant Stipulation, the Individual Defendant Settlement, and all proceedings, determinations, orders, and judgments in the Action relating to the Individual Defendant Settlement, including, but not limited to, the Judgment entered with respect to the Individual Defendant Settlement and the Releases provided for therein whether favorable or unfavorable to the Individual Defendant Settlement Class; and

(d) shall be barred from commencing, maintaining, or prosecuting any of the Individual Defendant Released Plaintiffs' Claims against each and all of the Individual Defendant Releasees, as more fully described in the Individual Defendant Stipulation and the Notice. Any Underwriter Defendant Settlement Class Member who or which does not timely and validly request exclusion from the Underwriter Defendant Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Underwriter Defendant Settlement Class; (b) shall be forever barred from requesting exclusion from the Underwriter Defendant Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Underwriter Defendant Stipulation, the Underwriter Defendant Settlement, and all proceedings, determinations, orders, and judgments in the Action relating to the Underwriter Defendant Settlement, including, but not limited to, the Judgment entered with respect to the Underwriter Defendant Settlement and the Releases provided for therein whether favorable or unfavorable to the Underwriter Defendant Settlement Class; and (d) shall be barred from commencing, maintaining, or prosecuting any of the Underwriter Defendant Released Plaintiffs' Claims against each and all of the Settling Underwriter Defendants' Releasees, as more fully described in the Underwriter Defendant Stipulation and the Notice.

16.  **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who or which does not request exclusion from the Settlement Class(es) that apply to him, her, or it may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance:  (a) to both Lead Counsel and Individual Defendants' Counsel if the purpose of the appearance is to object to the proposed Individual Defendant Settlement; (b) to both Lead Counsel and Underwriter Defendants' Counsel if the purpose of the appearance is to

16

object to the proposed Underwriter Defendant Settlement; and (c) to Lead Counsel if the purpose of the appearance is to object to the proposed Plan of Allocation and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Any notice of appearance must be filed with the Clerk of the Court and delivered to the required counsel at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who or which does not enter an appearance will be represented by Lead Counsel.

17.     Any member of the Individual Defendant Settlement Class who or which does not request exclusion from the Individual Defendant Settlement Class may file a written objection to the proposed Individual Defendant Settlement and show cause, if he, she, or it has any cause, why the proposed Individual Defendant Settlement should not be approved; any member of the Underwriter Defendant Settlement Class who or which does not request exclusion from the Underwriter Defendant Settlement Class may file a written objection to the proposed Underwriter Defendant Settlement and show cause, if he, she, or it has any cause, why the proposed Underwriter Defendant Settlement should not be approved; and any member of the Individual Settlement Class and/or the Underwriter Defendant Settlement Class may object to the proposed Plan of Allocation and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and show cause, if he, she, or it has any cause, why the proposed Plan of Allocation and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlements that apply to him, her, or it, the proposed Plan of

Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, unless that person or entity has (a) filed a written objection with the Court and served copies of such objection on Lead Counsel, (b) if the objection is to the Individual Defendant Settlement, on Individual Defendants' Counsel, and (c) if the objection is to the Underwriter Defendant Settlement, on Underwriter Defendants' Counsel, at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

### Lead Plaintiff's Counsel

Bernstein Litowitz Berger & Grossmann LLP
Attn:  John C. Browne, Esq.
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 554-1400
Facsimile:  (212) 554-1444
Email:  johnb@blbglaw.com

### Individual Defendants' Counsel

*Counsel for Hoil Kim:*

Ropes & Gray LLP
Attn:  Randall W. Bodner, Esq.
800 Boylston Street
Boston, MA 02199
Telephone:   (617) 951-7000
Facsimile:  (617) 951-7050
Randall.Bodner@ropesgray.com

*Counsel for Thomas Gutierrez, Daniel Squiller, or Richard Gaynor:*

Morgan, Lewis & Bockius LLP
Attn:  Jordan D. Hershman, Esq.
One Federal Street
Boston, MA 02110-1726
Telephone: (617) 951-8455
Facsimile: (617) 951-8736
jordan.hershman@morganlewis.com

*Counsel for Kanwardev Raja Singh Bal:*

Nutter McClennen & Fish LLP
Attn:  Ian D. Roffman, Esq.
155 Seaport Blvd.
Boston, MA 02210
Telephone:   (617) 439-2000
Facsimile:  (317) 310-9000
iroffman@nutter.com

*Counsel for J. Michal Conaway, Kathleen A. Cote, Ernest L. Godshalk, Matthew E. Massengill, Mary Petrovich, Robert E. Switz, Noel G. Watson, or Thomas Wroe, Jr.:*

Wachtell, Lipton, Rosen & Katz
Attn:  David A. Katz, Esq.
51 West 52nd Street
New York, NY 10019
Telephone: 212-403-1309
Facsimile: (212) 403-2000
DAKatz@wlrk.com

**Settling Underwriter Defendants' Counsel**

Paul Weiss Rifkind Wharton & Garrison LLP
Richard A. Rosen, Esq.
1285 Avenue of the Americas
New York, NY 10019-6064

18.    Any objections, filings, and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove Settlement Class membership, including the amount of each GTAT Security (in terms of number of shares of GTAT Common Stock, GTAT Call Options, GTAT Put Options, and/or face value of GTAT Senior Notes) that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period (*i.e.*, from November 5, 2013 through 9:40 a.m. Eastern Standard Time on October 6, 2014,

19

inclusive), as well as the dates and prices of each such purchase/acquisition and sale, and with respect to members of the Underwriter Defendant Settlement Class, identification of those shares of GTAT Common Stock purchased in or traceable to the Common Stock Secondary Offering and/or those GTAT Senior Notes purchased in or traceable to the Senior Notes Offering. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.     Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlements that apply to him, her, or it, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the applicable proposed Settlements, the proposed Plan of Allocation, and/or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the applicable proposed Settlements, the Plan of Allocation, and/or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.     **<u>Stay and Temporary Injunction</u>** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action between the respective Settling Parties other than proceedings necessary to carry out or enforce the terms and conditions of the respective Stipulations.   Pending final determination of whether the respective Settlements should be approved, the Court hereby: (a) bars and enjoins Lead Plaintiff, the Securities Act Plaintiffs, and all other members of the Individual Defendant Settlement Class, from commencing, maintaining,

or prosecuting any and all of the Released Plaintiffs' Claims, as defined in the Individual Defendant Stipulation, against each and all of the Individual Defendant Releasees, as defined in the Individual Defendant Stipulation; and (b) bars and enjoins Lead Plaintiff, the Securities Act Plaintiffs, and all other members of the Underwriter Defendant Settlement Class, from commencing, maintaining, or prosecuting any and all of the Released Plaintiffs' Claims, as defined in the Underwriter Defendant Stipulation, against each and all of the Settling Underwriter Defendants' Releasees, as defined in the Underwriter Defendant Stipulation.

21.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlements as well as in administering the Settlements shall be paid as set forth in the Stipulations without further order of the Court.

22.     **Settlement Funds** – The contents of the Settlement Funds held by Valley National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the respective Stipulations and/or further order(s) of the Court.  No person other than Individual Defendant Settlement Class Members and Plaintiffs' counsel shall have any right to any portion of or distribution of the Individual Defendant Settlement Fund and no person other than Underwriter Defendant Settlement Class Members and Plaintiffs' counsel shall have any right to any portion of or distribution of the Underwriter Defendant Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the respective Stipulations.

23.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Funds, to pay from the Settlement

Funds any Taxes owed with respect to the Settlement Funds, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the respective Stipulations.

24.     **Termination of Settlement** – If either of the Settlements is terminated pursuant to the terms of the respective Stipulations or is not approved, or the Effective Date otherwise fails to occur as to either of the Settlements, this Order shall become null and void as to that particular Settlement and, shall be without prejudice to the rights of Plaintiffs, the Settlement Class Members and the affected Settling Defendants, all of whom shall revert to their respective positions in the Action as provided for in the relevant Stipulation(s).  If one of the Settlements is terminated (or is not approved or the Effective Date otherwise fails to occur as to that Settlement) but not the other, this Order shall remain in full force as to that other surviving Settlement, which shall be consummated according to the terms set forth herein.

25.     **Use of this Order** – (a) With respect to the Individual Defendant Settlement, neither this Order, the Term Sheet (as defined in the Individual Defendant Stipulation), the MOU (as defined in the Underwriter Defendant Stipulation), the Stipulations (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet, the MOU, and the Stipulations, nor any proceedings taken pursuant to or in connection with the Term Sheet, the MOU, the Stipulations, and/or approval of the Settlements (including any arguments proffered in connection therewith):  (i) shall be offered against any of the Individual Defendant Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Individual Defendant Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any

claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; (ii) shall be offered against any of the Individual Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any liability, negligence, fault, or other wrongdoing of any kind of any of the Individual Defendant Releasees or in any way referred to for any other reason as against any of the Individual Defendant Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Individual Defendant Stipulation; (iii) shall be offered against any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Plaintiff Releasees that any of their claims are without merit, that any of the Individual Defendant Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Individual Defendant Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Individual Defendant Stipulation; or (iv) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Individual Defendant Stipulation represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Individual Defendant Stipulation is approved by the Court, the Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted under thereunder or otherwise to enforce the terms of the Individual Defendant Settlement; and (b) with respect to the Underwriter Defendant Settlement, neither this Order, the Term Sheet, the MOU, the Stipulations (whether or not consummated),

including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet, MOU, and the Stipulations, nor any proceedings taken pursuant to or in connection with the Term Sheet, MOU, the Stipulations, and/or approval of the Settlements (including any arguments proffered in connection therewith):  (i) shall be offered against any of the Settling Underwriter Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Settling Underwriter Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; (ii) shall be offered against any of the Underwriter Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any liability, negligence, fault, or other wrongdoing of any kind of any of the Settling Underwriter Defendants' Releasees or in any way referred to for any other reason as against any of the Settling Underwriter Defendants' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (iii) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Settling Underwriter Defendants' Releasees  had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Underwriter Defendant Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to

effectuate the provisions of the Underwriter Defendant Stipulation; or (iv) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Underwriter Defendant Stipulation is approved by the Court, the Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted under thereunder or otherwise to enforce the terms of the Underwriter Defendant Settlement.

26.     **<u>Supporting Papers</u>** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlements, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlements.

SO ORDERED this ____13th____ day of ____February_____, 2018.

_____
The Honorable Joseph N. Laplante
United States District Judge

25

# EXHIBIT 1

**Exhibit 1**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ADAM S. LEVY on behalf of himself and all others similarly situated, | No. 1:14-cv-00443-JL |
| Plaintiff, | |
| v. | ECF CASE |
| THOMAS GUTIERREZ, RICHARD J. GAYNOR, RAJA BAL, J. MICHAL CONAWAY, KATHLEEN A. COTE, ERNEST L. GODSHALK, MATTHEW E. MASSENGILL, MARY PETROVICH, ROBERT E. SWITZ, NOEL G. WATSON, THOMAS WROE, JR., MORGAN STANLEY & CO. LLC, GOLDMAN, SACHS & CO., CANACCORD GENUITY INC., AND APPLE, INC., | |
| Defendants. | |

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND CERTIFICATION OF SETTLEMENT CLASSES; (II) PROPOSED SETTLEMENTS WITH INDIVIDUAL DEFENDANTS AND UNDERWRITER DEFENDANTS; (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES; AND (IV) SETTLEMENT FAIRNESS HEARING

### *A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION AND CERTIFICATION OF SETTLEMENT CLASSES:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the District of New Hampshire (the "Court"), if, during the period from November 5, 2013 through 9:40 a.m. Eastern Standard Time on October 6, 2014, inclusive (the "Class Period"), you purchased or otherwise acquired publicly traded GT Advanced Technologies Inc. ("GTAT") common stock ("GTAT Common Stock") and/or publicly traded GTAT 3.00% Convertible Senior Notes Due 2020 ("GTAT Senior Notes"), purchased or otherwise acquired publicly traded call options on GTAT common stock ("GTAT Call Options"), and/or sold (wrote) publicly traded put options on GTAT common stock

("GTAT Put Options").[1]  The full definitions of the Settlement Classes certified by the Court are set forth in ¶ 25 below.

NOTICE OF SETTLEMENTS:  Please also be advised that the Court-appointed Lead Plaintiff Douglas Kurz ("Lead Plaintiff") and additional named plaintiffs Strategic Master Fund (Cayman) Limited ("Strategic Master Fund") and Highmark Limited, in respect of its Segregated Account Highmark Fixed Income 2 ("Highmark Limited") (Highmark Limited and Strategic Master Fund together are the "Securities Act Plaintiffs," and together with Lead Plaintiff, the "Plaintiffs"), on behalf of themselves and the Individual Defendant Settlement Class (as defined in ¶ 25 below), have reached a proposed settlement of the Action with the Individual Defendants[2] for $27,000,000 in cash (the "Individual Defendant Settlement") to settle claims brought under both the Securities Act (as defined in ¶ 14 below) and the Exchange Act (as defined in ¶ 14 below) relating to GTAT's secondary public offering of common stock and initial public offering of GTAT Senior Notes in December 2013 (respectively, "Common Stock Secondary Offering" and "Senior Notes Offering") and to the trading of GTAT Common Stock and GTAT Senior Notes during the Class Period. Plaintiffs, on behalf of themselves and the Underwriter Settlement Class (as defined in ¶ 25 below), have also reached a proposed settlement of the Action with the Underwriter Defendants[3] for $9,700,000 in cash (the "Underwriter Defendant Settlement" and, together with the Individual Defendant Settlement, the "Settlements") to settle claims brought under the Securities Act only that relate solely to the Common Stock Secondary Offering and the Senior Notes Offering.  The Individual Defendant Settlement, if approved, will resolve all claims in the Action as against the Individual Defendants, and the Underwriter Defendant Settlement, if approved, will resolve all claims in the Action as against the Underwriter Defendants.  The proposed Settlements will be considered independently by the Court and will only resolve claims against the defendants covered by the respective Settlements.  The proposed Settlements do not settle any of the claims asserted against the remaining defendant in the Action, Apple, Inc. ("Apple" or the "Non-Settling Defendant"),[4] which Lead Plaintiff continues to prosecute.

---

[1] Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement with Individual Defendants dated January 26, 2018 (the "Individual Defendant Stipulation") and the Stipulation and Agreement of Settlement With Settling Underwriter Defendants dated August 18, 2017, together with the Supplement thereto dated January 26, 2018 (the "Underwriter Defendant Stipulation"), which are available at www.GTATSecuritiesLitigation.com.

[2] The "Individual Defendants" consist of defendants Thomas Gutierrez, Richard Gaynor, Kanwardev Raja Singh Bal, Hoil Kim, and Daniel W. Squiller (collectively, the "Officer Defendants") and defendants J. Michal Conaway, Kathleen A. Cote, Ernest L. Godshalk, Matthew E. Massengill, Mary Petrovich, Robert E. Switz, Noel G. Watson, and Thomas Wroe, Jr. (collectively, the "Director Defendants").

[3] The "Underwriter Defendants" consist of defendants Morgan Stanley & Co. LLC, Goldman, Sachs & Co. LLC (f/k/a Goldman, Sachs & Co.), and Canaccord Genuity Inc.

[4] The Individual Defendants, Underwriter Defendants, and Apple are collectively referred to as "Defendants".  The Individual Defendants and Underwriter Defendants are collectively referred to as "Settling Defendants".

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the proposed Settlements. If you are a member of the Individual Defendant Settlement Class and/or the Underwriter Defendant Settlement Class,[5] your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Individual Defendant and/or Underwriter Defendant Settlements, or your eligibility to participate in these proposed Settlements, please DO NOT contact the Court, GTAT, Defendants, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 56 below).**

    1. <u>**Description of the Action and the Settlement Classes**</u>**:** This Notice relates to proposed Settlements in a pending securities class action brought by investors alleging that Defendants violated the federal securities laws by, among other things, making false and misleading statements regarding GTAT or were statutorily liable for false and misleading statements in GTAT's offering materials for GTAT's Senior Notes Offering and Common Stock Secondary Offering. A more detailed description of the Action and the claims asserted against the Individual Defendants and the Underwriter Defendants (and against the remaining Defendant in the Action, Apple), is set forth in ¶¶ 11-24 below. The Individual Defendant Settlement, if approved by the Court, will settle the claims of the Individual Defendant Settlement Class, as defined in ¶ 25 below, as against Individual Defendants only. The Underwriter Defendant Settlement, if approved by the Court, will settle the claims of the Underwriter Defendant Settlement Class, as defined in ¶ 25 below, as against the Underwriter Defendants only.

    2. <u>**Statement of the Settlement Classes' Recoveries**</u>**:** Subject to Court approval, Plaintiffs on behalf of themselves and the other members of the respective relevant Settlement Classes, have agreed to settle with the Individual Defendants in exchange for a payment of $27,000,000 in cash (the "Individual Defendant Settlement Amount") and to settle with the Underwriter Defendants in exchange for a payment of $9,700,000 in cash (the "Underwriter Defendant Settlement Amount"), such amounts to be deposited into separate escrow accounts for the benefit of the Individual Defendant Settlement Class and the Underwriter Defendant Settlement Class, respectively. The respective Net Settlement Funds (*i.e.*, the respective Settlement Amounts plus any and all interest earned thereon (the "Settlement Funds") less (i) any Taxes, (ii) any Notice and Administration Costs, (iii) any Litigation Expenses awarded by the Court, and (iv) any attorneys' fees awarded by the Court) will be distributed in accordance with the plan of allocation that is approved by the Court. Lead Plaintiff's proposed plan of allocation for the distribution of the net settlement proceeds (the "Plan of Allocation") is attached at the end of this Notice.

    3. <u>**Estimate of Average Amount of Recovery Per Share, Note, or Option**</u>**:** Lead Plaintiff's damages expert estimates that that the conduct at issue in the Action affected approximately 153,104,782 shares of GTAT Common Stock, approximately 219,474 GTAT Senior Notes, and approximately 101,793,200 GTAT Call Options purchased, and approximately

---

[5] Members of the Individual Defendant Settlement Class are referred to as "Individual Defendant Settlement Class Members" and members of the Underwriter Defendant Settlement Class are referred to as "Underwriter Defendant Settlement Class Members". Individual Defendant Settlement Class Members and Underwriter Defendant Settlement Class Members shall be collectively referred to as "Settlement Class Members".

81,674,600 GTAT Put Options sold (written), during the Class Period.[6]   Assuming both Settlements are approved, if all eligible Settlement Class Members elect to participate in the Settlements, the estimated average recovery from the Settlements (before the deduction of the amounts set forth in ¶ 2 above) would be: (i) approximately $0.14 per affected share of GTAT Common Stock; (ii) approximately $53.18 per affected GTAT Senior Note; (iii) approximately $0.01 per affected GTAT Call Option; and (iv) approximately $0.04 per affected GTAT Put Option.[7]  Settlement Class Members should note, however, that the foregoing average recovery per share, note, or option is only an estimate.   Some Settlement Class Members may recover more or less than these estimated amounts depending on, among other factors, which GTAT Securities they purchased/acquired or sold, when and at what prices they purchased/acquired or sold their GTAT Securities, and the total number of valid Claim Forms submitted.  Distributions to eligible Settlement Class Members will be made based on the Plan of Allocation attached to this Notice or such other plan of allocation as may be approved by the Court.

4.   **Statement of Potential Outcome of Case and Potential Damages:**  The Settling Parties for each of the proposed Settlements do not agree on the average amount of damages per share, note, or option that would be recoverable if Lead Plaintiff were to prevail on the claims asserted in the Action against the Individual Defendants or the Underwriter Defendants, as applicable. Among other things, neither the Individual Defendants nor the Underwriter Defendants agree with Lead Plaintiff's assertions that: (i) they violated the federal securities laws; (ii) they made false or misleading statements; or (iii) damages were suffered by members of the respective Settlement Classes as a result of their alleged conduct.

5.   **Attorneys' Fees and Expenses:**  Plaintiffs' Counsel, who have been prosecuting the Action on a fully contingent basis since October 2014, have not received any payment of attorneys' fees for their representation of the Settlement Classes nor have they been reimbursed for the litigation expenses necessarily incurred to prosecute the Action.  Before final approval of the Settlements, Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel in an amount not to exceed 22% of each Settlement Fund.   Lead Counsel will also apply for reimbursement of litigation expenses in an amount not exceed $450,000 (which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs

---

[6] All options-related amounts in this paragraph are per share of the underlying security (*i.e.*, 1/100 of a contract).

[7] Assuming all eligible Individual Defendant Settlement Class Members elect to participate in the Individual Defendant Settlement, the estimated average recovery solely with respect to the Individual Defendant Settlement (before the deduction of the amounts set forth in ¶ 2 above) would be: (i) approximately $0.13 per affected share of GTAT Common Stock; (ii) approximately $10.44 per affected GTAT Senior Note; (iii) approximately $0.01 per affected GTAT Call Option; and (iv) approximately $0.04 per affected GTAT Put Option.  Assuming all eligible Underwriter Defendant Settlement Class Members elect to participate in the Underwriter Defendant Settlement, the estimated average recovery solely with respect to the Underwriter Defendant Settlement (before the deduction of the amounts set forth in ¶ 2 above) would be: (i) approximately $0.16 per affected share of GTAT Common Stock; and (ii) approximately $46.08 per affected GTAT Senior Note.

directly related to their representation of the Settlement Classes) to be paid from the Settlement Funds.[8]

The Court will determine the amount of any award of attorneys' fees and reimbursement of litigation expenses. Settlement Class Members are not personally liable for any such fees or expenses. Assuming both Settlements are approved, if the Court approves Lead Counsel's fee and expense application, the average cost per share, note, or option for attorneys' fees and litigation expenses would be: (i) approximately $0.03 per affected share of GTAT Common Stock; (ii) approximately $12.35 per affected GTAT Senior Note; (iii) approximately $0.002 per affected GTAT Call Option; and (iv) approximately $0.009 per affected GTAT Put Option.[9]

6. **Identification of Attorneys' Representatives:** Lead Plaintiff and the Settlement Classes are represented by John C. Browne, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, 1-800-380-8496, blbg@blbglaw.com

7. **Reasons for the Settlements:** Lead Plaintiff's principal reason for entering into the Settlements is the substantial immediate cash benefit for the respective Settlement Classes without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefits provided under the proposed Settlements must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – against the Individual Defendants and/or the Underwriter Defendants might be achieved after contested motions, a trial of the Action, and likely appeals that would follow a trial, a process that could be expected to last several years. The Individual Defendants and Underwriter Defendants deny all allegations of wrongdoing or liability whatsoever and they are entering into their respective Settlements solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

---

[8] Should the Court not approve the Individual Defendant Settlement or the Underwriter Defendant Settlement, attorneys' fees will be paid only on the Settlement Fund created by the approved Settlement. Similarly, approved litigation expenses will be paid from the Settlement Fund created by the approved Settlement.

[9] With respect to the Individual Defendant Settlement only, if the Court approves Lead Counsel's fee and expense application, the average cost per share, note, or option would be: (i) approximately $0.03 per affected share of GTAT Common Stock; (ii) approximately $2.43 per affected GTAT Senior Note; (iii) approximately $0.002 per affected GTAT Call Option; and (iv) approximately $0.009 per affected GTAT Put Option. With respect to the Underwriter Defendant Settlement only, if the Court approves Lead Counsel's fee and expense application from the Underwriter Defendant Settlement Fund, the average cost per share or note would be: (i) approximately $0.04 per affected share of GTAT Common Stock; and (ii) approximately $10.70 per affected GTAT Senior Note.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENTS: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2018** | This is the only way to be eligible to receive a payment from the proceeds of the Individual Defendant Settlement or the Underwriter Defendant Settlement.<br><br>If you are a member of the Individual Defendant Settlement Class and/or the Underwriter Defendant Settlement Class and you remain in Settlement Class(es) in which are a member, you will be bound by the applicable Settlements as approved by the Court and, as applicable, you will give up any Individual Defendant Released Plaintiffs' Claims that you have against the Individual Defendants and the other Individual Defendant Releasees (as discussed in ¶ 32 below) and any Underwriter Defendant Released Plaintiffs' Claims that you have against the Underwriter Defendants and the other Underwriter Defendants' Releasees (as discussed in ¶ 33 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS(ES) THAT APPLY TO YOU BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018.** | If you request to be excluded from the Individual Defendant Settlement Class, you will not be eligible to receive any payment from the Individual Defendant Settlement Fund.  Similarly, if you request to be excluded from the Underwriter Defendant Settlement Class, you will not be eligible to receive any payment from the Underwriter Defendant Settlement Fund.  Requesting exclusion is the only option that allows you ever to be part of any other lawsuit against the Individual Defendants or any of the other Individual Defendant Releasees or against the Underwriter Defendants or any of the other Underwriter Defendants' Releasees concerning the respective Released Plaintiffs' Claims. |
| **OBJECT TO THE INDIVIDUAL DEFENDANT SETTLEMENT, THE UNDERWRITER DEFENDANT SETTLEMENT, THE PLAN OF ALLOCATION, OR THE REQUEST FOR FEES AND LITIGATION EXPENSES BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018.** | If you do not like the proposed Individual Defendant Settlement, the proposed Underwriter Defendant Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of litigation expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Individual Defendant Settlement or the Underwriter Defendant Settlement unless you are a member of the Settlement Class that applies to that Settlement and do not exclude yourself. |
| **GO TO A HEARING ON _____, AND FILE A** | Filing a written objection and notice of intention to appear by _____, 2018 allows you to speak |

| | |
|---|---|
| **NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018.** | in Court, at the discretion of the Court, about the fairness of the Individual Defendant Settlement if you are a member of the Individual Defendant Settlement Class, the Underwriter Defendant Settlement if you are a member of the Underwriter Defendant Settlement Class, or the Plan of Allocation and/or the request for attorneys' fees and reimbursement of expenses if you are a member of one or both Settlement Classes.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of one or both of the Settlement Classes and do not submit a valid Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement(s) obtained on behalf of the Class(es) in which you are a member.  You will, however, remain a member of the Settlement Class(es) that apply to you, which means that you give up your right to sue about the claims that are resolved by the applicable Settlements and you will be bound by any judgments or orders entered by the Court with respect to those Settlements. |

| **WHAT THIS NOTICE CONTAINS** |
|---|

Why Did I Get This Notice? — Page __

What Is This Case About? — Page __

How Do I Know If I Am Affected By The Proposed Settlements?
  Who Is Included In The Individual Defendant And Underwriter
  Defendant Settlement Classes? — Page __

What Are Lead Plaintiff's Reasons For The Proposed Settlements? — Page __

What Might Happen If There Were No Settlements? — Page __

How Are Settlement Class Members Affected By The Action
  And The Respective Settlements? — Page __

How Much Will My Payment From The Settlements Be?
  How Do I Participate In The Settlements?  What Do I Need To Do? — Page __

What Payment Are The Attorneys Seeking?
  How Will The Lawyers Be Paid? — Page __

What If I Do Not Want To Be A Member Of One Or Both Of
  The Settlement Classes?  How Do I Exclude Myself? — Page __

When And Where Will The Court Decide Whether To Approve
  The Proposed Settlements?

Do I Have To Come To The Hearing?  How Do I Object?

May I Speak At The Hearing If I Don't Like The Settlements? — Page __

What If I Bought GTAT Securities On Someone Else's Behalf? — Page __

Can I See The Court File?  Whom Should I Contact If I Have Questions?        Page __

| WHY DID I GET THIS NOTICE? |
| --- |

8.   The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired GTAT Common Stock, GTAT Senior Notes, and/or GTAT Call Options, and/or sold (wrote) GTAT Put Options, during the Class Period.  The Court has directed us to send you this Notice because, as a potential Individual Defendant Settlement Class Member and/or Underwriter Defendant Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlements and to understand how this class action lawsuit may generally affect your legal rights.

9.   The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class(es) if you wish to so do.  It is also being sent to inform you of the terms of the proposed Individual Defendant and Underwriter Defendant Settlements and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlements, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of litigation expenses (the "Settlement Fairness Hearing").  *See* ¶¶ 46-47 below for details about the Settlement Fairness Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the proposed Settlements.  If the Court approves the proposed Plan of Allocation (or some other plan of allocation), then payments pursuant to the approved Settlements and the Court-approved plan of allocation will be made to Authorized Claimants after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
| --- |

11. This is a securities class action brought against certain of the executive officers and directors of technology company GT Advanced Technologies Inc. ("GTAT" or the "Company"); the underwriters of the Company's public offering of 3.00% Convertible Senior Notes Due 2020 (the "Senior Notes Offering") and its secondary public offering of common stock (the "Common Stock Offering"), both conducted on or about December 4, 2013; and Apple.  The Action alleges, among other things, that during the Class Period and/or in the offering materials for the Offerings, Defendants misled investors about the true nature, progress, and success of GTAT's joint venture agreement with Apple for the production of sapphire material.  The Action further alleges that GTAT investors suffered economic harm when the truth about the Apple agreement was revealed upon the Company's filing for Chapter 11 bankruptcy protection on October 6, 2014.[10]

---

[10] As a result of the Company's filing for bankruptcy protection, GTAT was not named as a defendant in this action.

12. This litigation was commenced on or about October 9, 2014, with the filing of multiple putative securities class action complaints in the United States District Court for the District of New Hampshire (the "Court").  By Order dated February 4, 2015, the Court consolidated the related actions into the above-captioned Action.

13. Pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1 and 78u-4, as amended (the "PSLRA"), notice to the public was issued setting forth the deadline by which putative class members could move the Court to be appointed to act as lead plaintiff.  On May 20, 2015, the Court entered an Order appointing Douglas Kurz as Lead Plaintiff in the Action, and approving Lead Plaintiff's selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel and Orr & Reno as Local Counsel.

14. On July 20, 2015, Lead Plaintiff filed and served the Consolidated Class Action Complaint (the "Complaint"), which included the Securities Act Plaintiffs and Vance K. Opperman as additional named plaintiffs.  The Complaint asserted (i) claims under § 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, against Defendants Bal, Gaynor, and Gutierrez; (ii) claims under § 20(a) of the Exchange Act against Defendants Bal, Gaynor, Gutierrez, Kim, Squiller, and Apple; (iii) claims under § 11 of the Securities Act of 1933 (the "Securities Act") against Defendants Gaynor, Bal, Gutierrez, Conaway, Cote, Godshalk, Massengill, Petrovich, Switz, Watson, Wroe, and the Underwriter Defendants; (iv) claims under § 12(a)(2) of the Securities Act against the Underwriter Defendants; and (v) claims under § 15 of the Securities Act against Defendants Gaynor, Kim, Gutierrez, Squiller, Conaway, Cote, Godshalk, Massengill, Petrovich, Switz, Watson, Wroe, and Apple.

15. On October 7, 2015, Defendants filed and served their motions to dismiss the Complaint. On December 18, 2015, Lead Plaintiff filed and served his papers in opposition to the motions to dismiss; on March 2, 2016, Defendants filed and served their reply papers; and, on March 22, 2016, Lead Plaintiff filed his sur-reply.

16. On March 17, 2017, following extensive, arm's-length negotiations, Plaintiffs and the Underwriter Defendants entered into a Memorandum of Understanding (the "Underwriter Defendant MOU") memorializing the settling parties' agreement in principle to settle the Action as against the Settling Underwriter Defendants for $9,700,000 in cash.  Pursuant to the Underwriter Defendant MOU, the agreement to settle was conditioned on Plaintiffs confirming the fairness, reasonableness, and adequacy of the Underwriter Settlement based on due-diligence discovery to be provided by the Underwriter Defendants, including the production of certain documents and information regarding the allegations and claims asserted against the Underwriter Defendants in the Complaint.  The settling parties agreed that any ruling by the Court in this Action, other than a ruling relating specifically to the Settlement, would not affect the validity or finality of the Settlement.

17. Following the execution of the Underwriter Defendant MOU, Lead Counsel reviewed, as part of the due-diligence discovery provided by the Underwriter Defendants, approximately 13,500 documents totaling approximately 70,000 pages from the files of the Underwriter Defendants concerning the Senior Notes Offering and the Common Stock Offering, and, based on this review, Plaintiffs and Lead Counsel confirmed that the Underwriter Defendant Settlement is fair, reasonable, and adequate.

18. On May 4, 2017, the Court entered its Memorandum Opinion denying in part and granting in part the motions to dismiss filed by the Individual Defendants and Apple, and denying the Underwriter Defendants' motion to dismiss without prejudice to their ability to re-submit the motion if necessary.[11]  Plaintiffs' remaining claims following the Court's ruling on Defendants' Motions to Dismiss include: (i) claims under Section 10(b) of the Securities Exchange Act against Defendants Bal, Gaynor, and Gutierrez; (ii) claims under Section 20(a) of the Exchange Act against Defendants Bal, Gaynor, Gutierrez, Kim, and Squiller; (iii) a claim under Section 20(a) of the '34 Act against Apple; (iv) claims under Section 11 of the Securities Act against Defendants Gaynor, Bal, Gutierrez, Conaway, Cote, Godshalk, Massengill, Petrovich, Switz, Watson, Wroe, and the Underwriter Defendants; (v) claims under Section 12(a)(2) of the Securities Act against the Underwriter Defendants; (vi) claims under Section 15 of the Securities Act against Defendants Gutierrez, Gaynor, Kim, and Squiller; and (vii) a claim under Section 15 of the Securities Act against Apple.

19. On August 18, 2017, Plaintiffs and the Underwriter Defendants entered into the Stipulation and Agreement of Settlement with Settling Underwriter Defendants (the "Underwriter Defendant Stipulation") setting forth the final terms and conditions of the Underwriter Defendant Settlement.  The Underwriter Defendant Stipulation can be viewed at www.GTATSecuritiesLitigation.com.

20. On October 2, 2017, Lead Counsel and the remaining Defendants' Counsel participated in a full day mediation session before retired United States District Court Judge Layn R. Phillips (the "Mediator").   In advance of that session, the parties exchanged detailed mediation statements and exhibits to the Mediator, which addressed the issues of both liability and damages. As a result of extensive, arm's-length negotiations at the mediation session, Lead Plaintiff and the Individual Defendants reached an agreement in principle to settle the Action as against the Individual Defendants for $27,000,000 in cash, which was memorialized in a Settlement Term Sheet (the "Individual Defendant Term Sheet") executed on October 13, 2017.

21. On January 26, 2018, Plaintiffs and the Individual Defendants entered into the Stipulation and Agreement of Settlement with Individual Defendants (the "Individual Defendant Stipulation") setting forth the final terms and conditions of the Individual Defendant Settlement. The Individual Defendant Stipulation can be viewed at www.GTATSecuritiesLitigation.com.

22. In connection with the Individual Defendant Settlement, the Individual Defendants agreed to produce and have produced to Lead Counsel within twenty (20) days following the signing of the Individual Defendant Term Sheet copies of (i) all documents produced by Individual Defendants directly or on their behalf by their counsel to the Trustee in *Davis v. Gutierrez, et al.*, Civil Action No. 1:17-cv-147-JL (D.N.H.) (the "*Davis* Action"); (ii) all transcripts of depositions in the Individual Defendants' possession, custody or control taken in the *Davis* Action and in any investigatory proceeding relating to these matters; and (iii) all documents produced by the Individual Defendants directly or on their behalf by their counsel to

---

[11] Upon reaching their agreement-in-principle to settle the Action, the parties to the Underwriter Settlement informed the Court that they had reached a settlement and requested that the Court refrain from ruling on the Underwriter Defendants' motion to dismiss while the parties engaged in due-diligence discovery.  Accordingly, in its May 4, 2017 Memorandum Opinion, the Court denied the Underwriter Defendants' motion to dismiss without prejudice to their ability to re-submit the motion if necessary.

the Securities Exchange Commission ("SEC") or any other investigative authority.   The Individual Defendants also agreed that for a period of one hundred-twenty (120) calendar days following the filing of the motion for preliminary approval of the Individual Defendant Settlement, the Individual Defendants will make themselves available for a reasonable number of depositions to occur at an agreed upon time and location convenient to the settling parties.

23.   The Settling Defendants have entered into their respective Stipulations solely to eliminate the uncertainty, burden, and expense of further protracted litigation.   Each of the Settling Defendants denies any wrongdoing.

24. On _____, 201__, the Court preliminarily approved both the Individual Defendant Settlement and the Underwriter Defendant Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Fairness Hearing to consider whether to grant final approval to the Settlements.

| |
|---|
| **HOW DO I KNOW IF I AM AFFECTED BY THE PROPOSED SETTLEMENTS? WHO IS INCLUDED IN THE UNDERWRITER DEFENDANT AND INDIVIDUAL DEFENDANT SETTLEMENT CLASSES?** |

25. If you are a member of the Individual Defendant Settlement Class and/or the Underwriter Defendant Settlement Class, you are subject to the terms of the applicable Settlements, unless you timely request to be excluded.

The Individual Defendant Settlement Class consists of:

all persons and entities who or which from November 5, 2013 through 9:40 a.m. Eastern Standard Time on October 6, 2014, inclusive (the "Class Period") purchased or otherwise acquired publicly traded GTAT common stock ("GTAT Common Stock") and/or publicly traded GTAT 3.00% Convertible Senior Notes Due 2020 ("GTAT Senior Notes"), purchased or otherwise acquired publicly traded call options on GTAT common stock ("GTAT Call Options"), and/or sold (wrote) publicly traded put options on GTAT common stock ("GTAT Put Options"), and were damaged thereby.

The Underwriter Defendant Settlement Class consists of:

all persons and entities who or which from November 5, 2013 through 9:40 a.m. Eastern Standard Time on October 6, 2014, inclusive (the "Class Period") purchased or otherwise acquired (i)  GTAT Senior Notes pursuant or traceable to GTAT's December 2013 registration statement and prospectus supplement for the GTAT Senior Notes' offering (the "Senior Notes Offering") and/or (ii) shares of GTAT Common Stock pursuant or traceable to GTAT's December 2013 registration statement and prospectus supplement for the secondary offering of GTAT common stock (the "Common Stock Secondary Offering").

Excluded from both the Individual Defendant and Underwriter Defendant Settlement Classes by definition are:

11

Defendants; GTAT; the affiliates and subsidiaries of the Underwriter Defendants, GTAT, and Apple; the Officers,[12] directors, and partners of the Underwriter Defendants, GTAT, and Apple during the Class Period; members of the Immediate Family[13] of any excluded person; the heirs, successors, and assigns of any excluded person or entity; and any entity in which any excluded person or entity has or had during the Class Period a controlling interest; *provided, however*, that any Investment Vehicle[14] shall not be deemed an excluded person or entity by definition.  Also excluded from both the Individual Defendant and the Underwriter Defendant Settlement Classes are any persons or entities who or which exclude themselves by submitting a valid and timely request for exclusion from the Settlement Classes in accordance with the requirements set forth in this Notice.  *See* "What if I Do Not Want To Be A Member Of One Or Both Of The Settlement Classes?  How Do I Exclude Myself," on page [__] below.

**RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE AN INDIVIDUAL DEFENDANT SETTLEMENT CLASS MEMBER OR AN UNDERWRITER DEFENDANT SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE INDIVIDUAL DEFENDANT SETTLEMENT OR THE UNDERWRITER DEFENDANT SETTLEMENT.**

**IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT(S) PERTAINING TO THE SETTLEMENT CLASS(ES) IN WHICH YOU ARE A MEMBER, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2018.**

| **WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE PROPOSED SETTLEMENTS?** |
| --- |

26.  Lead Plaintiff and Lead Counsel believe that the claims asserted against the Individual Defendants and the Underwriter Defendants have merit.  They recognize, however, the expense

---

[12] "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

[13] "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this definition, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

[14] "Investment Vehicle" means any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, and hedge funds, in which any of the Underwriter Defendants have, has, or may have a direct or indirect interest, or as to which any of their respective affiliates may act as an investment advisor but of which any of the Underwriter Defendants or any of their respective affiliates is not a majority owner or does not hold a majority beneficial interest. This definition of Investment Vehicle does not bring into the Settlement Class any of the Underwriter Defendants themselves.

and length of continued proceedings necessary to pursue their claims against these Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  For example, with respect to claims under § 10(b) of the Exchange Act, Plaintiffs faced significant risks in proving that the alleged false statements made by the Individual Defendants during the Class Period were intentionally or recklessly made.  Also, with respect to claims under § 11 of the Securities Act, Plaintiffs faced significant challenges associated with establishing that there were material misstatements and omissions in the public securities offering documents at issue and that the Underwriter Defendants' failed to conduct adequate due diligence.  In addition, Plaintiffs faced challenges with respect to proving loss causation and class-wide damages.  Furthermore, Plaintiffs would have to prevail at several stages in this litigation – motions for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow.  Finally, with respect to the Individual Defendants, Lead Plaintiff recognized that there was a significant risk that the Individual Defendants would be unable to pay in whole or in part any ultimate judgment in this case.  Thus, there were very significant risks attendant to the continued prosecution of the claims against the Settling Defendants.

27. In light of these risks, the amounts of the Individual Defendant and Underwriter Defendant Settlements and the certainty of recovery to the Individual Defendant and Underwriter Defendant Settlement Classes, Lead Plaintiff and Lead Counsel believe that the proposed Settlements are fair, reasonable and adequate, and in the best interests of the Settlement Classes.  Lead Plaintiff and Lead Counsel believe that the Settlements provide a substantial benefit to the respective Settlement Classes, namely $27,000,000 in cash to the Individual Defendant Settlement Class (less the various deductions described in this Notice) and $9,700,000 in cash to the Underwriter Defendant Settlement Class (less the various deductions described in this Notice), as compared to the risk that the claims in the Action against the Individual Defendants and/or the Underwriter Defendants might produce a smaller, or no recovery, after summary judgment, trial, and appeals.

28. The Settling Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  The Settling Defendants have agreed to their respective Settlements solely to eliminate the uncertainty, burden, and expense of continued litigation.  Accordingly, the Settlements may not be construed as an admission of any wrongdoing by the Settling Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENTS?

29. If there were no Settlements and Plaintiffs failed to establish any essential legal or factual element of their claims against the Individual Defendants and the Underwriter Defendants, neither Plaintiffs nor the other members of the respective Settlement Classes would recover anything from the Individual Defendants or the Underwriter Defendants.  Also, if the Individual Defendants or the Underwriter Defendants were successful in proving any of their defenses, either on the Underwriter Defendant's pending motion to dismiss, or with respect to both the Individual Defendants and the Underwriter Defendants on motions for summary judgment, at trial, or on appeal, the Individual Defendant and Underwriter Defendant Settlement Classes could recover substantially less than the amounts provided in the respective Settlements, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE RESPECTIVE SETTLEMENTS?

30. If you are an Individual Defendant Settlement Class Member or Underwriter Defendant Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Proposed Settlements?," below.

31. If you are an Individual Defendant Settlement Class Member and you do not exclude yourself from the Individual Defendant Settlement Class, you will be bound by any orders issued by the Court relating to the Individual Defendant Settlement, and if you are an Underwriter Defendant Settlement Class Member and you do not exclude yourself from the Underwriter Defendant Settlement Class, you will be bound by any orders issued by the Court relating to you the Underwriter Defendant Settlements.[15]

32. If the Individual Defendant Settlement is approved, the Court will enter a judgment (the "Individual Defendant Judgment").  The Individual Defendant Judgment will dismiss with prejudice the claims against the Individual Defendants and will provide that, upon the Effective Date of the Individual Defendant Settlement, Plaintiffs and each of the other Individual Defendant Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Individual Defendant Released Plaintiffs' Claim[16] against the

---

[15] If you are an Individual Defendant Settlement Class Member and/or Underwriter Defendant Settlement Class Member and do not wish to remain a member of the Settlement Class(es) in which you are member, you may exclude yourself from the Individual Defendant Settlement Class and/or the Underwriter Defendant Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Individual Defendant Settlement Class Or The Underwriter Defendant Settlement Class?  How Do I Exclude Myself?," below.

[16] "Individual Defendant Released Plaintiffs' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Plaintiffs or any other member of the Individual Defendant Settlement Class (i) asserted in the Action, or (ii) could have asserted in any forum that arise out of, are based upon, or relate to the allegations, transactions, acts, facts, matters, occurrences, statements, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase or acquisition of GTAT publicly traded common stock, GTAT Senior Notes, or GTAT Call Options, or the sale of GTAT Put Options, during the Class Period.  Individual Defendant Released Plaintiffs' Claims do not cover or include: (i) any claims by any governmental entity arising out of any governmental investigation of GTAT, the Individual Defendants, or any of GTAT's respective former or

Individual Defendants and the other Individual Defendant Releasees,[17] and will forever be barred and enjoined from commencing, maintaining, or prosecuting any or all of the Individual Defendant Released Plaintiffs' Claims against any of the Individual Defendant Releasees.

33. If the Underwriter Defendant Settlement is approved, the Court will enter a judgment (the "Underwriter Defendant Judgment"). The Underwriter Defendant Judgment will dismiss with prejudice the claims against the Settling Underwriter Defendants (as defined in the Underwriter Defendant Stipulation) and will provide that, upon the Effective Date of the Underwriter Defendant Settlement, Lead Plaintiff, the Securities Act Plaintiffs and each of the other Underwriter Defendant Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Underwriter Defendant Released Plaintiffs' Claim[18] against the Settling Underwriter Defendants and the other Settling Underwriter Defendants'

---

current officers or directors relating to the wrongful conduct alleged in the Action; (ii) any claims asserted, or which may be asserted, in the Action against any of the Underwriter Defendants or Apple; (iii) any claims of any person or entity who or which submits a request for exclusion from the Individual Defendant Settlement Class that is accepted by the Court; (iv) any claims asserted in the *Davis* Action; and (v) any claims relating to the enforcement of the Individual Defendant Settlement. For the avoidance of doubt, the above-referenced exclusion for claims by any governmental entity is set forth above only to clarify that the Individual Defendant Released Plaintiffs' Claims do not affect the rights that any governmental entity may have to assert a claim against any of the Individual Defendant Releasees, and it does not preserve for any Individual Defendant Settlement Class Member any right to assert a claim on the basis of that exclusion from the Individual Defendant Released Plaintiffs' Claims.

[17] "Individual Defendant Releasees" means (i) the Individual Defendants and their attorneys, (ii) the respective Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, attorneys, advisors, and associates of each of the foregoing, (iii) all current and former directors, officers, and employees of GTAT, and (iv) the Insureds (as defined in the Individual Defendant Stipulation), in their capacities as such; *provided, however*, that the Individual Defendant Releasees do not include the Underwriter Defendants or Apple.

[18] "Underwriter Defendant Released Plaintiffs' Claim" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that were or could have been asserted in the Action arising out of or relating to (i) the purchase, acquisition, sale, or holding of GTAT Senior Notes or GTAT Common Stock by Plaintiffs and/or Settlement Class Members during the Class Period, and (ii) the facts, matters, allegations, transactions, events, disclosures, statements, acts, or omissions involved, set forth, or referred to in the Complaint. Underwriter Defendant Released Plaintiffs' Claims do not cover or include: (i) any claims asserted, or which may be asserted, in the Action against any of the Non-Settling Defendants (as defined in the Underwriter Defendant Stipulation) or any person or entity with whom or which Lead Plaintiff has a tolling agreement; (ii) any claims of any person or entity who or which submits a request for exclusion from the Underwriter Defendant Settlement Class that is accepted by the Court after notice to the Settling Underwriter Defendants; and (iii) any claims relating to the enforcement of the Underwriter Defendant Settlement.

Releasees,[19] and will forever be barred and enjoined from prosecuting any or all of the Underwriter Defendant Released Plaintiffs' Claims against any of the Settling Underwriter Defendants' Releasees.

34. "Unknown Claims" means any (i) Individual Defendant Released Plaintiffs' Claims which Lead Plaintiff or any other Individual Defendant Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, (ii) any Underwriter Defendant Released Plaintiffs' Claims which Lead Plaintiff, the Securities Act Plaintiffs, or any other Underwriter Defendant Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, (iii) any Released Individual Defendants' Claims (as defined in footnote 21 below) which any Individual Defendant does not know or suspect to exist in its favor at the time of the release of such claims, and (iv) and any Released Underwriter Defendants' Claims (as defined in footnote 23 below) which any Underwriter Defendant does not know or suspect to exist in his or her favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Individual Defendant Settlement or Underwriter Defendant Settlement, as applicable.  With respect to any and all Released Claims (as collectively defined in the Stipulations), including Unknown Claims, the respective Settling Parties stipulate and agree that, upon the Effective Date of the Individual Defendant Settlement and upon the Effective Date of the Underwriter Defendant Settlement, Lead Plaintiff, the Securities Act Plaintiffs, the Individual Defendants, and the Underwriter Defendants shall be deemed to have expressly waived, and each of the other respective Settlement Class Members shall be deemed to have waived, and by operation of the respective Judgments shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff, the Securities Act Plaintiffs, the Individual Defendants, and the Underwriter Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the respective Settlements.[20]

---

[19]  "Settling Underwriter Defendants' Releasees" means (i) the Settling Underwriter Defendants; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the Settling Underwriter Defendants; and (iii) the current and former officers, directors, agents, employees, attorneys, and advisors of each of the foregoing in (i) and (ii), in their capacities as such. Notwithstanding the foregoing, the Settling Underwriter Defendants' Releasees do not include any of the Non-Settling Defendants (as defined in the Underwriter Defendant Stipulation).

[20] With respect to the Individual Defendant Settlement, the Settling Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date of the Individual Defendant Settlement, the Settling Parties shall expressly settle and release, and

35. The Individual Defendant Judgment will also provide that, upon the Effective Date of the Individual Defendant Settlement, the Individual Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Individual Defendants' Claim[21] against Lead Plaintiff, the Securities Act Plaintiffs, and the other Individual Defendant Plaintiff Releasees,[22] and will forever be barred and enjoined from commencing, maintaining, or prosecuting any or all of the Released Individual Defendant Claims against any of the Individual Defendant Plaintiff Releasees.

36. The Underwriter Defendant Judgment will also provide that, upon the Effective Date of the Underwriter Defendant Settlement, the Settling Underwriter Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Underwriter Defendants' Claim[23] against Lead Plaintiff, the Securities Act Plaintiffs, and the other Underwriter Defendant Plaintiffs' Releasees,[24] and will forever be barred and enjoined from

---

each Individual Defendant Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, settled and released any and all of the Released Claims without regard to the subsequent discovery or existence of such different or additional facts.

[21] "Released Individual Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Individual Defendants. Released Individual Defendants' Claims do not include: (i) any claims against any person or entity who or which submits a request for exclusion from the Individual Defendant Settlement Class that is accepted by the Court; and (ii) any claims relating to the enforcement of the Individual Defendant Settlement.

[22] "Individual Defendant Plaintiff Releasees" means (i) Plaintiffs, their attorneys, and all other Individual Defendant Settlement Class Members; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, attorneys, advisors, and associates of the each of the foregoing in (i) and (ii), in their capacities as such.

[23] "Released Underwriter Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Settling Underwriter Defendants. Released Underwriter Defendants' Claims do not include: (i) any claims against any person or entity who or which submits a request for exclusion from the Underwriter Defendant Settlement Class that is accepted by the Court after notice to the Underwriter Defendants; and (ii) any claims relating to the enforcement of the Underwriter Defendant Settlement.

[24] "Underwriter Defendant Plaintiffs' Releasees" means (i) Plaintiffs, their respective attorneys, and all other Underwriter Defendant Settlement Class Members; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, directors, agents, employees, attorneys, and advisors of the each of the foregoing in (i) and (ii), in their capacities as such.

17

prosecuting any or all of the Released Underwriter Defendants' Claims against any of the Underwriter Defendant Plaintiffs' Releasees.

## HOW MUCH WILL MY PAYMENT FROM THE SETTLEMENTS BE? HOW DO I PARTICIPATE IN THE SETTLEMENTS?  WHAT DO I NEED TO DO?

37. At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the proceeds of the Settlement(s) in which he, she, or it is eligible to participate.  The proposed plan for the distribution of the settlement proceeds and what Settlement Class Members must do to be eligible to participate in the recoveries is set forth in the Plan of Allocation attached to this Notice.

38. To be eligible for a payment from the proceeds of the Individual Defendant Settlement, you must be a member of the Individual Settlement Class, and to be eligible for a payment from the proceeds of the Underwriter Defendant Settlement, you must be a member of the Underwriter Settlement Class.  To be eligible for a payment from the Settlement(s), you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2018**.  Details of the requirements and process for submitting a Claim Form are set forth in the Plan of Allocation and in the Claim Form which accompanies this Notice. If you are a member of one or both of the Settlement Classes and do not submit a valid Claim Form, you will not be eligible to share in the distribution of the proceeds of the Settlement(s) obtained on behalf of the Settlement Class(es) in which you are a member.

## WHAT PAYMENT ARE THE ATTORNEYS SEEKING? HOW WILL THE LAWYERS BE PAID?

39. Plaintiffs' Counsel have not received any payment for their services in pursuing claims on behalf of the Settlement Classes in the Action, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlements, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 22% of each Settlement Fund.  At the same time, Lead Counsel also intends to apply for reimbursement of litigation expenses from the Settlement Funds in an amount not to exceed $450,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Classes.

40. The Court will determine the amount of any award of attorneys' fees or reimbursement of litigation expenses.  Should the Court approve only one of the two Settlements, attorneys' fees will be paid only on the approved Settlement and the litigation expenses approved by the Court will be paid from the Settlement Fund created by the approved Settlement.  Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF ONE OR BOTH OF THE SETTLEMENT CLASSES?  HOW DO I EXCLUDE MYSELF?

41. Each Individual Defendant Settlement Class Member will be bound by the determinations, orders and judgments in this Action relating to the Individual Defendant Settlement, whether favorable or unfavorable, unless such person or entity submits a written request for exclusion from the Individual Defendant Settlement Class that is accepted by the

Court.  Similarly, each Underwriter Defendant Settlement Class Member will be bound by the determinations, orders and judgments in this Action relating to the Underwriter Defendant Settlement, whether favorable or unfavorable, unless such person or entity submits a written request for exclusion from the Underwriter Defendant Settlement Class that is accepted by the Court.  You have the right to exclude yourself from one of the Settlement Classes, while remaining a member of the other Settlement Class.

42. Each request for exclusion must be in writing and must be mailed or delivered to GTAT Securities Litigation, EXCLUSIONS, c/o GCG, P.O. Box 10463, Dublin, OH 43017-4063, such that it is ***received* no later than** _____**, 2018**.  You will not be able to exclude yourself from either of the Settlement Classes after that date.  Each request for exclusion must: (i) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (ii) for Individual Defendant Settlement Class Members who wish to request exclusion from that class, state that such person or entity "requests exclusion from the Individual Defendant Settlement Class in *Levy* v. *Gutierrez, et al.*, Case No. 1:14-cv-00443-JL (GTAT Securities Litigation)"; (iii) for Underwriter Defendant Settlement Class Members who wish to request exclusion from that class, state that such person or entity "requests exclusion from the Underwriter Defendant Settlement Class in *Levy* v. *Gutierrez, et al.*, Case No. 1:14-cv-00443-JL (GTAT Securities Litigation)"; (iv) state the amount of each GTAT Security (in terms of number of shares of GTAT Common Stock, GTAT Call Options, GTAT Put Options, and/or face value of GTAT Senior Notes) that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period (*i.e.*, from November 5, 2013 through 9:40 a.m. Eastern Standard Time on October 6, 2014, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; (v) with respect to any Class Period purchases of GTAT Common Stock and/or GTAT Senior Notes, identify any shares of GTAT Common Stock purchased in or traceable to the Common Stock Secondary Offering and/or any GTAT Senior Notes purchased in or traceable to the Senior Notes Offering; and (vi) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

43. If you do not want to be part of the Individual Defendant Settlement Class and/or the Underwriter Defendant Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Individual Defendant Released Plaintiffs' Claim against any of the Individual Defendant Releasees or any Underwriter Defendant Released Plaintiffs' Claim against any of the Settling Underwriter Defendants' Releasees.  Excluding yourself from the Individual Defendant Settlement Class is the only option that allows you to be part of any other lawsuit against any of the Individual Defendants or any of the other Individual Defendant Releasees concerning the Individual Defendant Released Plaintiffs' Claims, and excluding yourself from the Underwriter Defendant Settlement Class is the only option that allows you to be part of any other lawsuit against any of the Settling Underwriter Defendants or any of the other Settling Underwriter Defendants' Releasees concerning the Underwriter Defendant Released Plaintiffs' Claims. Please note, however, if you decide to exclude yourself from the either of the Settlement Classes, you may be time-barred from asserting certain of the claims covered by the Action by a statute of repose.

44. If you are excluded from the Individual Defendant Settlement Class, you will not be eligible to receive any payment from the proceeds of the Individual Defendant Settlement Fund. Similarly, if you are excluded from the Underwriter Defendant Settlement Class, you will not be eligible to receive any payment from the proceeds of the Underwriter Defendant Settlement Fund.

45. The Individual Defendants have the right to terminate the Individual Defendant Settlement, and the Underwriter Defendants have the right to terminate the Underwriter Defendant Settlement, if valid and timely requests for exclusion are received from persons and entities entitled to be members of applicable Settlement Class in an amount that exceeds the amounts agreed to by Lead Plaintiff and the Individual Defendants and Lead Plaintiff and the Underwriter Defendants, respectively.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE INDIVIDUAL DEFENDANT AND THE UNDERWRITER DEFENDANT SETTLEMENTS? DO I HAVE TO COME TO THE HEARING? HOW DO I OBJECT? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENTS?**

46. **Settlement Class Members do not need to attend the Settlement Fairness Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. Settlement Class Members can participate in the Settlements without attending the Settlement Fairness Hearing. Please Note: The date and time of the Settlement Fairness Hearing may change without further written notice to the Settlement Classes. You should monitor the Court's docket and the website maintained by the Claims Administrator, www.GTATSecuritiesLitigation.com, before making plans to attend the Settlement Fairness Hearing. You may also confirm the date and time of the Settlement Fairness Hearing by contacting Lead Counsel.**

47. The Settlement Fairness Hearing will be held on _____, **2018 at _:__ _.m**., before the Honorable Joseph N. Laplante at the United States District Court for the District of New Hampshire, Courtroom 2, 55 Pleasant Street, Concord, NH 03301-3941. The Court reserves the right to approve the Individual Defendant Settlement, the Underwriter Defendant Settlement, the proposed Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, and/or any other related matter at or after the Settlement Fairness Hearing without further notice to Settlement Class Members.

48. Only members of the Individual Defendant Class (*i.e.,* any person or entity that comes with the definition of the Individual Defendant Settlement Class and does not request exclusion from that class) may object to the Individual Defendant Settlement. Similarly, only members of the Underwriter Defendant Class (*i.e.,* any person or entity that comes with the definition of the Underwriter Defendant Settlement Class and does not request exclusion from that class) may object to the Underwriter Defendant Settlement. However, any member of the Individual Defendant Settlement Class or Underwriter Defendant Settlement Class may object to the proposed Plan of Allocation and/or Lead Counsel's motion for an award of attorneys' fees or reimbursement of expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of New Hampshire at the address set forth below **on or before _____, 2018**. You must also mail the papers to Lead

Counsel and, if it is to one or both of the Settlements to which you are objecting, to the applicable designated Defendants' Counsel as well at the addresses set forth below so that the papers are *received* **on or before _____, 2018**.

<table>
<tr><td><b>Clerk's Office</b></td><td><b>Lead Counsel</b></td></tr>
</table>

U.S. District Court
District of New Hampshire
Clerk of the Court
55 Pleasant Street, Room 110
Concord, NH 03301-3941

**Bernstein Litowitz Berger**
  **& Grossmann LLP**
John C. Browne, Esq.
1251 Avenue of the Americas, 44th Floor
New York, NY 10020

<table>
<tr><td align="center"><b>Individual<br>Defendants' Counsel</b></td><td align="center"><b>Underwriter<br>Defendants' Counsel</b></td></tr>
</table>

**Ropes & Gray LLP**
Randall W. Bodner, Esq.
800 Boylston Street
Boston, MA 02199

**Paul Weiss Rifkind Wharton**
  **& Garrison LLP**
Richard A. Rosen, Esq.
1285 Avenue of the Americas
New York, NY 10019-6064

**Morgan, Lewis, & Bockius LLP**
Jordan D. Hershman, Esq.
One Federal Street
Boston, MA 02110-1726

**Wachtell, Lipton, Rosen & Katz**
David A. Katz, Esq.
51 West 52nd Street
New York, New York 10019

**Nutter McClennen & Fish LLP**
Ian D. Roffman, Esq.
155 Seaport Blvd.
Boston, MA 02210

    49. Any objection: (i) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (ii) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (iii) must include documents sufficient to prove Settlement Class membership, including the amount of each GTAT Security (in terms of number of shares of GTAT Common Stock, GTAT Call Options, GTAT Put Options, and/or face value of GTAT Senior Notes) that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period (*i.e.*, from November 5, 2013 through 9:40 a.m. Eastern Standard Time on October 6, 2014, inclusive), as well as the dates and prices of each such purchase/acquisition and sale, and with respect to Underwriter Defendant Settlement Class Members, identification of those shares of GTAT Common Stock purchased in or traceable to the Common Stock

Secondary Offering and/or those GTAT Senior Notes purchased in or traceable to the Senior Notes Offering.

50. You may not object to the Individual Defendant Settlement if you exclude yourself from the Individual Defendant Settlement Class or if you are not a member of that class. Similarly, you may not object to the Underwriter Defendant Settlement if you exclude yourself from the Underwriter Defendant Settlement Class or if you are not a member of that class. Further, you may not object to the Plan of Allocation and/or the motion for attorneys' fees and expenses unless you are a member of at least one of the Settlement Classes and do not exclude yourself from that Settlement Class.

51. You may file a written objection without having to appear at the Settlement Fairness Hearing. You may not, however, appear at the Settlement Fairness Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

52. If you wish to be heard orally at the hearing, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and, if it is the Individual Defendant and/or Underwriter Defendant Settlement about which you wish to be heard, on Individual Defendants' Counsel and/or the Underwriter Defendants' Counsel, as applicable, at the addresses set forth above so that it is *received* **on or before** _____**, 2018**. Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

53. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and, if it is the Individual Defendant and/or Underwriter Defendant Settlement to which you are objecting, on Individual Defendants' Counsel and/or the Underwriter Defendants' Counsel, as applicable, at the addresses set forth in ¶ 48 above so that the notice is *received* **on or before** _____**, 2018**.

54. **Unless the Court orders otherwise, any Individual Defendant Settlement Class Member who does not object to the Individual Defendant Settlement and any Underwriter Defendant Settlement Class Member who does not object to the Underwriter Defendant Settlement in the manner described above will be deemed to have waived any objection to the Individual Defendant and/or Underwriter Defendant Settlement, as applicable, and shall be forever foreclosed from making any objection to the proposed Individual Defendant and/or Underwriter Defendant Settlement, and any member of the Individual Defendant and/or Underwriter Defendant Settlement Class who does not object to the proposed Plan of Allocation or requested attorneys' fees and expenses in the manner described above will be deemed to have waived any objection to the proposed Plan of Allocation or the requested fees and expenses and shall be forever foreclosed from making any such objection. Settlement Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.**

| **WHAT IF I BOUGHT GTAT SECURITIES ON SOMEONE ELSE'S BEHALF?** |
|---|

55. If, during the period from November 5, 2013 through 9:40 a.m. Eastern Standard Time on October 6, 2014, inclusive, you purchased or otherwise acquired GTAT Common Stock and/or GTAT Senior Notes, purchased or otherwise acquired GTAT Call Options, and/or sold (wrote) GTAT Put Options, for the beneficial interest of persons or organizations other than yourself, you must either (a) within fourteen (14) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and within fourteen (14) calendar days of receipt of those Notices forward them to all such beneficial owners; or (b) within fourteen (14) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to GTAT Securities Litigation, c/o GCG, P.O. Box 10463, Dublin, OH 43017-4063.  If you choose the first option, you must send a statement to the Claims Administrator confirming that the mailing was made and **you must retain your mailing records for use in connection with any further notices that may be provided in the Action**.  If you choose the second option, the Claims Administrator will send a copy of the Notice to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice may also be obtained from the website maintained by the Claims Administrator, www.GTATSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-866-562-8790, or by emailing the Claims Administrator at info@GTATSecuritiesLitigation.com.

| **CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |
|---|

56. This Notice contains only a summary of the terms of the proposed Individual Defendant and Underwriter Defendant Settlements.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Individual Defendant and Underwriter Defendant Stipulations, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the District of New Hampshire, 55 Pleasant Street, Concord, NH 03301.  Additionally, copies of the Individual Defendant and Underwriter Defendant Stipulations, and any related orders entered by the Court, will be posted on the website maintained by the Claims Administrator, www.GTATSecuritiesLitigation.com.

| **Requests for the Notice Packet should be made to:** | **Inquiries, other than requests for the Notice Packet, should be made to Lead Counsel**: |
|---|---|
| GTAT Securities Litigation | John C. Browne, Esq. |
| c/o GCG | BERNSTEIN LITOWITZ BERGER |
| P.O. Box 10463 | & GROSSMANN LLP |
| Dublin, OH 43017-4063 | 1251 Avenue of the Americas, 44th Floor |
| 1-866-562-8790 | New York, NY 10020 |
| info@GTATSecuritiesLitigation.com | 1-800-380-8496 |
| www.GTATSecuritiesLitigation.com | blbg@blbglaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, GTAT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2018

By Order of the Court
United States District Court
New Hampshire

## PROPOSED PLAN OF ALLOCATION

1.      If approved by the Court, the plan of allocation set forth below (the "Plan of Allocation") will determine how the net proceeds of the Settlements will be distributed to members of the respective Settlement Classes who submit timely and valid Claims.[1]

## GENERAL PROVISIONS

2.      At this time, it is not possible to make any determination as to how much a Settlement Class Member may receive from the Settlement(s) in which he, she or it is eligible.

3.      If the Individual Defendant Settlement is approved by the Court and the Effective Date of the Individual Defendant Settlement occurs, the Individual Defendant Settlement Net Settlement Fund will be distributed to Authorized Claimants who are members of the Individual Defendant Settlement Class.  Similarly, if the Underwriter Defendant Settlement is approved by the Court and the Effective Date of the Underwriter Defendant Settlement occurs, the Underwriter Defendant Settlement Net Settlement Fund will be distributed to Authorized Claimants who are members of the Underwriter Defendant Settlement Class.  Please note, the same claim form will be used for purposes of calculating Claims for both settlements.  Thus, even if you are a member of both settlement classes, you should only submit one claim form.

4.      The respective Net Settlement Funds will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

5.      Neither the Settling Defendants nor any other person or entity that paid any portion of their respective Settlement Amounts on their behalf are entitled to get back any portion of their Settlement Fund once the Court's Order approving their Settlement becomes Final.  The Settling Defendants shall not have any liability, obligation, or responsibility for the administration of their respective Settlements or disbursement of the respective Net Settlement Funds or the Plan of Allocation or such other plan of allocation as may be approved by the Court.

6.      Approval of the Settlements is independent from approval of a plan of allocation. Any determination as to a plan of allocation will not affect the Settlements, if approved.

7.      Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Proof of Claim and Release Form ("Claim Form") postmarked no later than _____, 2018 shall be forever barred from receiving payments pursuant to the Settlement(s) that apply to him, her or it but will in all other respects remain a member of the applicable Settlement Class(es) in which he, she, or it is a member and be subject to the provisions of the applicable Stipulations, including the terms of any Judgments entered and releases given.

8.      The Court has reserved continuing jurisdiction to allow, disallow, or adjust the Claim of any Settlement Class Member on equitable grounds.

---

[1] Unless otherwise defined in this Plan of Allocation or the Notice, the capitalized terms herein shall have the same meanings as they have in the Individual Defendant Stipulation and the Underwriter Defendant Stipulation.

9.     The Court has also reserved the right to modify the Plan of Allocation without further notice to Settlement Class Members.  Any Orders regarding a modification of the Plan of Allocation will be posted on the settlement website, www.GTATSecuritiesLitigation.com.

10.     Payment pursuant to the plan of allocation approved by the Court shall be conclusive against all Authorized Claimants.  No person or entity shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator or other agent designated by Plaintiffs' Counsel arising from distributions made substantially in accordance with the Stipulations, the plan of allocation that is approved by the Court, or further orders of the Court.  Plaintiffs, the Settling Defendants, their respective counsel, and all other Individual Defendants' Releasees and Underwriter Defendants' Releasees shall have no responsibility or liability whatsoever for the investment or distribution of their respective Settlement Funds or Net Settlement Funds, the Plan of Allocation or such other plan of allocation as may be approved by the Court, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the respective Settlement Funds, or any losses incurred in connection therewith.

11.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim.

12.     Each Claim **must** provide all of the information requested therein and provide sufficient supporting documentation as stated therein.

13.     Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in GTAT Securities held through an ERISA Plan in any Claim that they may submit in this Action.  They should include ONLY those securities that they purchased, acquired, or sold outside of an ERISA Plan.  Claims based on any ERISA Plan's purchases, acquisitions, or sales of GTAT Securities during the Class Period may be made by the plan's trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from one or both of the Settlement Classes are participants in an ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlements by an ERISA Plan.

14.     The objective of the Plan of Allocation is to equitably distribute the respective Net Settlement Funds to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws.  The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the respective Net Settlement Funds to Authorized Claimants who are members of the class for which the fund was created.  The Plan of Allocation is not a formal damage analysis.

15.     The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlements. The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Funds.

16.     As discussed above, claims were asserted in the Action against the Individual Defendants under both the Securities Act and the Exchange Act, while claims were asserted against

the Underwriter Defendants under the Securities Act only.   Accordingly, the Underwriter Defendant Net Settlement Fund will be allocated among eligible Underwriter Defendant Settlement Class Members based solely on the Securities Act Calculations set forth below, while the Individual Defendant Net Settlement Fund will be allocated among eligible Individual Defendant Settlement Class Members based on both the Exchange Act and Securities Act Calculations set forth below.

## SECURITIES ACT CALCULATIONS

17.    Securities Act claims were asserted with respect to (i) shares of GTAT Common Stock purchased or otherwise acquired during the Class Period pursuant or traceable to the Common Stock Secondary Offering; and (ii) GTAT Senior Notes purchased or otherwise acquired during the Class Period pursuant or traceable to the Senior Notes Offering.  For shares of GTAT Common Stock to be traceable to the Common Stock Secondary Offering and potentially eligible for recovery under Section 11 of the Securities Act, the shares must have been purchased directly from an underwriter at the $8.65 issue price as part of the Secondary Offering, which occurred on or about December 4, 2013.  Since the Senior Notes Offering was an initial offering of the security, all GTAT Notes purchased from the initial offering date of the security through the end of the Class Period are traceable to the Senior Notes Offering and potentially eligible for recovery under Section 11 of the Securities Act.

18.    The claims asserted in the Action under Section 11 of the Securities Act serve as the basis for the calculation of the Securities Act Recognized Loss Amounts under the Plan of Allocation.  Section 11 of the Securities Act provides a statutory formula for the calculation of damages under that provision.  The formulas stated below, which were developed by Lead Plaintiff's damages expert, generally track the statutory formula.

### GTAT Common Stock

19.    Based on the formulas stated below, a "Securities Act Recognized Loss Amount" will be calculated for each purchase of GTAT Common Stock pursuant or traceable to the Common Stock Secondary Offering.  If a Securities Act Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

20.    For GTAT Common Stock purchased pursuant or traceable to the Common Stock Secondary Offering ("GTAT Common Stock Offering Shares"),[2] and

(i)    Sold before October 9, 2014,[3] the Securities Act Recognized Loss Amount will be the purchase price (not to exceed $8.65, the issue price of the Common Stock Secondary Offering) *minus* the sale price.

---

[2] As noted in ¶ 17 above, for shares of GTAT Common Stock to be traceable to the Common Stock Secondary Offering, which occurred on or about December 4, 2013, the shares must have been purchased directly from an underwriter as part of the Secondary Offering at the $8.65 issue price.

[3] For purposes of the statutory calculations, October 9, 2014, the date of filing of the initial complaint in the Action, is the date of suit.  For GTAT Common Stock Offering Shares, October 9, 2014 is also the proxy date for the date of judgment because after October 9, 2014 the price of GTAT Common Stock never traded above $1.29, the closing price on that date.

(ii)    Held as of the close of trading on October 9, 2014, the Recognized Loss Amount will be the purchase price (not to exceed $8.65, the issue price of the Common Stock Secondary Offering) *minus* $1.29.

## GTAT Senior Notes

21.    Based on the formulas stated below, a "Securities Act Recognized Loss Amount" will be calculated for each purchase/acquisition of GTAT Senior Notes during the Class Period. If a Securities Act Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

22.    For each GTAT Senior Note purchased or otherwise acquired during the Class Period (*i.e.*, notes purchased/acquired from the initial offering date of the security through 9:40 a.m. EST on October 6, 2014),[4] and

(i)    Sold before October 9, 2014, the Securities Act Recognized Loss Amount will be the purchase/acquisition price (not to exceed $1,000, the issue price of the Senior Notes Offering) *minus* the sale price.

(ii)    Sold from October 9, 2014 through and including the close of trading on May 18, 2015,[5] the Securities Act Recognized Loss Amount will be the purchase/acquisition price (not to exceed $1,000, the issue price of the Senior Notes Offering) *minus* the sale price (not to be less than $310, the closing price of GTAT Senior Notes on October 9, 2014).

(iii)    Held as of the close of trading on May 18, 2015, the Recognized Loss Amount will be the purchase/acquisition price (not to exceed $1,000, the issue price of the Senior Notes Offering) *minus* $310.

## EXCHANGE ACT CALCULATIONS

23.    Section 10(b) of the Exchange Act serves as the basis for the calculation of Exchange Act Recognized Loss Amounts under the Plan of Allocation.  In developing the Plan of Allocation, Lead Plaintiff's damages expert calculated the estimated amount of artificial inflation in the closing prices of GTAT Securities which allegedly was proximately caused by Defendants' alleged false and misleading statements and material omissions.  In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiff's damages expert considered price changes in GTAT Securities in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces.  The estimated artificial inflation in GTAT Common Stock and GTAT Senior Notes is stated in Tables A-1 and A-2 below.  The estimated artificial inflation in GTAT

---

[4] As noted in ¶ 17 above, all GTAT Notes purchased from the initial offering date of the security through the end of the Class Period are traceable to the Senior Notes Offering and potentially eligible for recovery under Section 11 of the Securities Act

[5] For purposes of the statutory calculations, May 18, 2015 is proxy date for the date of judgment because after May 18, 2015 the price of GTAT Senior Notes never traded above $310, the closing price on October 9, 2014.

4

Call Options is stated in Table C, which is available at www.GTATSecuritiesLitigation.com, and the estimated artificial deflation in GTAT Put Options is stated in Table D, which is also available at www.GTATSecuritiesLitigation.com.

24.     For losses to be compensable damages under Section 10(b) of the Exchange Act, the disclosure of the allegedly misrepresented information must be, among other things, the cause of the decline in the price or value of the security.   In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the period between November 5, 2013 and October 6, 2014 9:40 a.m. EST, inclusive, which had the effect of artificially inflating the prices of GTAT Common Stock, GTAT Senior Notes, and GTAT Call Options, and artificially deflating the price of GTAT Put Options.  Lead Plaintiff further alleges that corrective information was released to the market at 1:12 p.m. EST on September 9, 2014 and at 9:40 a.m. EST on October 6, 2014, which partially removed the artificial inflation from the price of GTAT Common Stock, GTAT Senior Notes, and GTAT Call Options, and partially removed artificial deflation from the price of GTAT Put Options on September 9, 2014, September 10, 2014, and October 6, 2014.[6]

25.     Exchange Act Recognized Loss Amounts for transactions in GTAT Securities are calculated under the Plan of Allocation based primarily on the difference in the amount of alleged artificial inflation (or deflation in the case of put options) in the respective prices of the GTAT Securities at the time of purchase or acquisition and at the time of sale or the difference between the actual purchase/acquisition price and sale price.  Accordingly, in order to have an Exchange Act Recognized Loss Amount under the Plan of Allocation, an Individual Defendant Settlement Class Member who or which purchased or otherwise acquired GTAT Common Stock, GTAT Senior Notes, or GTAT Call Options, prior to the first alleged corrective disclosure, which occurred at 1:12 p.m. EST on September 9, 2014, must have held the respective GTAT Security (or with respect to GTAT Call Options and GTAT Put Options (collectively, "GTAT Options"), not closed out his, her or its position in the security) through at least that time. A Settlement Class Member who purchased or otherwise acquired GTAT Common Stock, GTAT Senior Notes, or GTAT Call Options, or sold/wrote GTAT Put Options, at or after 1:12 p.m. EST on September 9, 2014, must have held the respective GTAT Security (or with respect to GTAT Options, not closed out his, her or its position in the security) through at least the second alleged corrective disclosure, which occurred at 9:40 a.m. EST on October 6, 2014.

**GTAT Common Stock**

26.     Based on the formula stated below, an "Exchange Act Recognized Loss Amount" will be calculated for each purchase or acquisition of GTAT Common Stock that is listed on the Claim Form and for which adequate documentation is provided.  If an Exchange Act Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

27.     For each share of GTAT Common Stock purchased or otherwise acquired during the Class Period (*i.e.*, from November 5, 2013 through and including 9:40 a.m. EST on October 6, 2014), and:

---

[6] With respect to the alleged partial corrective disclosure that occurred on September 9, 2014, the alleged artificial inflation was removed from the price of GTAT Common Stock over two days:  September 9, 2014 and September 10, 2014.

(i)       Sold before September 9, 2014 or on September 9, 2014 before 1:12 p.m. EST, the Exchange Act Recognized Loss Amount will be $0.00.

(ii)       Sold from September 9, 2014 at or after 1:12 p.m. EST through and including the close of trading on October 3, 2014 or on October 6, 2014 before 9:40 a.m. EST, the Exchange Act Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A-1 *minus* the amount of artificial inflation per share on the date of sale as stated in Table A-2; or (ii) the purchase/acquisition price *minus* the sale price.

(iii)       Sold on October 6, 2014 at or after 9:40 a.m. EST through and including the close of trading on January 2, 2015, the Exchange Act Recognized Loss Amount will be *the least of*: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A-1; (ii) the purchase/acquisition price *minus* the average closing price between October 6, 2014 and the date of sale as stated in Table B below; or (iii) the purchase/acquisition price *minus* the sale price.

(iv)       Held as of the close of trading on January 2, 2015, the Exchange Act Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A-1; or (ii) the purchase/acquisition price minus $0.51.[7]

28.       For each share of GTAT Common Stock traceable to the Secondary Offering that has both a Securities Act Recognized Loss Amount and an Exchange Act Recognized Loss Amount, the Exchange Act Recognized Loss Amount will be *the greater of:* (i) the product of the Exchange Act Recognized Loss Amount (as calculated pursuant to ¶ 27 above) multiplied by 0.93; or (ii) the product of the Securities Act Recognized Loss Amount (as calculated pursuant to ¶ 20 above) multiplied by 0.93.

**GTAT Senior Notes**

29.       Based on the formula stated below, an "Exchange Act Recognized Loss Amount" will be calculated for each purchase or acquisition of GTAT Senior Notes that is listed on the Claim Form and for which adequate documentation is provided.  If an Exchange Act Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

---

[7] Pursuant to Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day look-back period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Exchange Act Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of the security during the 90-day look-back period, October 6, 2014 through and including January 2, 2015.  The mean (average) closing price for GTAT Common Stock during this 90-day look-back period was $0.51.

30.     For each GTAT Senior Note purchased or otherwise acquired during the Class Period (*i.e.*, from November 5, 2013 through and including 9:40 a.m. EST on October 6, 2014), and:

(i)     Sold before September 9, 2014 or on September 9, 2014 before 1:12 p.m. EST, the Exchange Act Recognized Loss Amount will be $0.00.

(ii)     Sold from September 9, 2014 at or after 1:12 p.m. EST through and including the close of trading on October 3, 2014 or on October 6, 2014 before 9:40 a.m. EST, the Exchange Act Recognized Loss Amount will be ***the lesser of***: (i) the amount of artificial inflation per note on the date of purchase/acquisition as stated in Table A-1 *minus* the amount of artificial inflation per note on the date of sale as stated in Table A-2; or (ii) the purchase/acquisition price *minus* the sale price.

(iii)     Sold on October 6, 2014 at or after 9:40 a.m. EST through and including the close of trading on January 2, 2015, the Exchange Act Recognized Loss Amount will will be ***the least of***: (i) the amount of artificial inflation per note on the date of purchase/acquisition as stated in Table A-1; (ii) the purchase/acquisition price *minus* the average closing price between October 6, 2014 and the date of sale as stated in Table B below; or (iii) the purchase/acquisition price *minus* the sale price.

(iv)     Held as of the close of trading on January 2, 2015, the Exchange Act Recognized Loss Amount will be ***the lesser of***: (i) the amount of artificial inflation per note on the date of purchase/acquisition as stated in Table A-1; or (ii) the purchase/acquisition price minus $395.14.[8]

31.     All GTAT Senior Notes are traceable to the Offering and have both a Securities Act Recognized Loss Amount and an Exchange Act Recognized Loss Amount.  For GTAT Senior Notes, the Exchange Act Recognized Loss Amount will be the greater of (i) the product of the Exchange Act Recognized Loss Amount (as calculated pursuant to ¶ 30 above) multiplied by 0.93; or (ii) the product of the Securities Act Recognized Loss Amount (as calculated pursuant to ¶ 22 above) multiplied by 0.93.

**GTAT Call and Put Options**

32.     Exchange-traded options are traded in units called "contracts" which entitle the holder to buy (in the case of a call option) or sell (in the case of a put option) 100 shares of the underlying security, which in this case is GTAT Common Stock.  Throughout this Plan of Allocation, all price quotations are *per share of the underlying security* (*i.e.*, 1/100 of a contract).

33.     Each option contract specifies a strike price and an expiration date.  Contracts with the same strike price and expiration date are referred to as a "series" and each series represents a different security that trades in the market and has its own market price (and thus artificial inflation or deflation).  Under the Plan of Allocation, the dollar artificial inflation per share (*i.e.*, 1/100 of a

---

[8] As explained in footnote 7 above, Exchange Act Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of the security during the 90-day look-back period, October 6, 2014 through and including January 2, 2015.  The mean (average) closing price for GTAT Notes during this 90-day look-back period was $395.14.

contract) for each series of GTAT Call Options and the dollar artificial deflation per share (*i.e.*, 1/100 of a contract) for each series of GTAT Put Options has been calculated by Lead Plaintiff's damages expert.  Table C, available at www.GTATSecuritiesLitigation.com, sets forth the dollar artificial inflation per share in GTAT Call Options during the Class Period.  Table D, also available at www.GTATSecuritiesLitigation.com, sets forth the dollar artificial deflation per share in GTAT Put Options during the Class Period.  Tables C and D list only series of exchange-traded GTAT Options that expired on or after September 9, 2014 – the date of the first alleged corrective disclosure.  Transactions in GTAT Options that expired before September 9, 2014 have an Exchange Act Recognized Loss Amount of zero under the Plan of Allocation.  Any GTAT Options traded during the Class Period that are not found on Tables C and D have an Exchange Act Recognized Loss Amount of zero under the Plan of Allocation.

34.     For each GTAT Call Option purchased or otherwise acquired during the Class Period (*i.e.*, from November 5, 2013 through and including 9:40 a.m. EST on October 6, 2014), and:

(i)     closed (through sale, exercise, or expiration) before September 9, 2014 or on September 9, 2014 before 1:12 p.m. EST, the Exchange Act Recognized Loss Amount will be $0.00.

(ii)     closed (through sale, exercise, or expiration) during the period from September 9, 2014 at or after 1:12 p.m. EST through and including the close of trading on October 3, 2014 or on October 6, 2014 before 9:40 a.m. EST, the Exchange Act Recognized Loss Amount will be ***the lesser of***: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table C (available at www.GTATSecuritiesLitigation.com) *minus* the amount of artificial inflation per share on the date of close as stated in Table C; or (ii) if closed through sale, the purchase/acquisition price *minus* the sale price, or if closed through exercise or expiration, the purchase/acquisition price *minus* the value per option on the date of exercise or expiration.[9]

(iii)     open after 9:40 a.m. EST on October 6, 2014, the Exchange Act Recognized Loss Amount will be ***the lesser of***: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table C (available at www.GTATSecuritiesLitigation.com); or (ii) the purchase/acquisition price *minus* the closing price of that option on October 6, 2016 (*i.e.*, the "Holding Price") as stated in Table C.

35.     For each GTAT Put Option sold (written) during the Class Period (*i.e.*, from November 5, 2013 through and including 9:40 a.m. EST on October 6, 2014), and:

(i)     closed (through purchase, exercise, or expiration) before September 9, 2014 or on September 9, 2014 before 1:12 p.m. EST, the Exchange Act Recognized Loss Amount will be calculated, which will be $0.00.

---

[9] The "value" of the call option on the date of exercise or expiration shall be the closing price of GTAT Common Stock on the date of exercise or expiration minus the strike price of the option.  If this number is less than zero, the value of the call option is zero.

(ii)     closed (through purchase, exercise, or expiration) during the period from September 9, 2014 at or after 1:12 p.m. EST through and including the close of trading on October 3, 2014 or on October 6, 2014 before 9:40 a.m. EST, the Exchange Act Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial deflation per share on the date of sale (writing) as stated in Table D (available at www.GTATSecuritiesLitigation.com) *minus* the amount of artificial deflation per share on the date of close as stated in Table D; or (ii) if closed through purchase, the purchase price *minus* the sale price, or if closed through exercise or expiration, the value per option on the date of exercise or expiration[10] *minus* the sale price.

(iii)     open after 9:40 a.m. EST on October 6, 2014, the Exchange Act Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial deflation per share on the date of sale (writing) as stated in Table D (available at www.GTATSecuritiesLitigation.com); or (ii) the closing price on October 6, 2014 (*i.e.*, the "Holding Price") as stated in Table D below *minus* the sale price.

36.     **Maximum Recovery for Options:**  The Settlement proceeds available for GTAT Call Options purchased during the Class Period and GTAT Put Options sold (written) during the Class Period shall be limited to a total amount equal to 15% of the Individual Defendant Net Settlement Fund.  Thus, if the cumulative Exchange Act Recognized Loss Amounts for GTAT Call Options and GTAT Put Options exceeds 15% of all Exchange Act Recognized Claims, then the Exchange Act Recognized Loss Amounts calculated for option transactions will be reduced proportionately until they collectively equal 15% of all Exchange Act Recognized Claims.  In the unlikely event that the Individual Defendant Net Settlement Fund, allocated as such, is sufficient to pay 100% of the GTAT Common Stock and Senior Note-based claims, any excess amount will be used to pay the balance on the remaining option-based claims.

## ADDITIONAL PROVISIONS

37.     **Calculation of Claimant's "Exchange Act Recognized Claim":** A Claimant's "Exchange Act Recognized Claim" will be the sum of his, her or its Exchange Act Recognized Loss Amounts as calculated above with respect to all GTAT Securities.

38.     **Calculation of Claimant's "Securities Act Recognized Claim":**  A Claimant's "Securities Act Recognized Claim" will be the sum of his, her or its Securities Act Recognized Loss Amounts as calculated above with respect to all GTAT Common Stock Offering Shares and GTAT Notes.

39.     **FIFO Matching:**  If a Settlement Class Member made more than one purchase/acquisition or sale of any GTAT Security during the Class Period, all purchases/acquisitions and sales of the like security will be matched on a First In, First Out ("FIFO") basis.  With respect to GTAT Common Stock, GTAT Senior Notes, and GTAT Call

---

[10] The "value" of the put option on the date of exercise or expiration shall be the strike price of the option minus the closing price of GTAT Common Stock on the date of exercise or expiration.  If this number is less than zero, the value of the put option is zero.

Options, sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.  For GTAT Put Options, purchases will be matched first to close out positions open at the beginning of the Class Period, and then against GTAT Put Options sold (written) during the Class Period in chronological order.

40.    **"Purchase/Sale" Dates:**  Purchases or acquisitions and sales of GTAT Securities will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of GTAT Securities during the Class Period shall not be deemed a purchase, acquisition or sale of these GTAT Securities for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of such GTAT Securities unless (i) the donor or decedent purchased or otherwise acquired or sold such GTAT Securities during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such GTAT Securities.

41.    **Short Sales:**  With respect to GTAT Common Stock, the date of covering a "short sale" is deemed to be the date of purchase or acquisition of the common stock.  The date of a "short sale" is deemed to be the date of sale of the GTAT common stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

42.    In the event that a Claimant has an opening short position in GTAT Common Stock, the earliest purchases or acquisitions of GTAT Common Stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

43.    If a Settlement Class Member has "written" GTAT Call Options, thereby having a short position in the call options, the date of covering such a written position is deemed to be the date of purchase or acquisition of the call option.  The date on which the call option was written is deemed to be the date of sale of the call option.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "written" GTAT Call Options is zero.  In the event that a Claimant has an opening written position in GTAT Call Options, the earliest purchases or acquisitions of like call options during the Class Period will be matched against such opening written position, and not be entitled to a recovery, until that written position is fully covered.

44.    If a Settlement Class Member has purchased or acquired GTAT Put Options, thereby having a long position in the put options, the date of purchase/acquisition is deemed to be the date of purchase/acquisition of the put option.  The date on which the put option was sold, exercised, or expired is deemed to be the date of sale of the put option.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on purchased/acquired GTAT Put Options is zero.  In the event that a Claimant has an opening long position in GTAT Put Options, the earliest sales or dispositions of like put options during the Class Period will be matched against such opening position, and not be entitled to a recovery, until that long position is fully covered.

45.    **Common Stock Purchased/Sold Through the Exercise of Options:**  With respect to GTAT Common Stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

46.    **Exchange Act Market Gains and Losses:**  With respect to all GTAT Common Stock shares, GTAT Senior Notes, and GTAT Call Options purchased or acquired, or GTAT Put Options sold, during the Class Period, the Claims Administrator will determine if the Claimant had an "Exchange Act Market Gain" or an "Exchange Act Market Loss" with respect to his, her, or its overall transactions during the Class Period in those shares, notes, and options.  For purposes of making this calculation, with respect to GTAT Common Stock, GTAT Senior Notes, and GTAT Call Options, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[11] and (ii) the sum of the Claimant's Sales Proceeds[12] and the Claimant's Holding Value.[13]  For GTAT Common Stock, GTAT Senior Notes, and GTAT Call Options, if the Claimant's Total Purchase Amount _minus_ the sum of the Claimant's Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's "Exchange Act Market Loss"; if the number is a negative number or zero, that number will be the Claimant's "Exchange Act Market Gain".  With respect to GTAT Put Options, the Claims Administrator shall determine the difference between (i) the sum of the Claimant's Total Purchase Amount[14] and the Claimant's Holding Value[15] and (ii) the Claimant's Sales Proceeds.[16]  For GTAT Put Options, if the sum of the Claimant's Total Purchase Amount and the Claimant's Holding Value _minus_ the Claimant's Sales Proceeds is a positive number, that number will be the Claimant's "Exchange Act Market Loss"; if the number is a negative number or zero, that number will be the Claimant's "Exchange Act Market Gain".

---

[11]  For GTAT Common Stock, GTAT Senior Notes, and GTAT Call Options, the "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for all such GTAT securities purchased/acquired during the Class Period.

[12]  For GTAT Common Stock and GTAT Call Options, the Claims Administrator shall match any sales of such GTAT securities during the Class Period first against the Claimant's opening position in the like GTAT securities (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received for sales of the remaining like GTAT securities sold during the Class Period is the "Total Sales Proceeds."

[13]  The Claims Administrator shall ascribe a "Holding Value" of $0.80 to each share of GTAT Common Stock purchased/acquired during the Class Period that was still held as of 9:40 a.m. EST on October 6, 2014. For any GTAT Senior Note purchased/acquired during the Class Period that was still held as of 9:40 a.m. EST on October 6, 2014, the Claims Administrator shall ascribe a "Holding Value" of $315.00. For each GTAT Call Option purchased/acquired during the Class Period that was still open as of 9:40 a.m. EST on October 6, 2014, the Claims Administrator shall ascribe a "Holding Value" for that option which shall be the Holding Price set forth on Table C.

[14]  For GTAT Put Options, the Claims Administrator shall match any purchases/acquisitions during the Class Period to close out positions in put options first against the Claimant's opening position in put options (the total amount paid with respect to those purchases/acquisitions will not be considered for purposes of calculating market gains or losses).  The total amount paid for the remaining purchases/acquisitions during the Class Period to close out positions in put options is the "Total Purchase Amount."

[15]  For each GTAT Put Option sold (written) during the Class Period that was still open as of 9:40 a.m. EST on October 6, 2014, the Claims Administrator shall ascribe a "Holding Value" for that option which shall be the Holding Price set forth on Table D.

[16]  For GTAT Put Options, the total amount received for put options sold (written) during the Class Period is the "Total Sales Proceeds."

47.     If a Claimant had an Exchange Act Market Gain with respect to his, her, or its overall transactions in GTAT Securities during the Class Period, the value of the Claimant's Exchange Act Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlements. If a Claimant suffered an overall Exchange Act Market Loss with respect to his, her, or its overall transactions in GTAT Securities during the Class Period but that Exchange Act Market Loss was less than the Claimant's Exchange Act Recognized Claim, then the Claimant's Exchange Act Recognized Claim will be limited to the amount of the Exchange Act Market Loss.

48.     **Securities Act Market Gains and Losses:** With respect to all GTAT Common Stock Offering Shares and all GTAT Senior Notes (together, the "GTAT Offering Securities") purchased during the Class Period, the Claims Administrator will determine if the Claimant had a "Securities Act Market Gain" or a "Securities Act Market Loss" with respect to his, her, or its overall transactions during the Class Period in those shares and notes. For purposes of making this calculation, with respect to GTAT Offering Securities, the Claims Administrator shall determine the difference between (i) the Claimant's Total Offering Purchase Amount[17] and (ii) the sum of the Claimant's Total Offering Sales Proceeds[18] and the Claimant's Offering Holding Value.[19] For GTAT Offering Securities, if the Claimant's Total Offering Purchase Amount _minus_ the sum of the Claimant's Total Offering Sales Proceeds and the Offering Holding Value is a positive number, that number will be the Claimant's "Securities Act Market Loss"; if the number is a negative number or zero, that number will be the Claimant's "Securities Act Market Gain".

49.     If a Claimant had a Securities Act Market Gain with respect to his, her, or its overall transactions in GTAT Offering Securities during the Class Period, the value of the Claimant's Securities Act Recognized Loss will be zero, and the Claimant will in any event be bound by the Settlements. If a Claimant suffered an overall Securities Act Market Loss with respect to his, her, or its overall transactions in Offering Securities during the Class Period but that Securities Act Market Loss was less than the Claimant's Securities Act Recognized Claim, then the Claimant's Securities Act Recognized Claim will be limited to the amount of the Securities Act Market Loss.

50.     **Allocation of the Individual Defendant Net Settlement Fund:** Each Individual Defendant Settlement Class Member who submits a Claim that is approved by the Court for payment from the Individual Defendant Net Settlement Fund will be an "Individual Defendant Authorized Claimant". Each Individual Defendant Authorized Claimant will receive a _pro rata_ share of the Individual Defendant Net Settlement Fund, which will be his, her or its Exchange Act Recognized Claim divided by the sum total of the Exchange Act Recognized Claims of all

---

[17] For GTAT Offering Securities, the "Total Offering Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for all such Offering Securities purchased/acquired during the Class Period.

[18] The total amount received for sales of GTAT Offering Securities sold during the Class Period is the "Total Offering Sales Proceeds."

[19] The Claims Administrator shall ascribe a "Holding Value" of $0.80 to each share of GTAT Common Stock Offering Shares purchased in the Common Stock Secondary Offering that was still held as of 9:40 a.m. EST on October 6, 2014. For any GTAT Senior Note purchased/acquired during the Class Period that was still held as of 9:40 a.m. EST on October 6, 2014, the Claims Administrator shall ascribe a "Holding Value" of $315.00.

Individual Defendant Authorized Claimants, multiplied by the total amount in the Individual Defendant Net Settlement Fund.

51.     **Allocation of the Underwriter Defendant Net Settlement Fund:**   Each Underwriter Defendant Settlement Class Member who submits a Claim that is approved by the Court for payment from the Underwriter Defendant Net Settlement Fund will be an "Underwriter Defendant Authorized Claimant".  Each Underwriter Defendant Authorized Claimant will receive a *pro rata* share of the Underwriter Defendant Net Settlement Fund, which will be his, her or its Securities Act Recognized Claim divided by the sum total of the Securities Act Recognized Claims of all Underwriter Defendant Authorized Claimants, multiplied by the total amount in the Underwriter Defendant Net Settlement Fund.

52.     **Distribution Amount:**  The Distribution Amount paid to an Authorized Claimant will be the sum of (i) his, her or its *pro rata* share, if any, of the Individual Defendant Net Settlement Fund; and (ii) his, her or its *pro rata* share, if any, of the Underwriter Defendant Net Settlement Fund.  If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

53.     After the initial distribution of the Net Settlement Funds, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Funds nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Funds is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

54.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Lead Plaintiff's damages expert, the Individual Defendants (or their counsel), the Underwriter Defendants (or their counsel), or any of the other Plaintiffs' Releasees or Settling Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Plaintiffs, the Individual Defendants, and the Underwriter Defendants, and their respective counsel, and all other Settling Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of their respective Settlement Fund or Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

55.     The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with its damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Classes.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.GTATSecuritiesLitigation.com.

**TABLE A-1**

**Estimated Artificial Inflation in GTAT Common Stock and GTAT Senior Notes
from November 5, 2013 through and including 9:40 a.m. EST October 6, 2014
With Respect to Purchases/Acquisitions of GTAT Common Stock and GTAT Senior Notes**

| Date | Artificial Inflation per Share | Artificial Inflation per Note | Date | Artificial Inflation per Share | Artificial Inflation per Note | Date | Artificial Inflation per Share | Artificial Inflation per Note |
|---|---|---|---|---|---|---|---|---|
| 11/5/2013 | $9.59 | N/A | 1/14/2014 | $8.63 | $652.36 | 3/24/2014 | $13.89 | $1,102.03 |
| 11/6/2013 | $9.34 | N/A | 1/15/2014 | $8.65 | $677.36 | 3/25/2014 | $13.89 | $1,102.03 |
| 11/7/2013 | $8.80 | N/A | 1/16/2014 | $8.71 | $679.86 | 3/26/2014 | $13.89 | $1,102.03 |
| 11/8/2013 | $8.96 | N/A | 1/17/2014 | $8.55 | $647.13 | 3/27/2014 | $13.89 | $1,102.03 |
| 11/11/2013 | $9.73 | N/A | 1/21/2014 | $8.77 | $646.11 | 3/28/2014 | $13.89 | $1,102.03 |
| 11/12/2013 | $9.46 | N/A | 1/22/2014 | $8.71 | $669.86 | 3/31/2014 | $13.89 | $1,102.03 |
| 11/13/2013 | $9.89 | N/A | 1/23/2014 | $8.50 | $674.86 | 4/1/2014 | $13.89 | $1,102.03 |
| 11/14/2013 | $9.79 | N/A | 1/24/2014 | $8.58 | $650.84 | 4/2/2014 | $13.89 | $1,102.03 |
| 11/15/2013 | $9.68 | N/A | 1/27/2014 | $9.16 | $684.06 | 4/3/2014 | $13.89 | $1,102.03 |
| 11/18/2013 | $9.42 | N/A | 1/28/2014 | $9.31 | $695.40 | 4/4/2014 | $13.89 | $1,102.03 |
| 11/19/2013 | $9.05 | N/A | 1/29/2014 | $9.12 | $722.36 | 4/7/2014 | $13.89 | $1,102.03 |
| 11/20/2013 | $8.93 | N/A | 1/30/2014 | $9.57 | $709.86 | 4/8/2014 | $13.89 | $1,102.03 |
| 11/21/2013 | $9.41 | N/A | 1/31/2014 | $9.76 | $728.61 | 4/9/2014 | $13.89 | $1,102.03 |
| 11/22/2013 | $9.31 | N/A | 2/3/2014 | $9.26 | $698.65 | 4/10/2014 | $13.89 | $1,102.03 |
| 11/25/2013 | $9.35 | N/A | 2/4/2014 | $9.06 | $689.86 | 4/11/2014 | $13.89 | $1,102.03 |
| 11/26/2013 | $9.49 | N/A | 2/5/2014 | $8.67 | $689.86 | 4/14/2014 | $13.89 | $1,102.03 |
| 11/27/2013 | $9.31 | N/A | 2/6/2014 | $8.94 | $684.86 | 4/15/2014 | $13.89 | $1,075.86 |
| 11/29/2013 | $9.30 | N/A | 2/7/2014 | $10.23 | $763.86 | 4/16/2014 | $13.89 | $1,102.03 |
| 12/2/2013 | $9.43 | N/A | 2/10/2014 | $11.23 | $834.86 | 4/17/2014 | $13.89 | $1,102.03 |
| 12/3/2013 | $8.77 | N/A | 2/11/2014 | $10.37 | $783.30 | 4/21/2014 | $13.89 | $1,102.03 |
| 12/4/2013 | $8.41 | N/A | 2/12/2014 | $10.67 | $808.06 | 4/22/2014 | $13.89 | $1,102.03 |
| 12/5/2013 | $8.38 | $635.36 | 2/13/2014 | $11.20 | $807.36 | 4/23/2014 | $13.89 | $1,102.03 |
| 12/6/2013 | $8.16 | $612.52 | 2/14/2014 | $11.16 | $824.86 | 4/24/2014 | $13.89 | $1,102.03 |
| 12/9/2013 | $7.86 | $616.26 | 2/18/2014 | $12.13 | $896.11 | 4/25/2014 | $13.89 | $1,102.03 |
| 12/10/2013 | $8.04 | $612.36 | 2/19/2014 | $11.72 | $887.78 | 4/28/2014 | $13.89 | $1,102.03 |
| 12/11/2013 | $7.71 | $612.36 | 2/20/2014 | $11.99 | $881.11 | 4/29/2014 | $13.89 | $1,102.03 |
| 12/12/2013 | $7.54 | $619.86 | 2/21/2014 | $11.60 | $877.94 | 4/30/2014 | $13.89 | $1,102.03 |
| 12/13/2013 | $7.51 | $577.36 | 2/24/2014 | $13.63 | $1,011.66 | 5/1/2014 | $13.89 | $1,102.03 |
| 12/16/2013 | $7.88 | $604.86 | 2/25/2014 | $13.35 | $1,001.86 | 5/2/2014 | $13.89 | $1,102.03 |
| 12/17/2013 | $7.99 | $606.61 | 2/26/2014 | $13.89 | $1,038.77 | 5/5/2014 | $13.89 | $1,102.03 |
| 12/18/2013 | $7.98 | $593.70 | 2/27/2014 | $13.89 | $1,029.86 | 5/6/2014 | $13.89 | $1,102.03 |
| 12/19/2013 | $8.03 | $593.70 | 2/28/2014 | $13.82 | $1,024.44 | 5/7/2014 | $13.89 | $1,102.03 |
| 12/20/2013 | $7.86 | $592.99 | 3/3/2014 | $13.89 | $1,069.84 | 5/8/2014 | $13.77 | $1,028.71 |
| 12/23/2013 | $8.06 | $606.11 | 3/4/2014 | $13.89 | $1,102.03 | 5/9/2014 | $12.70 | $974.06 |
| 12/24/2013 | $8.10 | $604.86 | 3/5/2014 | $13.89 | $1,102.03 | 5/12/2014 | $12.90 | $990.39 |
| 12/26/2013 | $7.96 | $604.86 | 3/6/2014 | $13.89 | $1,102.03 | 5/13/2014 | $13.77 | $990.39 |
| 12/27/2013 | $8.06 | $628.36 | 3/7/2014 | $13.89 | $1,102.03 | 5/14/2014 | $13.37 | $1,036.34 |
| 12/30/2013 | $8.29 | $614.86 | 3/10/2014 | $13.89 | $1,102.03 | 5/15/2014 | $13.18 | $1,036.34 |
| 12/31/2013 | $8.21 | $619.86 | 3/11/2014 | $13.89 | $1,102.03 | 5/16/2014 | $13.38 | $1,001.11 |
| 1/2/2014 | $8.61 | $637.64 | 3/12/2014 | $13.89 | $1,102.03 | 5/19/2014 | $13.68 | $1,001.11 |
| 1/3/2014 | $8.81 | $648.66 | 3/13/2014 | $13.89 | $1,102.03 | 5/20/2014 | $13.51 | $1,034.02 |
| 1/6/2014 | $8.52 | $676.11 | 3/14/2014 | $13.89 | $1,102.03 | 5/21/2014 | $13.89 | $1,045.24 |
| 1/7/2014 | $8.80 | $664.86 | 3/17/2014 | $13.89 | $1,102.03 | 5/22/2014 | $13.89 | $1,087.72 |
| 1/8/2014 | $8.96 | $668.73 | 3/18/2014 | $13.89 | $1,102.03 | 5/23/2014 | $13.89 | $1,102.03 |
| 1/9/2014 | $8.79 | $670.49 | 3/19/2014 | $13.89 | $1,102.03 | 5/27/2014 | $13.89 | $1,102.03 |
| 1/10/2014 | $8.81 | $661.11 | 3/20/2014 | $13.89 | $1,102.03 | 5/28/2014 | $13.89 | $1,102.03 |
| 1/13/2014 | $8.23 | $623.98 | 3/21/2014 | $13.89 | $1,102.03 | 5/29/2014 | $13.89 | $1,102.03 |

15

**TABLE A-1 (continued)**

| Date | Artificial Inflation per Share | Artificial Inflation per Note | Date | Artificial Inflation per Share | Artificial Inflation per Note |
|---|---|---|---|---|---|
| 5/30/2014 | $13.89 | $1,102.03 | 8/7/2014 | $13.89 | $1,096.78 |
| 6/2/2014 | $13.89 | $1,102.03 | 8/8/2014 | $13.89 | $1,096.78 |
| 6/3/2014 | $13.89 | $1,102.03 | 8/11/2014 | $13.89 | $1,102.03 |
| 6/4/2014 | $13.89 | $1,102.03 | 8/12/2014 | $13.89 | $1,102.03 |
| 6/5/2014 | $13.89 | $1,102.03 | 8/13/2014 | $13.89 | $1,102.03 |
| 6/6/2014 | $13.89 | $1,102.03 | 8/14/2014 | $13.89 | $1,102.03 |
| 6/9/2014 | $13.89 | $1,102.03 | 8/15/2014 | $13.89 | $1,102.03 |
| 6/10/2014 | $13.89 | $1,102.03 | 8/18/2014 | $13.89 | $1,102.03 |
| 6/11/2014 | $13.89 | $1,102.03 | 8/19/2014 | $13.89 | $1,102.03 |
| 6/12/2014 | $13.89 | $1,102.03 | 8/20/2014 | $13.89 | $1,102.03 |
| 6/13/2014 | $13.89 | $1,102.03 | 8/21/2014 | $13.89 | $1,102.03 |
| 6/16/2014 | $13.89 | $1,102.03 | 8/22/2014 | $13.89 | $1,102.03 |
| 6/17/2014 | $13.89 | $1,102.03 | 8/25/2014 | $13.89 | $1,102.03 |
| 6/18/2014 | $13.89 | $1,102.03 | 8/26/2014 | $13.89 | $1,102.03 |
| 6/19/2014 | $13.89 | $1,102.03 | 8/27/2014 | $13.89 | $1,102.03 |
| 6/20/2014 | $13.89 | $1,102.03 | 8/28/2014 | $13.89 | $1,102.03 |
| 6/23/2014 | $13.89 | $1,102.03 | 8/29/2014 | $13.89 | $1,102.03 |
| 6/24/2014 | $13.89 | $1,102.03 | 9/2/2014 | $13.89 | $1,102.03 |
| 6/25/2014 | $13.89 | $1,102.03 | 9/3/2014 | $13.89 | $1,102.03 |
| 6/26/2014 | $13.89 | $1,102.03 | 9/4/2014 | $13.89 | $1,102.03 |
| 6/27/2014 | $13.89 | $1,102.03 | 9/5/2014 | $13.89 | $1,102.03 |
| 6/30/2014 | $13.89 | $1,102.03 | 9/8/2014 | $13.89 | $1,102.03 |
| 7/1/2014 | $13.89 | $1,102.03 | 9/9/2014: purchased/acquired before 1:12 p.m. EST | $13.89 | $1,102.03 |
| 7/2/2014 | $13.89 | $1,102.03 | | | |
| 7/3/2014 | $13.89 | $1,102.03 | 9/9/2014: purchased/acquired at or after 1:12 p.m. EST | $9.68 | $767.54 |
| 7/7/2014 | $13.89 | $1,102.03 | | | |
| 7/8/2014 | $13.89 | $1,102.03 | 9/10/2014 | $9.68 | $767.54 |
| 7/9/2014 | $13.89 | $1,102.03 | 9/11/2014 | $9.68 | $767.54 |
| 7/10/2014 | $13.89 | $1,102.03 | 9/12/2014 | $9.68 | $767.54 |
| 7/11/2014 | $13.89 | $1,102.03 | 9/15/2014 | $9.68 | $767.54 |
| 7/14/2014 | $13.89 | $1,102.03 | 9/16/2014 | $9.68 | $767.54 |
| 7/15/2014 | $13.89 | $1,102.03 | 9/17/2014 | $9.68 | $767.54 |
| 7/16/2014 | $13.89 | $1,075.30 | 9/18/2014 | $9.68 | $767.54 |
| 7/17/2014 | $13.79 | $1,086.09 | 9/19/2014 | $9.68 | $767.54 |
| 7/18/2014 | $13.89 | $1,064.86 | 9/22/2014 | $9.68 | $767.54 |
| 7/21/2014 | $13.89 | $1,057.48 | 9/23/2014 | $9.68 | $767.54 |
| 7/22/2014 | $13.89 | $1,057.48 | 9/24/2014 | $9.68 | $767.54 |
| 7/23/2014 | $13.89 | $1,057.48 | 9/25/2014 | $9.68 | $767.54 |
| 7/24/2014 | $13.89 | $1,057.48 | 9/26/2014 | $9.68 | $767.54 |
| 7/25/2014 | $13.89 | $1,057.48 | 9/29/2014 | $9.68 | $767.54 |
| 7/28/2014 | $13.72 | $1,057.48 | 9/30/2014 | $9.68 | $767.54 |
| 7/29/2014 | $13.23 | $994.81 | 10/1/2014 | $9.68 | $767.54 |
| 7/30/2014 | $13.89 | $1,042.59 | 10/2/2014 | $9.68 | $767.54 |
| 7/31/2014 | $13.33 | $1,012.47 | 10/3/2014 | $9.68 | $767.54 |
| 8/1/2014 | $13.44 | $998.85 | 10/6/2014: purchased/acquired before 9:40 a.m. EST | $9.68 | $767.54 |
| 8/4/2014 | $13.62 | $994.66 | | | |
| 8/5/2014 | $13.89 | $1,070.71 | 10/6/2014: purchased/acquired at or after 9:40 a.m. EST | $0.00 | $0.00 |
| 8/6/2014 | $13.89 | $1,085.88 | | | |

TABLE A-2

**Estimated Artificial Inflation in GTAT Common Stock and GTAT Senior Notes
from November 5, 2013 through and including 9:40 a.m. EST October 6, 2014
With Respect to Sales of GTAT Common Stock and GTAT Senior Notes**

| Date | Artificial Inflation per Share | Artificial Inflation per Note | Date | Artificial Inflation per Share | Artificial Inflation per Note | Date | Artificial Inflation per Share | Artificial Inflation per Note |
|---|---|---|---|---|---|---|---|---|
| 11/5/2013 | $9.59 | N/A | 1/14/2014 | $8.63 | $652.36 | 3/24/2014 | $13.89 | $1,102.03 |
| 11/6/2013 | $9.34 | N/A | 1/15/2014 | $8.65 | $677.36 | 3/25/2014 | $13.89 | $1,102.03 |
| 11/7/2013 | $8.80 | N/A | 1/16/2014 | $8.71 | $679.86 | 3/26/2014 | $13.89 | $1,102.03 |
| 11/8/2013 | $8.96 | N/A | 1/17/2014 | $8.55 | $647.13 | 3/27/2014 | $13.89 | $1,102.03 |
| 11/11/2013 | $9.73 | N/A | 1/21/2014 | $8.77 | $646.11 | 3/28/2014 | $13.89 | $1,102.03 |
| 11/12/2013 | $9.46 | N/A | 1/22/2014 | $8.71 | $669.86 | 3/31/2014 | $13.89 | $1,102.03 |
| 11/13/2013 | $9.89 | N/A | 1/23/2014 | $8.50 | $674.86 | 4/1/2014 | $13.89 | $1,102.03 |
| 11/14/2013 | $9.79 | N/A | 1/24/2014 | $8.58 | $650.84 | 4/2/2014 | $13.89 | $1,102.03 |
| 11/15/2013 | $9.68 | N/A | 1/27/2014 | $9.16 | $684.06 | 4/3/2014 | $13.89 | $1,102.03 |
| 11/18/2013 | $9.42 | N/A | 1/28/2014 | $9.31 | $695.40 | 4/4/2014 | $13.89 | $1,102.03 |
| 11/19/2013 | $9.05 | N/A | 1/29/2014 | $9.12 | $722.36 | 4/7/2014 | $13.89 | $1,102.03 |
| 11/20/2013 | $8.93 | N/A | 1/30/2014 | $9.57 | $709.86 | 4/8/2014 | $13.89 | $1,102.03 |
| 11/21/2013 | $9.41 | N/A | 1/31/2014 | $9.76 | $728.61 | 4/9/2014 | $13.89 | $1,102.03 |
| 11/22/2013 | $9.31 | N/A | 2/3/2014 | $9.26 | $698.65 | 4/10/2014 | $13.89 | $1,102.03 |
| 11/25/2013 | $9.35 | N/A | 2/4/2014 | $9.06 | $689.86 | 4/11/2014 | $13.89 | $1,102.03 |
| 11/26/2013 | $9.49 | N/A | 2/5/2014 | $8.67 | $689.86 | 4/14/2014 | $13.89 | $1,102.03 |
| 11/27/2013 | $9.31 | N/A | 2/6/2014 | $8.94 | $684.86 | 4/15/2014 | $13.89 | $1,075.86 |
| 11/29/2013 | $9.30 | N/A | 2/7/2014 | $10.23 | $763.86 | 4/16/2014 | $13.89 | $1,102.03 |
| 12/2/2013 | $9.43 | N/A | 2/10/2014 | $11.23 | $834.86 | 4/17/2014 | $13.89 | $1,102.03 |
| 12/3/2013 | $8.77 | N/A | 2/11/2014 | $10.37 | $783.30 | 4/21/2014 | $13.89 | $1,102.03 |
| 12/4/2013 | $8.41 | N/A | 2/12/2014 | $10.67 | $808.06 | 4/22/2014 | $13.89 | $1,102.03 |
| 12/5/2013 | $8.38 | $635.36 | 2/13/2014 | $11.20 | $807.36 | 4/23/2014 | $13.89 | $1,102.03 |
| 12/6/2013 | $8.16 | $612.52 | 2/14/2014 | $11.16 | $824.86 | 4/24/2014 | $13.89 | $1,102.03 |
| 12/9/2013 | $7.86 | $616.26 | 2/18/2014 | $12.13 | $896.11 | 4/25/2014 | $13.89 | $1,102.03 |
| 12/10/2013 | $8.04 | $612.36 | 2/19/2014 | $11.72 | $887.78 | 4/28/2014 | $13.89 | $1,102.03 |
| 12/11/2013 | $7.71 | $612.36 | 2/20/2014 | $11.99 | $881.11 | 4/29/2014 | $13.89 | $1,102.03 |
| 12/12/2013 | $7.54 | $619.86 | 2/21/2014 | $11.60 | $877.94 | 4/30/2014 | $13.89 | $1,102.03 |
| 12/13/2013 | $7.51 | $577.36 | 2/24/2014 | $13.63 | $1,011.66 | 5/1/2014 | $13.89 | $1,102.03 |
| 12/16/2013 | $7.88 | $604.86 | 2/25/2014 | $13.35 | $1,001.86 | 5/2/2014 | $13.89 | $1,102.03 |
| 12/17/2013 | $7.99 | $606.61 | 2/26/2014 | $13.89 | $1,038.77 | 5/5/2014 | $13.89 | $1,102.03 |
| 12/18/2013 | $7.98 | $593.70 | 2/27/2014 | $13.89 | $1,029.86 | 5/6/2014 | $13.89 | $1,102.03 |
| 12/19/2013 | $8.03 | $593.70 | 2/28/2014 | $13.82 | $1,024.44 | 5/7/2014 | $13.89 | $1,102.03 |
| 12/20/2013 | $7.86 | $592.99 | 3/3/2014 | $13.89 | $1,069.84 | 5/8/2014 | $13.77 | $1,028.71 |
| 12/23/2013 | $8.06 | $606.11 | 3/4/2014 | $13.89 | $1,102.03 | 5/9/2014 | $12.70 | $974.06 |
| 12/24/2013 | $8.10 | $604.86 | 3/5/2014 | $13.89 | $1,102.03 | 5/12/2014 | $12.90 | $990.39 |
| 12/26/2013 | $7.96 | $604.86 | 3/6/2014 | $13.89 | $1,102.03 | 5/13/2014 | $13.77 | $990.39 |
| 12/27/2013 | $8.06 | $628.36 | 3/7/2014 | $13.89 | $1,102.03 | 5/14/2014 | $13.37 | $1,036.34 |
| 12/30/2013 | $8.29 | $614.86 | 3/10/2014 | $13.89 | $1,102.03 | 5/15/2014 | $13.18 | $1,036.34 |
| 12/31/2013 | $8.21 | $619.86 | 3/11/2014 | $13.89 | $1,102.03 | 5/16/2014 | $13.38 | $1,001.11 |
| 1/2/2014 | $8.61 | $637.64 | 3/12/2014 | $13.89 | $1,102.03 | 5/19/2014 | $13.68 | $1,001.11 |
| 1/3/2014 | $8.81 | $648.66 | 3/13/2014 | $13.89 | $1,102.03 | 5/20/2014 | $13.51 | $1,034.02 |
| 1/6/2014 | $8.52 | $676.11 | 3/14/2014 | $13.89 | $1,102.03 | 5/21/2014 | $13.89 | $1,045.24 |
| 1/7/2014 | $8.80 | $664.86 | 3/17/2014 | $13.89 | $1,102.03 | 5/22/2014 | $13.89 | $1,087.72 |
| 1/8/2014 | $8.96 | $668.73 | 3/18/2014 | $13.89 | $1,102.03 | 5/23/2014 | $13.89 | $1,102.03 |
| 1/9/2014 | $8.79 | $670.49 | 3/19/2014 | $13.89 | $1,102.03 | 5/27/2014 | $13.89 | $1,102.03 |
| 1/10/2014 | $8.81 | $661.11 | 3/20/2014 | $13.89 | $1,102.03 | 5/28/2014 | $13.89 | $1,102.03 |
| 1/13/2014 | $8.23 | $623.98 | 3/21/2014 | $13.89 | $1,102.03 | 5/29/2014 | $13.89 | $1,102.03 |

17

## TABLE A-2 (continued)

| Date | Artificial Inflation per Share | Artificial Inflation per Note | Date | Artificial Inflation per Share | Artificial Inflation per Note |
|---|---|---|---|---|---|
| 5/30/2014 | $13.89 | $1,102.03 | 8/7/2014 | $13.89 | $1,096.78 |
| 6/2/2014 | $13.89 | $1,102.03 | 8/8/2014 | $13.89 | $1,096.78 |
| 6/3/2014 | $13.89 | $1,102.03 | 8/11/2014 | $13.89 | $1,102.03 |
| 6/4/2014 | $13.89 | $1,102.03 | 8/12/2014 | $13.89 | $1,102.03 |
| 6/5/2014 | $13.89 | $1,102.03 | 8/13/2014 | $13.89 | $1,102.03 |
| 6/6/2014 | $13.89 | $1,102.03 | 8/14/2014 | $13.89 | $1,102.03 |
| 6/9/2014 | $13.89 | $1,102.03 | 8/15/2014 | $13.89 | $1,102.03 |
| 6/10/2014 | $13.89 | $1,102.03 | 8/18/2014 | $13.89 | $1,102.03 |
| 6/11/2014 | $13.89 | $1,102.03 | 8/19/2014 | $13.89 | $1,102.03 |
| 6/12/2014 | $13.89 | $1,102.03 | 8/20/2014 | $13.89 | $1,102.03 |
| 6/13/2014 | $13.89 | $1,102.03 | 8/21/2014 | $13.89 | $1,102.03 |
| 6/16/2014 | $13.89 | $1,102.03 | 8/22/2014 | $13.89 | $1,102.03 |
| 6/17/2014 | $13.89 | $1,102.03 | 8/25/2014 | $13.89 | $1,102.03 |
| 6/18/2014 | $13.89 | $1,102.03 | 8/26/2014 | $13.89 | $1,102.03 |
| 6/19/2014 | $13.89 | $1,102.03 | 8/27/2014 | $13.89 | $1,102.03 |
| 6/20/2014 | $13.89 | $1,102.03 | 8/28/2014 | $13.89 | $1,102.03 |
| 6/23/2014 | $13.89 | $1,102.03 | 8/29/2014 | $13.89 | $1,102.03 |
| 6/24/2014 | $13.89 | $1,102.03 | 9/2/2014 | $13.89 | $1,102.03 |
| 6/25/2014 | $13.89 | $1,102.03 | 9/3/2014 | $13.89 | $1,102.03 |
| 6/26/2014 | $13.89 | $1,102.03 | 9/4/2014 | $13.89 | $1,102.03 |
| 6/27/2014 | $13.89 | $1,102.03 | 9/5/2014 | $13.89 | $1,102.03 |
| 6/30/2014 | $13.89 | $1,102.03 | 9/8/2014 | $13.89 | $1,102.03 |
| 7/1/2014 | $13.89 | $1,102.03 | 9/9/2014: purchased/acquired before 1:12 p.m. EST | $13.89 | $1,102.03 |
| 7/2/2014 | $13.89 | $1,102.03 | | | |
| 7/3/2014 | $13.89 | $1,102.03 | 9/9/2014: purchased/acquired at or after 1:12 p.m. EST | $12.15 | $931.98 |
| 7/7/2014 | $13.89 | $1,102.03 | | | |
| 7/8/2014 | $13.89 | $1,102.03 | 9/10/2014 | $9.68 | $767.54 |
| 7/9/2014 | $13.89 | $1,102.03 | 9/11/2014 | $9.68 | $767.54 |
| 7/10/2014 | $13.89 | $1,102.03 | 9/12/2014 | $9.68 | $767.54 |
| 7/11/2014 | $13.89 | $1,102.03 | 9/15/2014 | $9.68 | $767.54 |
| 7/14/2014 | $13.89 | $1,102.03 | 9/16/2014 | $9.68 | $767.54 |
| 7/15/2014 | $13.89 | $1,102.03 | 9/17/2014 | $9.68 | $767.54 |
| 7/16/2014 | $13.89 | $1,075.30 | 9/18/2014 | $9.68 | $767.54 |
| 7/17/2014 | $13.79 | $1,086.09 | 9/19/2014 | $9.68 | $767.54 |
| 7/18/2014 | $13.89 | $1,064.86 | 9/22/2014 | $9.68 | $767.54 |
| 7/21/2014 | $13.89 | $1,057.48 | 9/23/2014 | $9.68 | $767.54 |
| 7/22/2014 | $13.89 | $1,057.48 | 9/24/2014 | $9.68 | $767.54 |
| 7/23/2014 | $13.89 | $1,057.48 | 9/25/2014 | $9.68 | $767.54 |
| 7/24/2014 | $13.89 | $1,057.48 | 9/26/2014 | $9.68 | $767.54 |
| 7/25/2014 | $13.89 | $1,057.48 | 9/29/2014 | $9.68 | $767.54 |
| 7/28/2014 | $13.72 | $1,057.48 | 9/30/2014 | $9.68 | $767.54 |
| 7/29/2014 | $13.23 | $994.81 | 10/1/2014 | $9.68 | $767.54 |
| 7/30/2014 | $13.89 | $1,042.59 | 10/2/2014 | $9.68 | $767.54 |
| 7/31/2014 | $13.33 | $1,012.47 | 10/3/2014 | $9.68 | $767.54 |
| 8/1/2014 | $13.44 | $998.85 | 10/6/2014: purchased/acquired before 9:40 a.m. EST | $9.68 | $767.54 |
| 8/4/2014 | $13.62 | $994.66 | | | |
| 8/5/2014 | $13.89 | $1,070.71 | 10/6/2014: purchased/acquired at or after 9:40 a.m. EST | $0.00 | $0.00 |
| 8/6/2014 | $13.89 | $1,085.88 | | | |

**TABLE B**

**90-Day Lookback Table for GTAT Common Stock and GTAT Senior Notes**
(GTAT Common Stock and GTAT Senior Notes Average Closing Price
October 6, 2014 – January 2, 2015)

| Date | Average Closing Price of GTAT Common Stock Between October 6, 2014 and Date Shown | Average Closing Price of GTAT Senior Notes Between October 6, 2014 and Date Shown | Date | Average Closing Price of GTAT Common Stock Between October 6, 2014 and Date Shown | Average Closing Price of GTAT Senior Notes Between October 6, 2014 and Date Shown |
|---|---|---|---|---|---|
| 10/6/2014 | $0.80 | $315.00 | 11/18/2014 | $0.60 | $350.73 |
| 10/7/2014 | $1.01 | $348.75 | 11/19/2014 | $0.60 | $353.19 |
| 10/8/2014 | $1.04 | $349.17 | 11/20/2014 | $0.60 | $353.19 |
| 10/9/2014 | $1.10 | $339.38 | 11/21/2014 | $0.59 | $353.19 |
| 10/10/2014 | $1.04 | $320.01 | 11/24/2014 | $0.59 | $355.55 |
| 10/13/2014 | $0.93 | $320.01 | 11/25/2014 | $0.59 | $357.54 |
| 10/14/2014 | $0.86 | $296.67 | 11/26/2014 | $0.58 | $357.54 |
| 10/15/2014 | $0.81 | $281.50 | 11/28/2014 | $0.58 | $357.54 |
| 10/16/2014 | $0.76 | $281.50 | 12/1/2014 | $0.57 | $359.36 |
| 10/17/2014 | $0.72 | $272.57 | 12/2/2014 | $0.57 | $362.78 |
| 10/20/2014 | $0.69 | $265.56 | 12/3/2014 | $0.57 | $365.37 |
| 10/21/2014 | $0.68 | $274.50 | 12/4/2014 | $0.56 | $367.95 |
| 10/22/2014 | $0.67 | $288.75 | 12/5/2014 | $0.56 | $367.95 |
| 10/23/2014 | $0.68 | $303.02 | 12/8/2014 | $0.55 | $370.97 |
| 10/24/2014 | $0.69 | $316.73 | 12/9/2014 | $0.55 | $372.92 |
| 10/27/2014 | $0.70 | $316.73 | 12/10/2014 | $0.54 | $375.24 |
| 10/28/2014 | $0.70 | $326.40 | 12/11/2014 | $0.54 | $377.33 |
| 10/29/2014 | $0.69 | $334.64 | 12/12/2014 | $0.53 | $377.33 |
| 10/30/2014 | $0.67 | $334.64 | 12/15/2014 | $0.53 | $381.02 |
| 10/31/2014 | $0.67 | $338.72 | 12/16/2014 | $0.53 | $384.02 |
| 11/3/2014 | $0.67 | $338.72 | 12/17/2014 | $0.53 | $386.84 |
| 11/4/2014 | $0.66 | $340.56 | 12/18/2014 | $0.53 | $386.84 |
| 11/5/2014 | $0.66 | $345.53 | 12/19/2014 | $0.52 | $386.84 |
| 11/6/2014 | $0.65 | $348.14 | 12/22/2014 | $0.52 | $386.84 |
| 11/7/2014 | $0.65 | $350.73 | 12/23/2014 | $0.52 | $386.84 |
| 11/10/2014 | $0.64 | $350.73 | 12/24/2014 | $0.52 | $390.00 |
| 11/11/2014 | $0.63 | $350.73 | 12/26/2014 | $0.52 | $390.00 |
| 11/12/2014 | $0.62 | $350.73 | 12/29/2014 | $0.51 | $390.00 |
| 11/13/2014 | $0.62 | $350.73 | 12/30/2014 | $0.51 | $390.00 |
| 11/14/2014 | $0.61 | $350.73 | 12/31/2014 | $0.51 | $392.36 |
| 11/17/2014 | $0.61 | $350.73 | 1/2/2015 | $0.51 | $395.14 |

# EXHIBIT 2

**Exhibit 2**

# GTAT Securities Litigation
## c/o GCG
## P.O. Box 10463
## Dublin, OH 43017-4063

### 1-866-562-8790
### info@GTATSecuritiesLitigation.com
### www.GTATSecuritiesLitigation.com

# PROOF OF CLAIM AND RELEASE FORM

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND(S) IN CONNECTION WITH THE PROPOSED SETTLEMENTS, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") AND MAIL IT BY PREPAID, FIRST-CLASS MAIL TO THE ABOVE ADDRESS, **POSTMARKED NO LATER THAN _____, 2018**.

FAILURE TO SUBMIT YOUR CLAIM FORM BY THE DATE SPECIFIED WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECOVER ANY MONEY IN CONNECTION WITH THE PROPOSED SETTLEMENTS.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES TO THIS ACTION, OR THEIR COUNSEL.  SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE.**

| **TABLE OF CONTENTS** | **PAGE #** |
|---|---|
| **PART I – CLAIMANT INFORMATION** | ___ |
| **PART II – GENERAL INSTRUCTIONS** | ___ |
| **PART III – SCHEDULE OF TRANSACTIONS IN GTAT COMMON STOCK** | ___ |
| **PART IV – SCHEDULE OF TRANSACTIONS IN GTAT 3.00% CONVERTIBLE SENIOR NOTES DUE 2020** | ___ |
| **PART V – SCHEDULE OF TRANSACTIONS IN GTAT CALL OPTIONS** | ___ |
| **PART VI – SCHEDULE OF TRANSACTIONS IN GTAT PUT OPTIONS** | ___ |
| **PART VII – RELEASE OF CLAIMS AND SIGNATURE** | ___ |

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Claimant Names(s) (as the name(s) should appear on check, if eligible for payment; if the securities are jointly owned, the names of all beneficial owners must be provided):

Name of Person the Claims Administrator Should Contact Regarding this Claim Form (Must Be Provided):

Mailing Address – Line 1: Street Address/P.O. Box:

Mailing Address – Line 2 (If Applicable): Apartment/Suite/Floor Number:

City:

State/Province:     Zip Code:          Country (if other than U.S.):

Last 4 digits of Claimant Social Security/Taxpayer Identification Number:[1]

Daytime Telephone Number:          Evening Telephone Number:

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

---

[1] The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and telephone number of the beneficial owner(s) may be used in verifying this claim.

## PART II – GENERAL INSTRUCTIONS

1.       It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Certification of Settlement Classes; (II) Proposed Settlements with Individual Defendants and Underwriter Defendants; (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (IV) Settlement Fairness Hearing (the "Notice") that accompanies this Claim Form, including the proposed Plan of Allocation of the Net Settlement Funds attached to the Notice (the "Plan of Allocation"). The Notice describes the proposed Settlements, how Settlement Class Members are affected by the Settlements that apply to them, and the manner in which the Net Settlement Funds will be distributed if the Settlements and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.       YOU ARE ONLY ELIGIBLE TO PARTICIPATE IN THE SETTLEMENT(S) APPLICABLE TO THE SETTLEMENT CLASS(ES) IN WHICH YOU ARE A MEMBER (*see* the definition of the Individual Defendant Settlement Class and the definition of the Underwriter Defendant Settlement Class on page __ of the Notice, which set forth who is included in and who is excluded from the respective Settlement Classes). Thus, to be eligible for a payment from the proceeds of the Individual Defendant Settlement, you must be a member of the Individual Defendant Settlement Class, and to be eligible for a payment from the proceeds of the Underwriter Defendant Settlement, you must be a member of the Underwriter Defendant Settlement.

3.       By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlements described in the Notice that are applicable to you. IF YOU ARE NOT A MEMBER OF OR MORE ONE OF THE SETTLEMENT CLASSES, DO NOT SUBMIT A CLAIM FORM. You may not, directly or indirectly, participate in the Individual Defendant Settlement if you are not a member of the Individual Defendant Settlement Class or if you, or someone acting on your behalf, submitted a request for exclusion from that class, and you may not, directly or indirectly, participate in the Underwriter Defendant Settlement if you are not a member of the Underwriter Defendant Settlement Class or if you, or someone acting on your behalf, submitted a request for exclusion from that class.

4.       **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement(s) that apply to you. The distribution of the Net Settlement Funds will be governed by the Plan of Allocation, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.       Use the Schedules of Transactions in Parts III to VI of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of the applicable GTAT Securities. On these schedules, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of the applicable GTAT Securities, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.**

6.       You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of the applicable GTAT Securities set forth in the Schedules of Transactions in Part III to VI of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding

information found in a broker confirmation slip or account statement.  The Settling Parties and the Claims Administrator do not independently have information about your investments in GTAT Securities.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

      7.      **Please Note: Documentation Requirement for Shares of GTAT Common Stock purchased pursuant or traceable to the Common Stock Secondary Offering:**  If you purchased GTAT Common Stock pursuant or traceable to the Common Stock Secondary Offering, which occurred on or about December 4, 2013, you must submit trade confirmations indicating that the shares were purchased directly from an underwriter as part of the Common Stock Secondary Offering at the $8.65 issue price.

      8.      **Please Note: Additional Documentation Requirement Regarding Purchases/Acquisitions and Sales of GTAT Call and Put Options on September 9, 2014 and October 6, 2014:**  If you purchased/acquired GTAT Call Options, or sold (wrote) GTAT Put Options, on September 9, 2014 or October 6, 2014, you will also be required to submit supporting documentation that shows the time of day, Eastern Standard Time, when the transaction occurred.

      9.      All joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.  The complete name(s) of the beneficial owner(s) must be entered.  If you purchased or otherwise acquired GTAT Common Stock, GTAT Senior Notes or GTAT Call Options, or sold (wrote) GTAT Put Options, during the Class Period and held the securities in your name, you are the beneficial owner as well as the record owner.  If you purchased or otherwise acquired GTAT Common Stock, GTAT Senior Notes or GTAT Call Options, or sold (wrote) GTAT Put Options, during the Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form.

      10.      **One Claim should be submitted for each separate legal entity**.  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

      11.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

      (a)      expressly state the capacity in which they are acting;

      (b)      identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the GTAT Securities; and

      (c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form

cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

12.    By submitting a signed Claim Form, you will be swearing that you:

(a)    own(ed) the GTAT Securities you have listed in the Claim Form; or

(b)    are expressly authorized to act on behalf of the owner thereof.

13.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

14.    If the Court approves the Settlement(s), payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

15.    **Please note:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund(s) pertaining to the Settlement Class(es) in which he, she or it is a member.  If the total prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

16.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, GCG, at the above address, by email at info@GTATSecuritiesLitigation.com, or by toll-free phone at 1-866-562-8790, or you can visit the Settlement website, www.GTATSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

17.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the **mandatory** electronic filing requirements and file layout, you may visit the settlement website at www.GTATSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@GTATSecuritiesLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  Only one claim should be submitted for each separate legal entity (*see* paragraph 10 above) and the **complete** name of the beneficial owner of the securities must be entered where called for (*see* paragraph 9 above).  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@GTATSecuritiesLitigation.com to inquire about your file and confirm it was received.**

### IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.   IF YOU DO NOT RECEIVE AN**

**ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS  ADMINISTRATOR TOLL FREE AT 1-866-562-8790.**

## PART III – SCHEDULE OF TRANSACTIONS IN GTAT COMMON STOCK

Complete this Part III if and only if you purchased or acquired publicly traded GTAT common stock ("GTAT Common Stock") during the period from November 5, 2013 through and including 9:40 a.m. Eastern Standard Time on October 6, 2014.  Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, paragraph 6, above.  Do not include information regarding securities other than GTAT Common Stock in this section.

| 1. **HOLDINGS AS OF NOVEMBER 5, 2013** – State the total number of shares of GTAT Common Stock held as of the opening of trading on November 5, 2013.  (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Position  Enclosed ○ |
|---|---|---|---|---|
| 2. **PURCHASES/ACQUISITIONS FROM NOVEMBER 5, 2013 THROUGH 9:40 A.M. EASTERN STANDARD TIME ON OCTOBER 6, 2014** – Separately list each and every purchase/acquisition (including free receipts) of GTAT Common Stock from after the opening of trading on November 5, 2013 through and including 9:40 a.m. Eastern Standard Time on October 6, 2014.  (Must be documented.) | | | | |
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| 3. **PURCHASES/ACQUISITIONS FROM AFTER 9:40 A.M. EASTERN STANDARD TIME ON OCTOBER 6, 2014 THROUGH JANUARY 2, 2015**[2] – State the total number of shares of GTAT Common Stock purchased/acquired (including free receipts) from after 9:40 a.m. Eastern Standard Time on October 6, 2014 through and including the close of trading on January 2, 2015.  (Must be documented.)  If none, write "zero" or "0." _____ | | | | |
| 4. **SALES FROM NOVEMBER 5, 2013 THROUGH JANUARY 2, 2015** – Separately list each and every sale/disposition (including free deliveries) of GTAT Common Stock from after the opening of trading on November 5, 2013 through and including the close of trading on January 2, 2015. (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

---

[2] **Please note**:  Information requested with respect to your purchases/acquisitions of GTAT Common Stock from after 9:40 a.m. Eastern Standard Time on October 6, 2014 through and including January 2, 2015 is needed in order to balance your claim; purchases during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| **5.  HOLDINGS AS OF JANUARY 2, 2015 –** State the total number of shares of GTAT Common Stock held as of the close of trading on January 2, 2015.  (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ○ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX**

## PART IV – SCHEDULE OF TRANSACTIONS IN
## GTAT 3.00% CONVERTIBLE SENIOR NOTES DUE 2020

Complete this Part IV if and only if you purchased or acquired GTAT 3.00% Convertible Senior Notes Due 2020 ("GTAT Senior Notes") during the period from the initial offering of the GTAT Senior Notes, which occurred on or about December 4, 2013, through and including 9:40 a.m. Eastern Standard Time on October 6, 2014.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, paragraph 6, above.  Do not include information regarding securities other than GTAT Senior Notes in this section.

| 1.  PURCHASES/ACQUISITIONS FROM INITIAL PUBLIC OFFERING THROUGH 9:40 A.M. EASTERN STANDARD TIME ON OCTOBER 6, 2014 – Separately list each and every purchase or acquisition (including free receipts) of GTAT Senior Notes from the initial public offering of the GTAT Senior Notes which occurred on or about December 4, 2013 through and including 9:40 a.m. Eastern Standard Time on October 6, 2014.  (Must be documented.) | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Face Value of Notes Purchased/Acquired | Purchase/Acquisition Price Per $1,000 Face Value | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
| /     / | $ | $ | $ |
| /     / | $ | $ | $ |
| /     / | $ | $ | $ |
| /     / | $ | $ | $ |
| 2.  PURCHASES/ACQUISITIONS FROM AFTER 9:40 A.M. EASTERN STANDARD TIME ON OCTOBER 6, 2014 THROUGH MAY 18, 2015[3]  – State the total face value of GTAT  Senior Notes purchased or acquired (including free receipts) from after 9:40 a.m. Eastern Standard Time on October 6, 2014 through and including the close of trading on May 18, 2015.  (Must be documented.) _____ | | | IF NONE, CHECK HERE ○ |
| 3.  SALES FROM NOVEMBER 5, 2013 THROUGH MAY 18, 2015 – Separately list each and every sale or disposition (including free deliveries) of GTAT  Senior Notes from after the opening of trading on November 5, 2013 through and including the close of trading on May 18, 2015. (Must be documented.) | | | IF NONE, CHECK HERE ○ |

---

[3] **Please note**:  Information requested with respect to your purchases/acquisitions of GTAT Senior Notes Due 2020 from after 9:40 a.m. Eastern Standard Time on October 6, 2014 through and including the close of trading on May 18, 2015 is needed in order to balance your claim; purchases during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

| Date of Sale (List Chronologically) (Month/Day/Year) | Face Value of Notes Sold | Sale Price Per $1,000 Face Value | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | $ | $ | $ |
| /    / | $ | $ | $ |
| /    / | $ | $ | $ |
| /    / | $ | $ | $ |

| **4.  HOLDINGS AS OF MAY 18, 2015 –** State the total face value of GTAT Senior Notes held as of the close of trading on May 18, 2015.  (Must be documented.) _____ | **IF NONE, CHECK HERE** ○ |
|---|---|

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF THE SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.**

## PART V– SCHEDULE OF TRANSACTIONS IN GTAT CALL OPTIONS

Complete this Part V if and only if you purchased or acquired publicly traded call options on GTAT Common Stock ("GTAT Call Options") during the period from November 5, 2013 through and including 9:40 a.m. Eastern Standard Time on October 6, 2014.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, paragraph 6, above.  Do not include information regarding securities other than GTAT Call Options in this section.

| 1. **HOLDINGS AS OF NOVEMBER 5, 2013** – Separately list all positions in GTAT Call Option contracts in which you had an open interest as of the opening of trading on November 5, 2013.  (Must be documented.) | | **IF NONE, CHECK HERE** ○ |
|---|---|---|
| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Number of Call Option Contracts in Which You Had an Open Interest |
| $ | /   / | |
| $ | /   / | |
| $ | /   / | |
| $ | /   / | |

**2. PURCHASES/ACQUISITIONS FROM NOVEMBER 5, 2013 THROUGH 9:40 A.M. EASTERN STANDARD TIME ON OCTOBER 6, 2014** – Separately list each and every purchase and acquisition (including free receipts) of GTAT Call Option contracts from after the opening of trading on November 5, 2013 through and including 9:40 a.m. Eastern Standard Time on October 6, 2014. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Number of Call Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Call Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised Insert an "X" if Expired | Exercise Date (Month/ Day/ Year) |
|---|---|---|---|---|---|---|---|
| /   / | $ | /   / | | $ | $ | | /   / |
| /   / | $ | /   / | | $ | $ | | /   / |
| /   / | $ | /   / | | $ | $ | | /   / |
| /   / | $ | /   / | | $ | $ | | /   / |

| 3.   SALES FROM NOVEMBER 5, 2013 THROUGH 9:40 A.M. EASTERN STANDARD TIME ON OCTOBER 6, 2014 – Separately list each and every sale or disposition (including free deliveries) of GTAT Call Options from after the opening of trading on November 5, 2013 through and including 9:40 a.m. Eastern Standard Time on October 6, 2014. (Must be documented.) | | | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Number of Call Option Contracts Sold | Sale Price Per Call Option Contract | Total Sale Price (excluding taxes, commissions, and fees) |
| /    / | $ | /    / | | $ | $ |
| /    / | $ | /    / | | $ | $ |
| /    / | $ | /    / | | $ | $ |
| /    / | $ | /    / | | $ | $ |

| 4.  HOLDINGS AS OF 9:40 A.M. EASTERN STANDARD TIME ON OCTOBER 6, 2014 – Separately list all positions in GTAT Call Option contracts in which you had an open interest as of 9:40 a.m. Eastern Standard Time on October 6, 2014.  (Must be documented.) | | IF NONE, CHECK HERE ○ |
|---|---|---|
| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Number of Call Option Contracts in Which You Had an Open Interest |
| $ | /    / | |
| $ | /    / | |
| $ | /    / | |
| $ | /    / | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS/HOLDINGS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

## PART VI – SCHEDULE OF TRANSACTIONS IN GTAT PUT OPTIONS

Complete this Part VI if and only if you sold (wrote) publicly traded put options on GTAT Common Stock ("GTAT Put Options") during the period from November 5, 2013 through and including 9:40 a.m. Eastern Standard Time on October 6, 2014.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, paragraph 6, above.  Do not include information regarding securities other than GTAT Put Options in this section.

| 1.  HOLDINGS AS OF NOVEMBER 5, 2013 – Separately list all positions in GTAT Put Option contracts in which you had an open interest as of the opening of trading on November 5, 2013.  (Must be documented.) | | IF NONE, CHECK HERE ◯ |
|---|---|---|
| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Number of Put Option Contracts in Which You Had an Open Interest |
| $ | / / | |
| $ | / / | |
| $ | / / | |
| $ | / / | |

**2.  SALES (WRITING) FROM NOVEMBER 5, 2013 THROUGH 9:40 A.M. EASTERN STANDARD TIME ON OCTOBER 6, 2014** – Separately list each and every sale (writing) (including free deliveries) of GTAT Put Option contracts from after the opening of trading on November 5, 2013 through and including 9:40 a.m. Eastern Standard Time on October 6, 2014. (Must be documented.)

| Date of Sale (Writing) (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Number of Put Option Contracts Sold (Written) | Sale Price Per Put Option Contract | Total Sale Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised Insert an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|
| / / | $ | / / | | $ | $ | | / / |
| / / | $ | / / | | $ | $ | | / / |
| / / | $ | / / | | $ | $ | | / / |
| / / | $ | / / | | $ | $ | | / / |

| 3. **PURCHASES/ACQUISITIONS FROM NOVEMBER 5, 2013 THROUGH 9:40 A.M. EASTERN STANDARD TIME ON OCTOBER 6, 2014** – Separately list each and every purchase and acquisition (including free receipts) of GTAT Put Option contacts from after the opening of trading on November 5, 2013 through and including 9:40 a.m. Eastern Standard Time on October 6, 2014. (Must be documented.) | | | | | **IF NONE, CHECK HERE** ◯ |
|---|---|---|---|---|---|
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Number of Put Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Put Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
| /   / | $ | /   / | | $ | $ |
| /   / | $ | /   / | | $ | $ |
| /   / | $ | /   / | | $ | $ |
| /   / | $ | /   / | | $ | $ |

| 4. **HOLDINGS AS OF 9:40 A.M. EASTERN STANDARD TIME ON OCTOBER 6, 2014** – Separately list all positions in GTAT Put Option contracts in which you had an open interest as of 9:40 a.m. Eastern Standard Time on October 6, 2014.  (Must be documented.) | | **IF NONE, CHECK HERE** ◯ |
|---|---|---|
| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Number of Put Option Contracts in Which You Had an Open Interest |
| $ | /   / | |
| $ | /   / | |
| $ | /   / | |
| $ | /   / | |

---

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS/HOLDINGS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

## PART VII - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

**Release of Claims by Individual Defendant Settlement Class Members:**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Individual Defendant Stipulation, upon the Effective Date of the Individual Defendant Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment entered with respect to the Individual Defendant Settlement, shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every Individual Defendant Released Plaintiffs' Claim (as defined in the Individual Defendant Stipulation and the Notice) against the Individual Defendants and the other Individual Defendant Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Individual Defendant Released Plaintiffs' Claims against any of the Individual Defendant Releasees.

**Release of Claims by Underwriter Defendant Settlement Class Members:**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Underwriter Defendant Stipulation, upon the Effective Date of the Underwriter Defendant Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment entered with respect to the Underwriter Defendant Settlement shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every Underwriter Defendant Released Plaintiffs' Claim (as defined in the Underwriter Defendant Stipulation and the Notice) against the Settling Underwriter Defendants and the other Settling Underwriter Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Underwriter Defendant Released Plaintiffs' Claims against any of the Settling Underwriter Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the respective Settlements and the terms of the Plan of Allocation;

2.      that the claimant(s) is a (are) member(s) of one or more of the Settlement Classes, as defined in the Notice, and is (are) not excluded by definition from such Settlement Class(es) as set forth in the Notice;

3.      that the claimant has **not** submitted request(s) for exclusion from the Settlement Class(es) in which he, she or it would otherwise be a member;

4.      that I (we) owned the GTAT Securities identified in the Claim Form and have not assigned the claims with respect to those securities to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      that the claimant(s) has (have) not submitted any other claim covering the same purchases or sales of GTAT Securities and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

8.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

9.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of claimant                                                                              Date

_____

Print claimant name here

_____

Signature of joint claimant, if any                                                         Date

_____

Print joint claimant name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must
be provided:***

_____
Signature of person signing on behalf of claimant                                      Date

_____
Print name of person signing on behalf of claimant here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee,
custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see paragraph 11 on page __
of this Claim Form.)

## **REMINDER CHECKLIST:**

1.  Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2.  Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3.  Do not highlight any portion of the Claim Form or any supporting documents.

4.  Keep copies of the completed Claim Form and documentation for your own records.

5.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-866-562-8790.**

6.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7.  If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@GTATSecuritiesLitigation.com, or by toll-free phone at 1-866-562-8790 or you may visit www.GTATSecuritiesLitigation.com.  DO NOT call GTAT or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2018**, ADDRESSED AS FOLLOWS:

GTAT Securities Litigation
c/o GCG
P.O. Box 10463
Dublin, OH 43017-4063

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2018 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

#1153683

# EXHIBIT 3

Exhibit 3

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ADAM S. LEVY on behalf of himself and all others similarly situated, | No. 1:14-cv-00443-JL |
| Plaintiff, | |
| v. | ECF CASE |
| THOMAS GUTIERREZ, RICHARD J. GAYNOR, RAJA BAL, J. MICHAL CONAWAY, KATHLEEN A. COTE, ERNEST L. GODSHALK, MATTHEW E. MASSENGILL, MARY PETROVICH, ROBERT E. SWITZ, NOEL G. WATSON, THOMAS WROE, JR., MORGAN STANLEY & CO. LLC, GOLDMAN, SACHS & CO., CANACCORD GENUITY INC., AND APPLE, INC., | |
| Defendants. | |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND CERTIFICATION OF SETTLEMENT CLASSES; (II) PROPOSED SETTLEMENTS WITH INDIVIDUAL DEFENDANTS AND UNDERWRITER DEFENDANTS; (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES; AND (IV) SETTLEMENT FAIRNESS HEARING**

**TO:   (a)     All persons and entities who or which from November 5, 2013 through 9:40 a.m. Eastern Standard Time on October 6, 2014, inclusive (the "Class Period") purchased or otherwise acquired publicly traded GT Advanced Technologies Inc. ("GTAT") common stock ("GTAT Common Stock") and/or publicly traded GTAT 3.00% Convertible Senior Notes Due 2020 ("GTAT Senior Notes"), purchased or otherwise acquired publicly traded call options on GTAT common stock ("GTAT Call Options"), and/or sold (wrote) publicly traded put options on GTAT common stock ("GTAT Put Options"), and were damaged thereby (the "Individual Defendant Settlement Class"); and**

**(b)     All persons and entities who, during the Class Period, purchased or otherwise acquired (i) GTAT Senior Notes pursuant or traceable to GTAT's December 2013 registration statement and prospectus supplement for the GTAT Senior Notes' offering and/or (ii) shares of GTAT Common Stock pursuant or traceable to GTAT's December 2013 registration statement and prospectus**

**supplement for the secondary offering of GTAT common stock (the "Underwriter Defendant Settlement Class").**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Hampshire, that the above-captioned action (the "Action") has been certified as a class action for the purposes of settlement only on behalf of the Individual Defendant Settlement Class and the Underwriter Defendant Settlement Class, except for certain persons and entities who are excluded from those Settlement Classes by definition as set forth in the full printed Notice of (I) Pendency of Class Action and Certification of Settlement Classes; (II) Proposed Settlements with Individual Defendants and Underwriter Defendants; (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (IV) Settlement Fairness Hearing (the "Notice").

YOU ARE ALSO NOTIFIED that (i) the Court-appointed Lead Plaintiff Douglas Kurz ("Lead Plaintiff") and additional named plaintiffs Strategic Master Fund (Cayman) Limited ("Strategic Master Fund") and Highmark Limited, in respect of its Segregated Account Highmark Fixed Income 2 ("Highmark Limited")), on behalf of themselves and the Individual Defendant Settlement Class, have reached a proposed settlement of the Action with defendants Thomas Gutierrez, Richard Gaynor, Kanwardev Raja Singh Bal, Hoil Kim, and Daniel W. Squiller, J. Michal Conaway, Kathleen A. Cote, Ernest L. Godshalk, Matthew E. Massengill, Mary Petrovich, Robert E. Switz, Noel G. Watson, and Thomas Wroe, Jr. (collectively, the "Individual Defendants") for $27,000,000 in cash (the "Individual Defendant Settlement"); and (ii) Lead Plaintiff and additional named plaintiffs Strategic Master Fund and Highmark Limited, on behalf of themselves and the Underwriter Settlement Class, have reached a proposed settlement of the Action with defendants Morgan Stanley & Co. LLC, Goldman, Sachs & Co. LLC (f/k/a Goldman, Sachs & Co.), and Canaccord Genuity Inc. (the "Underwriter Defendants") for $9,700,000 in cash (the "Underwriter Defendant Settlement" and, together with the Individual Defendant Settlement, the "Settlements"). These proposed Settlements will be considered independently by the Court and they do not resolve any of the claims asserted against the remaining defendant in the Action, Apple, Inc.

A hearing will be held on _____, 2018 at _:__ _.m., before the Honorable Joseph N. Laplante at the United States District Court for the District of New Hampshire, Courtroom 2, 55 Pleasant Street, Concord, NH 03301-3941, to determine: (i) whether the proposed Individual Defendant Settlement should be approved as fair, reasonable, and adequate; (ii) whether the proposed Underwriter Defendant Settlement should be approved as fair, reasonable, and adequate; (iii) whether the Action should be dismissed with prejudice as against the Individual Defendants and the Releases specified and described in the Stipulation and Agreement of Settlement With Individual Defendants dated January 26, 2018 (and in the Notice) should be granted; (iv) whether the Action should be dismissed with prejudice as against the Underwriter Defendants and the Releases specified and described in the Stipulation and Agreement of Settlement With Settling Underwriter Defendants dated August 18, 2017 (and in the Notice) should be granted; (v) whether the proposed Plan of Allocation for the proceeds of the Settlements is fair and reasonable and should be approved; and (vi) whether Lead Counsel's

application for an award of attorneys' fees and reimbursement of litigation expenses should be approved.

**If you are a member of the Individual Defendant and/or the Underwriter Defendant Settlement Class, your rights will be affected by the proposed Settlement(s) that apply to you and any orders or judgments related to those Settlements, and you may be entitled to share in the Individual Defendant and/or Underwriter Defendant Settlement Funds.** If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at GTAT Securities Litigation, c/o GCG, P.O. Box 10463, Dublin, OH 43017-4063, by toll-free phone at 1-866-562-879, or by email at info@GTATSecuritiesLitigation.com.  Copies of the Notice can also be downloaded from the website maintained by the Claims Administrator, www.GTATSecuritiesLitigation.com.

If you are a member of one or both Settlement Classes, in order to be eligible to receive a payment under the proposed Settlement(s) that apply to you, you must submit a Claim Form ***postmarked no later than _____, 2018***.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement(s) but you will nevertheless be bound by any judgments or orders entered by the Court in the Action related to the Settlement(s) that apply to you.

If you are a member of one or both Settlement Classes and wish to exclude yourself from the Settlement Class(es) that apply to you, you must submit a written request for exclusion such that it is ***received no later than _____, 2018***, in accordance with the instructions set forth in the Notice.  If you are a member of the Individual Defendant Settlement Class and properly exclude yourself from that class, you will not be bound by any judgments or orders entered by the Court in the Action relating to the Individual Defendant Settlement, and you will not be eligible to share in the proceeds of the Individual Defendant Settlement.  If you are a member of the Underwriter Defendant Settlement Class and properly exclude yourself from that class, you will not be bound by any judgments or orders entered by the Court in the Action relating to the Underwriter Defendant Settlement, and you will not be eligible to share in the proceeds of the Underwriter Defendant Settlement.

Any objections to the proposed Individual Defendant Settlement, the proposed Underwriter Defendant Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses must be filed with the Court and delivered to Lead Counsel and, if the objection is to the Individual Defendant Settlement and/or the Underwriter Defendant Settlement, to designated counsel for those Settling Defendants such that they are ***received no later than _____, 2018***, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, GTAT, Defendants, or their counsel regarding this notice.  All questions about this notice, the proposed Settlements, or your eligibility to participate in the Settlements should be directed to the Claims Administrator or Lead Counsel.**

**Requests for the Notice and Claim Form should be made to:**

GTAT Securities Litigation
c/o GCG
P.O. Box 10463
Dublin, OH 43017-4063
1-866-562-8790
info@GTATSecuritiesLitigation.com
www.GTATSecuritiesLitigation.com

**Inquiries, other than requests for the Notice and Claim Form,
should be made to Lead Counsel:**

John C. Browne, Esq.
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
1-800-380-8496
blbg@blbglaw.com

By Order of the Court