UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

---

ADAM S. LEVY on behalf of himself and
all others similarly situated,

Plaintiff,

v.

No. 14-cv-443-JL

THOMAS GUTIERREZ, RICHARD J. GAYNOR,
RAJA BAL, J. MICHAL CONAWAY, KATHLEEN
A. COTE, ERNEST L. GODSHALK, MATTHEW E.
MASSENGILL, MARY PETROVICH, ROBERT E.
SWITZ, NOEL G. WATSON, THOMAS WROE,
JR., MORGAN STANLEY & CO. LLC, GOLDMAN,
SACHS & CO., CANACCORD GENUITY INC.,
AND APPLE, INC.,

Defendants.

---

**ORDER AWARDING ATTORNEYS' FEES
AND REIMBURSEMENT OF LITIGATION EXPENSES**

This matter came on for hearing on June 28, 2018 (the
"Settlement Hearing") on Lead Counsel's motion for an award of
attorneys' fees and reimbursement of litigation expenses.[1]  The
Court has considered all matters submitted to it at the
Settlement Hearing and otherwise.  It appears that notice of the
Settlement Hearing substantially in the form approved by the
Court was mailed to all Settlement Class Members who could be
identified with reasonable effort, and that a summary notice of

---

[1] Doc. no. 185.

the hearing substantially in the form approved by the Court was published in the Wall Street Journal and was transmitted over the PR Newswire pursuant to the specifications of the Court. The Court has considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested.

This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement with Individual Defendants dated January 26, 2018 (the "Individual Defendant Stipulation");[2] the Stipulation and Agreement of Settlement with Settling Underwriter Defendants dated August 18, 2017, and the Supplement thereto dated January 26, 2018 (the "Underwriter Defendant Stipulation," and together with the Individual Defendant Stipulation, the "Stipulations")[3], and the Declaration of John C. Browne in Support of: (I) Lead Plaintiff's Motion for Final Approval of Individual Defendant and Underwriter Defendant Settlements and Plan of Allocation; and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 188) (the "Browne Declaration").[4] All capitalized terms not otherwise defined herein shall have

---

[2] Doc. no. 178-1.

[3] Doc. no. 178-2.

[4] Doc. no. 188.

the same meanings as set forth in the Stipulations or the Brown Declaration.  NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.   The Court has jurisdiction to enter this Order and over the subject matter of the Action, as well as personal jurisdiction over all of the Settling Parties and each of the Settlement Class Members.

2.   Notice of Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Classes of the motion for an award of attorneys' fees and expenses satisfied the requirements of Fed. R. Civ. P. 23, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended (the "PSLRA"), and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

3.   Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 22% of each of the Settlement Funds of the approved Individual Defendant and Underwriter Defendant Settlements and $227,402.76 in reimbursement of litigation expenses (which expenses shall be paid from the Settlement Funds in proportion to the size of the Settlement Funds), which sums

3

the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the claims asserted in the Action against the Settling Defendants.

4.   In making this award of attorneys' fees and reimbursement of litigation expenses to be paid from the Settlement Funds, the Court has considered and found that:

(a)   The approved Settlements have created a total cash recovery of $36,700,000 that has been funded into escrow pursuant to the terms of the Stipulations, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlements that occurred because of the efforts of Plaintiffs' Counsel;

(b)   The fee sought by Lead Counsel has been reviewed and approved as reasonable by the Court-appointed Lead Plaintiff Douglas Kurz and additional Named Plaintiffs Palisade Strategic Master Fund (Cayman) Limited and Highmark Limited, in respect of its Segregated Account Highmark Fixed Income 2, who have oversaw the prosecution and resolution of the claims asserted in the Action against the Settling Defendants on behalf of the Settlement Classes;

(c)   Copies of the Notice were mailed to over 188,800 potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 22% of each Settlement Fund and reimbursement of litigation expenses in an amount not to exceed $450,000, and there were no objections to the requested attorneys' fees and expenses;

(d)   Lead Counsel has conducted the litigation and achieved the Settlements with skill, perseverance, and diligent advocacy;

(e)   The Action raised a number of complex issues;

(f)   Had Lead Counsel not achieved the Settlements there would remain a significant risk that Lead Plaintiff and the other Settlement Class Members may have recovered less or nothing from the Settling Defendants;

(g)   Plaintiffs' Counsel devoted thousands of hours, with a lodestar value of approximately $5,000,000, to achieve the Settlements; and

(h)   The amount of attorneys' fees awarded and litigation expenses to be reimbursed from the Settlement Funds are fair and reasonable and consistent with awards in similar cases.

5.   Named Plaintiff Adam S. Levy is hereby awarded $$227,402.76 from the Settlement Funds (which award shall be paid from the Settlement Funds in proportion to the size of the Settlement Funds) as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Classes.

6.   Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgments.

7.   Exclusive jurisdiction is hereby retained over the Settling Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulations and this Order.

8.   In the event that either of the Settlements is terminated or the Effective Date of either of the Settlements otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulations.

9.   There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  July 27, 2018

cc:  Avi Josefson, Esq.
     Gerald Silk, Esq.
     John C. Browne, Esq.
     Jeffrey C. Spear, Esq.
     Jennifer A. Eber, Esq.
     Christina D. Saler, Esq.
     Mark L. Mallory, Esq.
     Biron L. Bedard, Esq.
     Deborah R. Gross, Esq.
     Charles N. Nauen, Esq.
     Jason R. Crance, Esq.
     Karen H. Riebel, Esq.
     Kate M. Baxter-Kauf, Esq.
     Richard A. Lockridge, Esq.
     Emily E. Renshaw, Esq.
     Jason D. Franks, Esq.
     Jordan D. Hershman, Esq.
     Brian J.S. Cullen, Esq.
     Ian D. Roffman, Esq.
     Joseph Toomey, Esq.
     David A. Katz, Esq.
     Kevin Schwartz, Esq.
     Brenda E. Keith, Esq.
     Richard A. Rosen, Esq.
     Edmund J. Boutin, Esq.
     Matthew Rawlinson, Esq.
     Miles N. Ruthberg, Esq.
     Brian T. Glennon, Esq.
     Jason C. Hegt, Esq.
     Nathan Reed Fennessy, Esq.
     Sarah E. Diamond, Esq.
     Gregory L. Demers, Esq.
     R. Daniel O'Connor, Esq.
     Randall W. Bodner, Esq.
     Gary E. Cantor, Esq.
     Glen L. Abramson, Esq.
     Sherrie R. Savett, Esq.
     John E. Lyons, Jr., Esq.

Danielle S. Myers, Esq.
Robert M. Rothman, Esq.
Samuel H. Rudman, Esq.
Jake Nachmani, Esq.
Lauren Amy Ormsbee, Esq.
Ross Shikowitz, Esq.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge