**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| ADAM S. LEVY on behalf of himself and all others similarly situated, | No. 1:14-cv-00443-JL |
| Plaintiff, | |
| v. | ECF CASE |
| THOMAS GUTIERREZ, RICHARD J. GAYNOR, RAJA BAL, J. MICHAL CONAWAY, KATHLEEN A. COTE, ERNEST L. GODSHALK, MATTHEW E. MASSENGILL, MARY PETROVICH, ROBERT E. SWITZ, NOEL G. WATSON, THOMAS WROE, JR., MORGAN STANLEY & CO. LLC, GOLDMAN, SACHS & CO., CANACCORD GENUITY INC., AND APPLE INC., | |
| Defendants. | |

**ORDER PRELIMINARILY APPROVING**
**SETTLEMENT WITH DEFENDANT APPLE INC. AND PROVIDING FOR NOTICE**

WHEREAS, a consolidated class action is pending in this Court entitled *Levy* v. *Gutierrez, et al.*, Case No. 1:14-cv-00443-JL (the "Action");

WHEREAS, (a) lead plaintiff Douglas Kurz ("Lead Plaintiff") and plaintiff Palisade Strategic Master Fund (Cayman) Limited (the "Securities Act Plaintiff" and, collectively with Lead Plaintiff, the "Class Representatives"), on behalf of themselves and the class certified by the Court in its Memorandum Order dated September 30, 2019 (ECF No. 245) (the "Apple Class" or "Class," as defined below); and (b) defendant Apple Inc. ("Apple" and together with the Class Representatives, the "Settling Parties"), have determined to settle all claims asserted

against Apple in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement With Defendant Apple Inc. dated January 10, 2020 (the "Apple Stipulation") (ECF No. 252-1), subject to approval of this Court (the "Apple Settlement").

WHEREAS, the Class Representatives have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Apple Settlement in accordance with the Apple Stipulation and allowing notice to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) the Class Representatives' motion for preliminary approval of the Apple Settlement and authorization to send notice of the Apple Settlement to the Apple Class, and the papers filed and arguments made in connection therewith; and (b) the Apple Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Apple Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **The Certified Class** – The "Apple Class" or "Class" means the class certified in the Court's Memorandum Order dated September 30, 2019 (ECF No. 245), consisting of all persons and entities who or which from November 5, 2013 through 9:40 a.m. Eastern Standard Time on October 6, 2014, inclusive (the "Class Period") purchased or otherwise acquired publicly traded GTAT common stock ("GTAT Common Stock") and/or publicly traded GTAT 3.00% Convertible Senior Notes Due 2020 ("GTAT Senior Notes"), purchased or otherwise acquired publicly traded call options on GTAT Common Stock ("GTAT Call Options"), or sold (wrote) publicly traded publicly traded put options on GTAT Common Stock ("GTAT Put

Options"), and were damaged thereby (the "Apple Class" or "Class").  Excluded from the Apple Class are Defendants; GTAT; the affiliates and subsidiaries of the Underwriter Defendants, GTAT, and Apple; the Officers, directors, and partners of the Underwriter Defendants, GTAT, and Apple during the Class Period; members of the Immediate Family of any excluded person; the heirs, successors, and assigns of any excluded person or entity; and any entity in which any excluded person or entity has or had during the Class Period a controlling interest; *provided, however*, that any Investment Vehicle shall not be deemed an excluded person or entity by definition.  Also excluded from the Apple Class are any persons and entities who or which exclude themselves from the Apple Class by submitting a request for exclusion from the Apple Class that is accepted by the Court.

2.   **Preliminary Approval of the Apple Settlement** – The Court hereby preliminarily approves the Apple Settlement, as embodied in the Apple Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Apple Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Apple Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

3.   **Settlement Hearing** – The Court will hold a hearing (the "Settlement Hearing") on **Monday June 15, 2020 at 10:00 a.m.** in Courtroom 2 of the United States District Court for the District of New Hampshire, 55 Pleasant Street, Concord, NH 03301, for the following purposes: (a) to determine whether the proposed Apple Settlement on the terms and conditions provided for in the Apple Stipulation is fair, reasonable, and adequate to the Apple Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Apple Stipulation should be entered dismissing the Action

with prejudice against Apple; (c) to determine whether the motion by Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses in connection with the Apple Settlement should be approved; and (d) to consider any other matters that may properly be brought before the Court in connection with the Apple Settlement.  Notice of the Apple Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 5 of this Order.

4.    The Court may adjourn the Settlement Hearing without further notice to the Apple Class, and may approve the proposed Apple Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Apple Class.  The Court further reserves the right to enter the Judgment approving the Apple Settlement and dismissing the Complaint on the merits and with prejudice as against Apple regardless of whether it has awarded attorneys' fees and expenses.

5.    **Retention of Claims Administrator and Manner of Giving Notice** – Epiq Systems ("Epiq" or the "Claims Administrator") is the successor to Garden City Group, LLC, which the Court previously authorized Class Counsel to retain to supervise and administer the notice procedure in connection with the Earlier Settlements and any other settlement or recovery achieved in this Action and to process Claims received in the Action.  As Claims Administrator, Epiq shall supervise and administer the notice procedure in connection with the proposed Apple Settlement and the processing of Claims related to the Apple Settlement, as more fully set forth below.  Notice of the Apple Settlement and the Settlement Hearing shall be given by Class Counsel as follows:

(a)    not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice of

(I) Certification of Class; (II) Proposed Settlement With Apple Inc.; (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (IV) Settlement Fairness Hearing, substantially in the form attached hereto as Exhibit 1 (the "Settlement Notice"), to be mailed by first-class mail or emailed to potential Class Members who or which may be identified through reasonable effort, including, but not limited to, from the names and addresses of Class Members previously obtained through the dissemination of notice of the Earlier Settlements and the Claims received in the Action to date, and through the nominee procedures set forth below;

(b)     contemporaneously with the mailing of the Settlement Notice, the Claims Administrator shall cause a copy of the Settlement Notice to be posted on the website maintained by the Claims Administrator for the Action, www.gtatsecuritieslitigation.com.  Copies of the previously approved Plan of Allocation, which shall also apply to the Apple Net Settlement Fund, and the previously approved Proof of Claim Form, which were disseminated in connection with the Earlier Settlements, will also be available to Class Members on the website.[1]  The Proof of Claim Form will be updated to include the revised postmark deadline as provided in paragraph 9 below;

(c)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice of (I) Certification of Class; (II) Proposed Settlement With Apple Inc.; (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (IV) Settlement Fairness Hearing, substantially in the form attached hereto as Exhibit 2 (the "Summary Settlement Notice"), to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

---

[1]   All members of the Apple Class are also members of the Individual Defendant Settlement Class certified in connection with the Earlier Settlements.  Thus, the Plan of Allocation and the Proof of Claim Form were mailed to all such persons and entities identified in connection with the Earlier Settlements.

(d)      not later than seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall serve on Apple's Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

6.      **Approval of Form and Content of Notice** – The Court:  (a) approves, as to form and content, the Settlement Notice and the Summary Settlement Notice (ECF no. 252, Exh. A-1 and A-2, respectively); and (b) finds that the mailing and distribution of the Settlement Notice and the publication of the Summary Settlement Notice in the manner and form set forth in paragraph 5 of this Order:   (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the certification of the Apple Class, of the effect of the proposed Apple Settlement (including the Releases to be provided thereunder), of Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses in connection with the Apple Settlement, of their right to object to the Apple Settlement and/or Class Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Apple Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Apple Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Settlement Notice and Summary Settlement Notice before they are mailed and published, respectively.

7.    **Nominee Procedures** – In connection with the previously disseminated notice concerning the Earlier Settlements that was mailed beginning in March 2018 (the "March 2018 Settlement Notice"), brokers and other nominees ("Nominees") were advised that if, during the Class Period, they purchased or otherwise acquired GTAT Common Stock and/or GTAT Senior Notes, purchased or otherwise acquired GTAT Call Options, or sold (wrote) publicly traded GTAT Put Options, for the beneficial interest of persons or organizations other than themselves, they must either:  (a) request from the Claims Administrator sufficient copies of the March 2018 Settlement Notice to forward to all such beneficial owners and, following receipt of those notices, forward them to all such beneficial owners; or (b) provide a list of the names and addresses of all such beneficial owners to the Claims Administrator.

(a)    For Nominees who chose the first option (*i.e.*, elected to mail notices directly to beneficial owners), the Claims Administrator shall forward the same number of copies of the Settlement Notice to such Nominees, and the Nominees shall, within fourteen (14) calendar days of receipt of the Settlement Notices, forward the Settlement Notices to the beneficial owners.

(b)    For Nominees who chose the second option (*i.e.*, provided a list of names and addresses of beneficial holders to the Claims Administrator), the Claims Administrator shall mail a copy of the Settlement Notice to such beneficial owners.  Unless the Nominee purchased or otherwise acquired GTAT Common Stock and/or GTAT Senior Notes, purchased or otherwise acquired GTAT Call Options, or sold (wrote) publicly traded GTAT Put Options, during the Class Period for beneficial owners whose names and mailing addresses were not previously provided to the Claims Administrator, such Nominees need not take any further action.

(c)    For Nominees who purchased or otherwise acquired GTAT Common Stock and/or GTAT Senior Notes, purchased or otherwise acquired GTAT Call Options, or sold (wrote) publicly traded GTAT Put Options, during the Class Period for beneficial owners whose names and mailing addresses were not previously provided to the Claims Administrator, or if a Nominee is aware of name or address changes for beneficial owners whose names and addresses were previously provided to the Claims Administrator, such Nominees shall within fourteen (14) calendar days of receipt of the Settlement Notice, provide a list of the names, mailing addresses, and, if available, email addresses of all such beneficial owners to the Claims Administrator, or shall request from the Claims Administrator sufficient copies of the Settlement Notice to forward to all such beneficial owners which the Nominee shall, within fourteen (14) calendar days of receipt of the Settlement Notices, send to the beneficial owners.

(d)    Upon full compliance with this Order, Nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.   Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Apple Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

8.    **CAFA Notice** – As provided in the Apple Stipulation, Apple shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Apple Stipulation with the Court.   Apple is solely responsible for the costs of the CAFA notice and administering the CAFA notice.   No later than seven (7) calendar days before the Settlement Hearing, Apple shall cause to be served

on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

9.      **Participation in the Apple Settlement** –

(a)      Plan of Allocation:  The Plan of Allocation approved by the Court in its Order Approving Plan of Allocation of Net Settlement Funds dated July 27, 2018 (ECF No. 191) shall be utilized for determining the allocation of the Apple Net Settlement Fund to Class Members.  The Claims of Apple Class Members will be calculated under the Court-approved Plan of Allocation in the same manner that the Claims of members of the Individual Defendant Settlement Class are calculated under the Plan of Allocation.

(b)      Proof of Claim Form:

(i)      Class Members who submitted a valid Claim in connection with the Earlier Settlements should not submit another Claim Form as all transaction information regarding GTAT Securities during the Class Period was required to be included in the Claim Form in connection with the Earlier Settlements and that information will be used for purposes of calculating each eligible Class Member's proportional share of the Apple Net Settlement Fund.

(ii)      Class Members who wish to participate in the Apple Settlement and to be eligible to receive a distribution from the Apple Net Settlement Fund who did not previously submit a valid Claim to the Claims Administrator, must complete a Claim Form in accordance with the instructions contained therein.

(iii)      If the Court approves the Apple Settlement, the release signed by or on behalf of Class Members on page 14 of the Proof of Claim Form shall be deemed to include, and by operation of law and of the Judgment to be entered approving the Apple

Settlement shall include, a release of all Apple Released Plaintiffs' Claims against the Apple Releasees.

(iv)     Unless the Court orders otherwise, all Claim Forms submitted in connection with the Apple Settlement must be postmarked no later than ninety (90) calendar days after the Notice Date.  Notwithstanding the foregoing, Class Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Apple Net Settlement Fund to Authorized Claimants.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to their Claim and the subject matter of the Apple Settlement.

10.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Class Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Class Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

11.     Any Class Member who or which does not timely and validly submit a Claim or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived their right to share in the Apple Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of Apple Stipulation and Apple Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment entered with respect to the Apple Settlement and the Releases provided for therein, whether favorable or unfavorable to the Apple Class; and (d) shall be forever barred from commencing, maintaining, or prosecuting any of the Apple Released Plaintiffs' Claims against each and all of the Apple Releasees, as more fully described in the Apple Stipulation and the Settlement Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 9 above.

12.     **Exclusion From the Apple Class** – Any putative Class Member who or which wishes to exclude himself, herself, or itself from the Apple Class must request exclusion in writing within the time and in the manner set forth in the Settlement Notice, which shall provide that: (a) any such request for exclusion from the Apple Class must be mailed or delivered, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: GTAT Securities Litigation, APPLE SETTLEMENT EXCLUSIONS, c/o Claims Administrator, P.O. Box 10463, Dublin, OH 43017-4063; and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Apple Class in *Levy* v. *Gutierrez, et al.*, Case No. 1:14-cv-00443-JL (GTAT Securities Litigation)"; (iii) state the amount of each GTAT Security (in terms of number of shares of GTAT Common Stock, GTAT Call Options, GTAT

Put Options, and/or face value of GTAT Senior Notes) that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period (*i.e.*, from November 5, 2013 through 9:40 a.m. Eastern Standard Time on October 6, 2014, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

13.     Any person or entity who or which timely and validly requests exclusion from the Apple Class in compliance with the terms stated in this Order and is excluded from the Apple Class shall not be a member of the Apple Class, shall not be bound by the terms of the Apple Settlement or any orders or judgments in the Action relating to the Apple Settlement, and shall not receive any payment out of the Apple Net Settlement Fund.

14.     Any Class Member who or which does not timely and validly request exclusion from the Apple Class in the manner stated in this Order: (a) shall be deemed to have waived their right to be excluded from the Apple Class; (b) shall be forever barred from requesting exclusion from the Apple Class in this or any other proceeding; (c) shall be bound by the provisions of the Apple Stipulation, the Apple Settlement, and all proceedings, determinations, orders, and judgments in the Action relating to the Apple Settlement, including, but not limited to, the Judgment entered with respect to the Apple Settlement and the Releases provided for therein whether favorable or unfavorable to the Apple Class; and (d) shall be barred from commencing, maintaining, or prosecuting any of the Apple Released Plaintiffs' Claims against each and all of the Apple Releasees, as more fully described in the Apple Stipulation and the Settlement Notice.

15.    **<u>Appearance and Objections at Settlement Hearing</u>** – Any Class Member who or which does not request exclusion from the Apple Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Class Counsel and Apple's Counsel, at the addresses set forth in paragraph 16 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Class Member who or which does not enter an appearance will be represented by Class Counsel.

16.    Any Class Member who or which does not request exclusion from the Apple Class may file a written objection to the proposed Apple Settlement and/or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses in connection with the Apple Settlement and show cause, if he, she, or it has any cause, why the proposed Apple Settlement and/or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Apple Settlement and/or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, unless that person or entity has filed a written objection with the Court and served copies of such objection on Class Counsel and Apple's Counsel, at the addresses set forth below, such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Class Counsel** | **Apple's Counsel** |
|:---:|:---:|
| Bernstein Litowitz Berger & Grossmann LLP | Latham & Watkins LLP |
| Lauren A. Ormsbee, Esq. | Jason C. Hegt, Esq. |
| 1251 Avenue of the Americas | 885 Third Avenue |
| New York, NY 10020 | New York, NY 10022 |

17.     Any objections, filings, and other submissions by the objecting Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (c) must include documents sufficient to prove membership in the Apple Class, including the amount of each GTAT Security (in terms of number of shares of GTAT Common Stock, GTAT Call Options, GTAT Put Options, and/or face value of GTAT Senior Notes) that the objecting Class Member purchased/acquired and/or sold during the Class Period (*i.e.*, from November 5, 2013 through 9:40 a.m. Eastern Standard Time on October 6, 2014, inclusive), as well as the dates and prices of each such purchase/acquisition and sale.  Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

18.     Any Class Member who or which does not make their objection in the manner provided herein shall be deemed to have waived their right to object to any aspect of the proposed Apple Settlement and/or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the proposed Apple Settlement and/or the

requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the proposed Apple Settlement and/or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

19.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action between the Settling Parties other than proceedings necessary to carry out or enforce the terms and conditions of the Apple Stipulation.  Pending final determination of whether the Apple Settlement should be approved, the Court hereby bars and enjoins the Class Representatives, and all other members of the Apple Class, from commencing, maintaining, or prosecuting any and all of the Apple Released Plaintiffs' Claims against each and all of the Apple Releasees.

20.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and notifying them of the Apple Settlement as well as in administering the Apple Settlement shall be paid as set forth in the Apple Stipulation without further order of the Court.

21.     **Apple Settlement Fund** – The contents of the Apple Settlement Fund held by Valley National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Apple Stipulation and/or further order(s) of the Court.  No person other than Class Members and Plaintiffs' counsel shall have any right to any portion of or distribution of the Apple Settlement Fund and no person other than Class Members and counsel for Plaintiffs shall have any right to any portion of or distribution of the Apple Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Apple Stipulation.

22.     **Taxes** – Class Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Apple Settlement Fund, to pay from the Apple Settlement Fund any Taxes owed with respect to the Apple Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Apple Stipulation.

23.     **Termination of Apple Settlement** – If the Apple Settlement is terminated pursuant to the terms of the Apple Stipulation or is not approved, or the Effective Date otherwise fails to occur as to the Apple Settlement, this Order shall become null and void, and shall be without prejudice to the rights of the Class Representatives, the other Class Members, and Apple, and the Settling Parties shall revert to their respective positions in the Action as of immediately prior to the execution of the Apple Stipulation on January 10, 2020, as provided for in the Apple Stipulation.

24.     **Use of this Order** – Neither this Order, the Apple Stipulation (whether or not consummated), including the exhibits thereto, the negotiations leading to the execution of the Apple Stipulation, nor any proceedings taken pursuant to or in connection with the Apple Stipulation, and/or approval of the Apple Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Apple Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Apple Releasees with respect to the truth of any fact alleged by the Class Representatives or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Apple Releasees or in

any way referred to for any other reason as against any of the Apple Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Apple Stipulation; (b) shall be offered against any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Plaintiff Releasees that any of their claims are without merit, that any of the Apple Releasees had meritorious defenses, or that damages recoverable in the Action would not have exceeded the Apple Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Apple Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Apple Stipulation is approved by the Court, the Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Apple Settlement.

25.     **Supporting Papers** – Class Counsel shall file and serve the opening papers in support of the proposed Apple Settlement and Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

26.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Apple Settlement.

SO ORDERED this 3rd day of March, 2020.

_____
Joseph N. Laplante
United States District Judge